1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

STEVE BADUE,                          )
                                      )
            Petitioner,               )      No C 07-4612 VRW (PR)
                                      )
      vs.                             )      ORDER REQUESTING
                                      )      MOTION TO DISMISS OR
R WATKINS, Parole Agent, et al,       )      NOTICE THAT MOTION IS
                                      )      UNWARRANTED
            Respondent(s).            )
_____   )

18          Petitioner was convicted of failure to register as a sex offender after a

19    court trial in Santa Clara County superior court.  The trial court also found that

20    petitioner had suffered a prior prison term and, on March 6, 2003, sentenced him

21    to the middle term of two years in state prison.

22          On April 19, 2004, the California Court of Appeal affirmed the judgment

23    of the trial court.  Petitioner did not seek review in the Supreme Court of

24    California.

25          On July 23, 2007, petitioner filed a petition for a writ of habeas corpus in

26    the Supreme Court of California.  It was denied on August 15, 2007.

27          On September 6, 2007, petitioner filed the instant petition for a writ of

28    habeas corpus under 28 USC § 2254.  Petitioner is currently on parole.

# DISCUSSION

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 USC § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id § 2243. It also may order respondent to file another pleading where neither summary dismissal nor service is appropriate. See Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996 and imposed for the first time a statute of limitation on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 USC § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. Id § 2244(d)(2).

/

A state prisoner with a conviction finalized after April 24, 1996, such as petitioner, ordinarily must file his federal habeas petition within one year of the date his process of direct review came to an end. See Calderon v United States District Court (Beeler), 128 F3d 1283, 1286 (9th Cir 1997), overruled in part on other grounds by Calderon v United States District Court (Kelly), 163 F3d 530 (9th Cir 1998) (en banc). Here, because petitioner did not seek review from the Supreme Court of California after the California Court of Appeal affirmed the judgment of the trial court on April 19, 2004, petitioner's process of direct review came to an end on May 29, 2004, when the time allotted for seeking review from the state high court expired. The one-year limitation period accordingly began running against petitioner the next day, May 30, 2004. See Smith v Duncan, 297 F3d 809, 812-13 (9th Cir 2002) (limitation period began running day after time to seek discretionary review of California Court of Appeal's decision in the Supreme Court of California expired, which was 40 days after the Court of Appeal filed its opinion) (citing Cal Rules of Court 24(a), 28(b), 45(a); Cal Civ Proc Code § 12a). The instant petition was not filed until September 6, 2007, however. And although petitioner sought state collateral relief which may toll the one-year time limit under § 2244(d)(2), it appears that he did not begin doing so until well after the limitation period expired on May 30, 2004. This apparent untimeliness problem should be addressed before the court reaches the merits of the claims raised in the petition. If the petition is time-barred, the litigants and court need not expend resources addressing the claims in the petition. Accordingly, pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254, respondent shall either (1) move to dismiss the petition on the ground that it is untimely, or (2) inform the court that respondent is of the opinion that a motion to dismiss is unwarranted in this case.

3

**CONCLUSION**

Good cause appearing therefor,

1    The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California.  The clerk also shall serve a copy of this order on petitioner.

2.    Respondent shall file with the court and serve upon petitioner, within 60 days of the issuance of this order, a motion to dismiss the petition as untimely or a notice that respondent is of the opinion that a motion to dismiss is unwarranted.

3.    If petitioner wishes to oppose the motion to dismiss, he shall do so by filing an opposition with the court and serving it upon respondent within 30 days of his receipt of the motion to dismiss.

4.    Respondent may file and serve a reply within 15 days of receipt of petitioner's opposition.

5.    The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court determines at a latter date that a hearing is required.  If respondent notifies the court that a motion to dismiss is unwarranted or the motion is denied, the court will then determine whether to require an answer to the petition.

SO ORDERED.

_____
VAUGHN R WALKER
United States District Chief Judge

G:\PRO-SE\VRW\HC.07\Badue, S2.or1.wpd

4