1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  GERALD A. ENGLER
   Senior Assistant Attorney General
4  PEGGY S. RUFFRA
   Supervising Deputy Attorney General
5  MICHAEL D. O'REILLEY, State Bar No. 72144
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
7   Telephone:  (415) 703-5965
    Fax:  (415) 703-1234
8   Email: michael.oreilley@doj.ca.gov

9  Attorneys for Respondent

10              IN THE UNITED STATES DISTRICT COURT

11            FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                    SAN FRANCISCO DIVISION

13 | **STEVE KENT BADUE,** | C 07-4612 VRW (PR)
14 | Petitioner, |
15 | v. |
16 | **R. WATKINS,  PAROLE AGENT,** |
17 | Respondent. |

19           **MOTION TO DISMISS PETITION AS UNTIMELY**

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  GERALD A. ENGLER
   Senior Assistant Attorney General
4  PEGGY S. RUFFRA
   Supervising Deputy Attorney General
5  MICHAEL D. O'REILLEY, State Bar No. 72144
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
7   Telephone:  (415) 703-5965
    Fax:  (415) 703-1234
8   Email:  michael.oreilley@doj.ca.gov

9  Attorneys for Respondent

10                  IN THE UNITED STATES DISTRICT COURT

11                FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                        SAN FRANCISCO DIVISION

| | |
|---|---|
| **STEVE KENT BADUE,** | C 07-4612 VRW (PR) |
| Petitioner, | **MOTION TO DISMISS PETITION AS UNTIMELY** |
| v. | |
| **R. WATKINS, PAROLE AGENT,** | |
| Respondent. | |

## INTRODUCTION

Respondent hereby moves to dismiss the petition for writ of habeas corpus for failure to comply with the statute of limitations established by the Anti-terrorism and Effective Death Penalty Act of 1996 (AEDPA) as provided in 28 U.S.C. § 2244(d).

A motion to dismiss in lieu of an answer on the merits is proper when a petition is procedurally defective. *See White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989); *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990); Rules Governing 28 U.S.C. § 2254 Cases, Rule 4, and Advisory Committee Notes, *see also Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) (motion to dismiss proper if time bar is clear from face of complaint).

## STATEMENT OF THE CASE

By information filed on October 10, 2002, the Santa Clara County District Attorney charged petitioner with failing to update his sex offender registration within five days of his birthday. Cal. Pen. Code § 290(g)(2)[1]; count 1, and having suffered a prior prison term as a one year sentence enhancement. § 667.5, subd. (b). Exhibit 1 at 20-23.

On February 3, 2003, petitioner waived his right to a jury trial. Exhibit 1 at 60. Trial before the court took place on February 5, 2003. The court found petitioner guilty as charged and found the enhancement allegation true. Exhibit 1 at 62-65.

On March 6, 2003, the court denied probation and sentenced petitioner to a state prison term of two years. In the interest of justice, the court struck the prison prior. Exhibit 1 at 90-91.

On August 13, 2003, petitioner filed an opening brief in the California Court of Appeal for the Sixth District. Exhibit 2.

On October 24, 2003, respondent filed a brief in opposition. Exhibit 3.

On December 3, 2003, petitioner field a reply brief. Exhibit 4.

On April 14, 2004, the Court of Appeal issued a decision affirming the judgment in its entirety. Exhibit 5.

On July 23, 2007, petitioner filed a petition for writ of habeas corpus in the California Supreme Court (S154680). The petition was denied on August 15, 2007 with the notation "(See *People v. Duvall* (1995) 9 Cal.4th 464, 474; *In re Swain* (1949) 34 Cal.2d 300304.)" Exhibit 6. The citations refer to previous holdings that a petition for habeas corpus is deemed insufficient if it fails to explain unreasonable delay in filing or consists of vague, ambiguous, or conclusory allegations.[2]

---

1. All further statutory references are to the California Penal Code unless otherwise indicated.

2. Petitioner has filed five habeas petitions with the California Court of Appeal for the Sixth District but none since his conviction in this case, *i.e.*, H020587 filed 10-13-99, H020620 filed 10-20-99, H020894 filed 12-15-99, H021159 filed 2-23-00, and H021280 filed 3-27-00. All were denied. In addition, petitioner filed 16 habeas petitions with the California Supreme Court before his conviction in this case, *i.e.* S067532 filed 1-26-98, S083615 filed 11-3-99, S083389 filed 11-4-99, S087075 filed 3-38-00, S088048 filed 5-1-00, S088098 filed 5-5-00, S088410 filed 5-19-00,

1    Petitioner filed his habeas petition with this court on January 16, 2008. We explain below
2 why the petition fails to comply with the deadline provided by 28 U.S.C. § 2244(d)(1)(A), and
3 therefore must be dismissed.

**ARGUMENT**

**THE PETITION IS UNTIMELY**

Because petitioner filed his habeas petition with this Court on January 16, 2008, his case is governed by the provisions of AEDPA. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Before passage of AEDPA, state prisoners virtually had unfettered discretion regarding when to initiate a federal habeas action. Under AEDPA, a one-year statute of limitations was imposed. 28 U.S.C. § 2244(d)(1)(A). The one year limitation begins to run for state prisoners from the date upon which the judgment becomes final. 28 U.S.C. § 2244(d)(1). AEDPA provides for tolling of this one-year limitations period for the "time during which a properly filed application for State post-conviction or other collateral review . . . is pending." § 2244(d)(2). AEDPA's one-year statute of limitations period is constitutional. *Green v. White*, 223 F.3d 1001 (9th Cir. 2000).

Here, petitioner's conviction became final on January 31, 2004, 40 days after the Court of Appeal's decision affirming the judgment was filed and the time to file a petition for review in the California Supreme Court expired. *See* California Rules of Court, rules 8.264, 8.500(e)(1); 28 U.S.C. § 2244(d)(1). During the time between January 31, 2004 and January 31, 2005, petitioner had no "properly filed application for state post-conviction or other collateral review" pending. Therefore, the final day for petitioner to have filed a petition seeking federal habeas corpus relief was January 31, 2005.

Petitioner filed a petition in state court on July 23, 2007, approximately two-and-one-half-years (934 days) beyond the deadline. That filing did not revive the statute of limitations (*Jimenez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001)) which means no time was tolled the during the one year limitations period provided by § 2244(d)(1)(A).

---

S088753 filed 5-30-00, S089262 filed 6-20-00, S089996 filed 7-19-00, S090543 filed 8-7-00, S090648 filed 8-10-00, S091861 filed 9-29-00, S094320 filed 1-11-01, S096217 filed 3-23-01, and S113449 filed 2-11-03. All were denied.

Motion Dismiss Petition As Untimely - *Badue v. Watkins* - C 07-4612 VRW (PR)

3

1     Accordingly, the federal petition was three years late. Untimely petitions are barred from federal court review. 28 U.S.C. § 2244(d).

## CONCLUSION

The instant petition for writ of habeas corpus should be dismissed with prejudice as untimely under the AEDPA statute of limitations.

Dated: March 3, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GERALD A. ENGLER
Senior Assistant Attorney General

PEGGY S. RUFFRA
Supervising Deputy Attorney General

/s/ Michael D. O'Reilley

MICHAEL D. O'REILLEY
Deputy Attorney General

Attorneys for Respondent

40223660.wpd
SF2007401757

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:  **Badue v. R. Watkins**
No.:  **C 07-4612 VRW (PR)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On <u>March 3, 2008</u>, I served the attached **MOTION TO DISMISS PETITION AS UNTIMELY** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA  94102-7004, addressed as follows:

Steve Kent Badue
P70520
4964 Mack Road, #314
Sacramento, CA  95823

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on March 3, 2008, at San Francisco, California.

|  Nelly Guerrero  |  /s/  Nelly Guerrero  |
| :---: | :---: |
| Declarant | Signature |

40224689.wpd