In order to prove such a crime, each of the following elements must be proved:

1. The Defendant is a person who having been previously convicted of _____, in violation of Penal Code section ____, is required to register as a sexual offender pursuant to Penal Code section 290; and

2. The defendant is a person who has previously been convicted of violating Penal Code section 290, Failing to Register as a Sex Offender

3. Such person willfully failed within 5 working days of his birthday, to update his registration with the chief of police of the city in which he temporarily resided or was located, San Jose;

4. Such person had actual knowledge of his duty to register as a sexual offender on his birthday.

If you find that the Defendant was previously convicted of Indecent Exposure in violation of Penal Code section 314, you must accept, as a matter of law, that the Defendant is required to register pursuant to Penal Code section 290. No further proof of this fact is required. You must accept as true, the existence of this fact.

## CONCLUSION

The People request the Court to admit and prohibit the above mentioned evidence and arguments.

Respectfully submitted,

GEORGE KENNEDY
DISTRICT ATTORNEY

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DATED: FEBRUARY 3, 2003

STEVEN I. DICK
Deputy District Attorney

ge W. Kennedy
District Attorney
nty of Santa Clara
ose, California 95110
5441 REV 1/91

**52**

LAW OFFICES OF THE PUBLIC DEFENDER
JOSE R. VILLARREAL, #96091
RANDY I. DANTO, # 88206
County of Santa Clara
120 W. Mission St
San Jose, California  95110
Telephone: 408-299-7761

Attorneys for Defendant

F I L E D

FEB 03 2003

KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of CA County of Santa Clara
BY ──── JOSE OLIVAREZ ──── DEPUTY

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CLARA

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA, | No. CC241061 |
| Plaintiff, | MOTIONS IN LIMINE |
| -vs- | |
| STEVE BADUE, | |
| Defendant. | |

## I.    ADVANCE RULINGS PERMITTED

Counsel may, through a motion in limine, seek an advance court ruling excluding certain evidence and a ruling forbidding any mention of or reference to certain evidence. *(Charbonneau v. Superior Court* (1974) 42 Cal.App.3d 505-507.)

## II.    SUBJECT MATTER

The subject matter of the motion in limine may relate to any matter which the court has the authority to exclude under the Evidence Code. (*Hrnjak v. Gaymar* (1971) 4 Cal.3d 725; *C.E.B. California Civil Procedure During Trial*, section 6.47.)  This motion may also be used to require the opponent to establish foundational facts in advance for admissibility. (*Hyatt v. Sierra Boat*

1

MOTIONS IN LIMINE

1    *Company* (1978) 79 Cal.App.3d 325.)

2    **III.   DISCOVERY REQUEST**

3        The defense requests the following discovery pursuant to the agreement between counsel:

4        1)    A stipulation of compliance with the standing discovery agreement between the

5    District Attorney and the Public Defender Offices;

6        2)    A witness list;

7        3)    Disclosure of all potentially exculpatory evidence favorable to the defendant,

8    regardless of whether it relates directly to the issue of guilt, innocence or matters relevant to

9    punishment. *(People v. Rutherford* (1975) 14 Cal.3d 399);

10        4)    Disclosure of evidence relating to the witnesses to be called by the prosecution,

11    which relates to their credibility, veracity or character. (*Ibid.*);

12        5)    Review of all physical evidence;

13        6)    Disclosure of any evidence of acts of misconduct committed by the defendant other

14    than those which are mentioned in the Information, which the prosecutor intends to offer into

15    evidence.

16    **IV.   EVIDENCE TO BE EXCLUDED PURSUANT TO EVIDENCE CODE §352**

17        Evidence code section 352 states:

18        The court in its discretion may exclude evidence if its probative value is
19        substantially outweighed by the probability that its admission will (a) necessitate
        undue consumption of time or (b) create substantial danger of undue prejudice, of
20        confusing the issues, or of misleading the jury.

21        The defense anticipates the prosecution will seek to admit evidence of Defendant's prior

22    290 conviction. Defendant has the right to admit that he suffered a prior conviction, thereby taking

23    it away from the jury's consideration.   Therefore the defendant respectfully requests the court

24    exercise its power under Evidence code section 352 and exclude any mention of this evidence.

25    **V.   MOTION TO EXCLUDE REFERENCE TO ANY PRIOR CONVICTION WHICH
26         THE DEFENDANT HAS SUFFERED.**

27        If the defendant should testify, his prior conviction should be excluded under Evidence

28

2

1  Code section 352, and the *Beagle/Castro/Collins* line of cases. The relevant inquiry for the court

2  requires analysis of the following questions: (1) Does the prior conviction evidence a lack of

3  truthfulness or dishonesty? (2) Is it remote in time? (3) Is it so similar that the jury will judge the

4  defendant on the basis of that crime and not the one currently before it? (4) Would it prevent the

5  defendant from testifying and thus inhibit the court's search for the truth?

6       The prior conviction(s) should be excluded in this case because Prior 290 conviction is not

7  admissible for impeachment.

8       If the court allows the prior convictions(s) to be admitted, then the defense requests that the

9  court sanitize them by prohibiting the prosecution from admitting the facts underlying the charge

10 itself.

11 **VI.   DEFENSE REQUESTS BIFURCATION OF ANY PRIOR CONVICTION
         ALLEGED IN THE INFORMATION**
12

13      The defense requests that the prior conviction(s) alleged in the Information be bifurcated

14 and tried after the charged offense. *(People v. Bouzas* (1991) 53 Cal.3d 467, 470-480; *People v.*

15 *Ancira* (1985) 164 Cal.App.3d 378; *People v. Bracamonte* (1981) 119 Cal.App.3d 664, 654,

16 disapproved in *People v. Calderon* (1994) 9 Cal.4th 69, 79-80, to the extent that it implies that

17 bifurcation is mandatory in every case.)

18      The principal issue controlling the court's consideration of this issue is the potential

19 prejudicial effect of admission of evidence of a prior conviction. Presenting a jury with evidence

20 of crimes other than those for which defendant is on trial often poses a grave risk that the jury will

21 conclude defendant has a criminal disposition and therefore probably committed the new offense.

22 *(People v. Calderon, supra,* 9 Cal.4th at 75.)

23      Among the factors that may influence the potential for prejudice in the particular case are

24 the degree to which the prior conviction is similar to the charged offense, how recently the prior

25 conviction occurred, and the relative seriousness or inflammatory nature of the prior compared to

26 the charged offense. *(Id.,* at 79.) Although the determination whether to bifurcate rests within the

27 sound discretion of the trial court, "the risk of undue prejudice posed by the admission of evidence

28

---

3
MOTIONS IN LIMINE

**55**

1  of a prior conviction, considered against the minimal inconvenience generally caused by

2  bifurcating the trial, frequently will militate in favor of granting a defendant's timely request for

3  bifurcation." (*Id.*)

4  　　The *Calderon* court concluded that denying defendant's bifurcation motion would be an

5  abuse of discretion where evidence of the alleged prior conviction "would have apprised [sic] the

6  jury that defendant recently had been convicted of attempted robbery, a crime bearing some

7  similarity to, and of comparable seriousness to the charged offense of attempted burglary—thereby

8  creating a serious risk that the jury would conclude that defendant has a criminal disposition." (*Id.*,

9  at 80.)

10  **VII.  THE DEFENSE REQUESTS THAT EACH OBJECTION POSED DURING THESE MOTIONS IN LIMINE CONSTITUTE A CONTINUING OBJECTION TO ADMISSION.**

11

12

13  　　The defense requests a stipulation that each objection posed during these motions in limine

14  constitute a continuing objection to admission. (*People v. Jennings* (1988) 46 Cal.3d 963; *People v. Karis* (1988) 46 Cal.3d 612.)

15  **VIII.  WITNESS EXCLUSION**

16

17  　　Pursuant to Evidence Code section 777, the defense requests that all witnesses and potential

18  witnesses be excluded from the courtroom.

19

20

21  Dated: February 3, 2003

22  　　　　　　　　　　　　　　　　Respectfully submitted,

23  　　　　　　　　　　　　　　　　JOSE R. VILLARREAL
　　　　　　　　　　　　　　　　Public Defender

24

25

26  　　　　　　　　　　　　　　　　Randy I. Danto
　　　　　　　　　　　　　　　　Deputy Public Defender

27

28

4

MOTIONS IN LIMINE

```
49   SUPERIOR COURT                          CASE NO.    CC241061
     190 WEST HEDDING STREET                 CEN         02505160
     SAN JOSE, CA 95110              DATE   02/03/2003  8:30 AM DEPT. 24
PEOPLE VS.  STEVE BADUE                       01/04/1966 CAC0655444
L.K.A.             TRANSIENT          CLERK  J. LINN / C. KELLER      BGN149 M
                                     HEARING MASTER TRIAL CALENDAR
JUDGE    HON. KEVIN J. MURPHY        AGENCY  SJ-04313-2836 -MARTINEZ
REPORTER  S. Upton                   STATUS  I-SET -100000           TW
DEF. ATTY.  DANTO, RANDY     D.A. D.SHEARER  APO  Last Day Trial = 03/09/2003
CHARGES  F(001)PC290(G)(2)                        VIOLATION DATE
                            FORTHWITH             02/27/2002
```

NEXT APPEARANCE 02/03/03 @ 9:00 a.m. D-36 Judge Pichon

☐ Defendant Present ☒ Not Present APP  ☒ Atty Present R. Danto by I. Guzman  AD ☒ (PD) ☐ Legal Aide / Special App
☐ WFA ☐ Arr'd ☐ Amended complt ☐ vd  ☐ Arr ☐ Plea ☐ IDC ☐ Prob / Sent  ☐ Interp
☐ PC977 Waiver ☐ On file  ☐ Ball / OR / SORP ☐ Rect Dr Rpt ☐ FAR  ☐ Pretrial Services to Contact Gateway for Assm't
☐ NG ☐ Entered by CRT ☐ NGBRI / Adv  ☐ PSet ☐ Prelim ☐ PTC ☐ S/B MTC  ☐ Bail Reinstated ☐ Bail Exonerated
☐ Priors / Allegations / Enhancements Denied  ☐ Further ☐ Jury ☐ CT ☐ Peo/Def Wav Jury  ☐ Forfeited  Bond #
☐ TW ☐ TNW ☐ TW / WD ☐ for Sent  ☐ Proof of  ☐ Reassumption Filed ☐ Forfeiture Set Aside
☐ Ref / Appt PD / ADO ☐ Conflict Decl  ☒ Refe dispo/discussion  ☐ Guilty Plea Rendered
☐____Relieved____Appt'd  ☐ Crim Proc Susp ☐ Rein  SORP / OR ☐ Revoked ☐ Reinstated
☐ Hrg on Motion  ☐ Doubt Decl Pursuant PC 1368  ☐ BW Ordered $_____  ☐ Stayed
☐ Granted ☐ Den ☐ Subm ☐ OC  ☐ Subm on rept ☐ Found  ☐ BW Set Aside ☐ Recalled ☐ To Issue
☐ Drs. Appointed  ☐ Max Term_____ ☐ Committed_____  Other:
☐ Prelim Waived ☐ Certified to General Jurisdiction ☐ MDA / COM Amended to

PLEA Conditions: ☐ None ☐ No State Prison ☐ PC17 after 1 Yr Prob ☐ Includes VOP_____
☐ Jail / Prison Term of
☐ Dismissal / Striking  ☐ Submit time of sent
☐ Adv ☐ Max Pen ☐ Parole/Probation ☐ Appeal ☐ Immig ☐ Reg PC290/HS11590/PC457.1/PC186.30 ☐ Future serious felony prior ☐ PC12021 (gun)
☐ Waives Constit Rights ☐ Written Waiver filed ☐ PC17 REDUCTION ☐ Waives Arbuckle ☐ Harvey Stip
☐ COP PLEADS  ☐ GUILTY  ☐ NOLO CONTENDERE to charges & admits enhs/priors (see below) ☐ Factual Basis found ☐ Findings stated
☐ Notice of Eligibility Filed ☐ DEJ Granted ☐ Rpt to DADS ☐ DEJ Rein ☐ DEJ Term ☐ Guilty Plea Rendered
☐ Waives Referral ☐ Ref'd to APO Full Rpt. ☐ PROBATION DENIED  FINES/FEES: PAY TO ☐ Ref to DOR ☐ COURT
☐ Sentenced to____State Prison/County Jail ☐ Sent Suspended  COUNT____$____+ PA $____ ☐ Purs HS11350d
PROBATION ☐ Execution ☐ Imposition of sentence suspended for probation period  COUNT____$____+ PA $____
☐ COURT ☐ FORMAL PROBATION GRANTED for____Days / Mos / Yrs  DPF / AIDS $____+ PA $____
☐ Report to APO within____Days ☐ Upon Release ☐ Terminated  DRF / RF $____ ☐ Susp'd PC1202.45
☐ Commun Altern Program ☐ Perform____hrs Volunteer Work  DEJ $____ CTS PC 2900.5 $____
☐ Submit Search / Testing ☐ Educ / Voc Trng / Empl  AEF $____ TOTAL DUE $____
☐ Not drive w/o valid DL & Ins ☐ DVPO issued / mod / term Exp  ADPA $____ ☐ Committed @ $____/Day
☐ Not own/possess deadly weapons ☐ Weapon ordered destroyed  LAB $____ ☐ Consec/Conc to____
☐ No contact w/victim or family / co-defts unless appr by APO ☐ PC1202.05  NC $____ ☐ Payments Granted / Modified
☐ No alcohol / drugs or where sold ☐ Restitution  ASF / CPF $____ $____/ Mo beginning____
☐ Substance abuse, Domestic Violence, Psychological, Parenting cnsl / prgm  AR $____ ☐ FINE STAYED
☐ PC296 (DNA) ☐ PC1202.1 (Aids Testing) ☐ Aids Education Program  SHELTER $____ ☐ Fine Deemed Satisfied ☐ Commuted
Other:____  DV $____ ☐ Vol Wk____Hrs in Lieu of Fine
VOP: ☐ Arr'd VOP ☐ Admits/Denies Violation ☐ Court Finds VOP / No VOP  ATTY $____ ☐ DSA thru APO / DOR / CRT ☐ Filed
☐ Prob Rein / Mod / Term / Revoked / Remains Revoked / Ext to____  P/MV $____ ☐ P/SUP $____/Mo____
☐ Original Terms & Conditions Except as Amended Herein  CJAF $____ ____to____
Coterminous with____ ☐ No Further Penalties  ☐ Restitution $____
JAIL/PRISON ☐ See Attachm't Pg for Add'l Orders, Charges, PC1385 Reasons  ☐ Referred to VWAC ☐ As Determined APO / CRT

| Count | F/M | Violation | Prison Term / Yrs | Enhancement / Priors | Yrs / Styd / Strkn | County Jail |
|-------|-----|-----------|-------------------|----------------------|---------------------|-------------|
|       |     |           |                   |                      |                     |             |
|       |     |           |                   |                      |                     |             |
|       |     |           |                   |                      |                     |             |
|       |     |           |                   |                      |                     |             |
|       |     |           |                   |                      |                     |             |

| Enhancement | Yrs/S | Enhancement | Yrs/S | Enhancement | Yrs/S | Enhancement | Yrs/S | Enhancement | Yrs/S | Total |
|-------------|-------|-------------|-------|-------------|-------|-------------|-------|-------------|-------|-------|
|             |       |             |       |             |       |             |       |             |       |       |

CTS =____ACT +____ ☐ PC4019 ☐ PC2933.1 =____ TOTAL DAYS____ TOTAL TERM 57
☐ Straight time ☐ WWP ☐ PC1209 Fees ☐ Waived ☐ Court Rec____ ☐ Except ☐ EMP/PSP/WF/ERP/DRP/Co Parole/NP
☐ Sent Deemed Srvd ☐ Rpt to Local Parole ☐ Adv of____Yrs Parole/Appeal Rights ☐ Consec ☐ Conc to____
☐ Bal CJ Susp ☐ All but____Days/Mos ☐ On Cond Complete Residential Treatment Prgm ☐ Serve Consec MO/TU/WE/TH/FR/SA/SU
☐ Pre-process____ AM/PM  ☐ Stay/Surrender Transport to____ @____ AM/PM or Sooner

☒ REMANDED-BAIL $100,000 ☐ NO BAIL ☐ COMMITTED  ☐ RELEASED ☐ OR ☐ SORP ☐ DOC TO CONTACT JAC FOR ASSM'T
☐ AS COND OF SORP ☐ BAIL INCREASED / REDUCED  ☐ TO PRGM AS REQ BY JAC-DOC TO TRANSPORT FOR BALANCE OF JAIL

DISTRIBUTION:  BLACK - FILE COPY,  GREEN - DOC,  BLUE - CJIC,  PURPLE - DOR/PROBATION,  BROWN - DEFENDANT

| | | | |
|---|---|---|---|
| SUPERIOR COURT | COUNTY OF SANTA CLARA | CASE NO. | CC241061 |
| 190 W HEDDING STREET | | CEN | 02505160 |
| SAN JOSE CA 95110 | | DATE   02/03/2003   9:00 AM /   DEPT.   36 | |
| PEOPLE VS STEVE BADUE | | 01/04/1966   CAC0655444 | |
| L.K.A.   TRANSIENT | | CLERK   JOSE OLIVAREZ   1·30 PM   BGN149   M | |
| | | HEARING   MASTER TRIAL CALENDAR | |
| JUDGE   HON RISE J. PICHON | | AGENCY   SJ – 04313– 2836 – MARTINEZ | |
| REPORTER TRICIA NORRIS | | STATUS   I – SET – 100000   TW   N | |
| DEF. ATTY.DANTO, RANDY | D.A.   S. DICK | APO | |
| CHARGES F (001) PC290(G)(2) | | | VIOLATION DATE |
| | | | 02/27/2002 |

**NEXT APPEARANCE** _2-5-03   9 AM   D-36_

☑ Defendant Present ☐ Not Present   ☑ Atty Present   _R. DANTO_   AD ☑(PD)/ Legal Aide / Special Appt
☐ WFA ☐ Arr'd ☐ Amended complt   ☐ Arr ☐ Plea ☐ IDC ☐ Prob / Sent   ☐ Interp.
☐ PC977 Waiver ☐ Filed ☐ On file   ☐ Bail/ OR/ SORP ☐ Rect Dr Rpt ☐ FAR   ☐ Pretrial Services to Contact Gateway for Assm't
☐ NG ☐ Entered by CRT ☐ NGBRI / Adv   ☐ PSet ☐ Prelim ☐ PTC ☐ S/B MTC   ☐ Bail Reinstated ☐ Bail Exonerated
☐ Priors / Allegations / Enhancements Denied   ☐ Further ☐ Jury ☑ CT ☐ Wav Jury   ☐ Forfeited   Bond # _____
☐ TW ☐ TNW ☐ TW / WD ☐ for Sent   ☐ Proof of _____   ☐ Reassumption Filed ☐ Forfeiture Set Aside
☐ Ref / Appt PD / ADO ☐ Conflict Decl   ☐ Ref'd _____   ☐ $_____ Costs Within 30 Days to Court
☐ _____ Relieved _____ Appt'd   ☐ Crim Proc Susp ☐ Rein   SORP / OR ☐ Revoked ☐ Reinstated
☐ Hrg on Motion _____   ☐ Doubt Decl Pursuant PC 1368   ☐ BW Ordered $_____   ☐ Stayed
☐ Granted ☐ Den ☐ Subm ☐ OC   ☐ Subm on rept ☐ Found _____   ☐ BW Set Aside ☐ Recalled ☐ To Issue
☐ Drs. Appointed _____   ☐ Max Term _____ ☐ Committed _____   Other:
☐ Prelim Waived ☐ Certified to General Jurisdiction ☐ MDA / COM Amended to ___   _MOTIONS IN LIMINE HELD._

**PLEA** Conditions: ☐ None ☐ No State Prison ☐ PC17 after 1 Yr Prob ☐ Includes VOP_____
☐ Jail / Prison Term of _____
☐ Dismissal / Striking _____   ☐ Subm time of sent
☐ Adv ☐ Max Pen ☐ Parole/Probation ☐ Appeal ☐ Immig ☐ Reg PC290/HS11590/PC457.1/PC166.30 ☐ Future serious felony prior ☐ PC12021 (gun)
☐ Waives Constit Rights ☐ Written Waiver filed ☐ **PC17 REDUCTION** ☐ Waives Arbuckle ☐ Harvey Stip _____
☐ COP PLEADS ☐ **GUILTY** ☐ **NOLO CONTENDERE** to charges & admits enhs/priors (see below)   ☐ Factual Basis found ☐ Findings stated
☐ Notice of Eligibility Filed ☐ DEJ Granted ☐ Rpt to DADS ☐ DEJ Rein ☐ DEJ Term ☐ Guilty Plea Rendered
☐ Waives Referral ☐ Ref'd to APO Full Rpt ☐ **PROBATION DENIED**   **FINES/FEES:** PAY TO ☐ Ref to DOR ☐ COURT
☐ Sentenced to _____ ☐ State Prison/County Jail ☐ Sent Suspended   COUNT __ $_____ + PA $_____ ☐ Purs HS11350d
**PROBATION** ☐ Execution ☐ Imposition of sentence suspended for probation period   COUNT __ $_____ + PA $_____
☐ COURT ☐ **FORMAL PROBATION GRANTED** for _____ Days / Mos / Yrs   DPF / AIDS $_____
☐ Report to APO within _____ Days ☐ Upon Release ☐ Terminated   DRF / RF $_____ Add'l RF$_____ Susp'd PC1202.45
☐ Commun Altern Program ☐ Perform _____ hrs Volunteer Work   DEJ $_____ **CTS PC 2900.5** _____
☐ Submit Search / Testing ☐ Educ / Voc Trng / Empl _____   AEF $_____ **TOTAL DUE** $_____
☐ Not drive w/o valid DL & Ins ☐ DVPO issued / mod / term Exp _____   ADPA $_____ ☐ Committed @ $_____ /Day
☐ Not own/possess deadly weapons ☐ Weapon ordered destroyed _____   LAB $_____ ☐ Consec/Conc to _____
☐ No contact w/victim or family / co-defts unless appr by APO ☐ PC1202.05   NC $_____ ☐ Payments Granted / Modified
☐ No alcohol / drugs or where sold ☐ Restitution _____   ASF / CPF $_____ $_____ / Mo beginning _____
☐ Substance abuse, Domestic Violence, Psychological, Parenting cnsl / prgm   AR $_____ ☐ FINE STAYED _____
☐ PC296 (DNA) ☐ PC1202.1 (Aids Testing) ☐ Aids Education Program   SHELTER $_____ ☐ Fine Deemed Satisfied ☐ Commuted
Other: _____   DV $_____ ☐ Vol Wk. _____ Hrs in Lieu of Fine
**VOP:** ☐ Arr'd VOP ☐ Admits/Denies Violation ☐ Court Finds VOP / No VOP   ATTY $_____ ☐ DSA thru APO / DOR / CRT ☐ Court
☐ Prob Rein / Mod / Term / Revoked / Remains Revoked / Ext to_____   P/INV $_____ ☐ P/SUP $_____ /Mo _____
☐ Original Terms & Conditions Except as Amended Herein   CJAF $_____ __ to __
Coterminous with _____ ☐ No Further Penalties   ☐ Restitution $_____ __ to __
**JAIL/PRISON** ☐ See Attachm't Pg for Add'l Orders, Charges, PC1385 Reasons   ☐ Referred to VWAC ☐ As Determined APO / CRT

| Count | F/M | Violation | Prison Term / Yrs | Enhancement / Priors | Yrs / Styd / Strkn | County Jail |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| Enhancement | Yrs/S | Enhancement | Yrs/S | Enhancement | Yrs/S | Enhancement | Yrs/S | Enhancement | Yrs/S | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | / |

CTS = _____ ACT + _____ ☐ PC4019 ☐ PC2933.1 = _____ **TOTAL DAYS** _____   **TOTAL TERM** __ **58**
☐ Straight time ☐ WWP ☐ PC1209 Fees ☐ Waived ☐ Court Rec _____ ☐ Except ☐ EMP/PSP/WF/ERP/DRP/Co Parole/NP
☐ Sent Deemed Srvd ☐ Rpt to Local Parole ☐ Adv of _____ Yrs Parole/Appeal Rights ☐ Consec ☐ Conc to _____
☐ Bal CJ Susp ☐ All but _____ Days/Mos ☐ On Cond Complete Residential Treatment Prgm ☐ Serve Consec MO/TU/WE/TH/FR/SA/SU
☐ Pre-process _____ AM/PM ☐ Stay/Surrender Transport to _____ @ _____ AM/PM or Sooner

☑ REMANDED-BAIL $ _100,000_ ☐ NO BAIL ☐ COMMITTED   ☐ RELEASED ☐ OR ☐ SORP ☐ DOC TO CONTACT JAC FOR ASSM'T
☐ AS COND OF SORP ☐ BAIL INCREASED / REDUCED   ☐ TO PRGM AS REQ BY JAC-DOC TO TRANSPORT FOR BALANCE OF JAIL

DISTRIBUTION:   BLACK - FILE COPY.   GREEN - DOC.   BLUE - CJIC.   PURPLE - DOR/PROBATION.   BROWN - DEFENDANT

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SANTA CLARA
HONORABLE RISE J. PICHON
HALL OF JUSTICE – EAST / DEPT 36

Date: February 3, 2003                                    Case No:  CC241061
Deputy Court Clerk: Jose Olivarez
Court Reporter: Tricia Norris                            Deputy: Nathan Negosa

The People of the State of California        Deputy District Attorney: Steven Dick

                    vs.

Steve Badue                                  Counsel for Defendant: Randy Danto

NATURE OF PROCEEDINGS: Motions In Limine                           Day One

2:16 PM      The Court is called to order with all parties present to proceed with Motions In Limine.
             The Defendant is present and in-custody.

             **People's Motions In Limine**

             I.      The Defendant can be impeached with his prior convictions.
                     A. Penal Code Section 314 – **Court will hear further arguments.**
                     B. Penal Code Section 148.9 – **Granted.**

             II.     The Defendant should be prohibited from arguing that the current case is barred
                     by double jeopardy or collateral estoppel – **Granted.**

             III.    The Court may take judicial notice of it's file – **Granted.**

             IV.     The Defendant should not be allowed to argue that the crime should be a
                     misdemeanor – **Granted.**

2:50 PM      **Defense's Motions In Limine**

             I.      Allow Defendant to admit prior conviction of PC290 – **Withdrawn by Defendant.**

             II.     Bifurcation of PC667.5(b) prior conviction alleged in the information – **Court
                     reserves ruling and takes under submission.**

             The People agree to replace the word "prison" for the word "in-custody" when making
             their argument.

3:11 PM      The Court stands in recess.  The Defendant remains in the custody of the California
             Department of Corrections.

                                                                              **59**

**Date: February 03, 2003**
**The People vs. Steve Badue**

Page 2 of 2
CC241061

4:00 PM    The Court is called to order with all parties present. The Defendant is present and in-custody. The Court takes Defendant's jury waiver. Counsel join in the waiver of jury. **The Court accepts the jury waiver.**

4:01 PM    The Court adjourns for the evening recess. The matter is **continued to Wednesday, February 5, 2003 at 9:00 a.m. in Department 36** for commencement of court trial.

**60**

SUPERIOR COURT        COUNTY OF SANTA CLARA

190 W HEDDING STREET
SAN JOSE CA 95110

PEOPLE VS STEVE BADUE
L.K.A.     TRANSIENT

JUDGE   HON RISE J. PICHON
REPORTER TRICIA NORRIS C. JOHNSON
DEF. ATTY.DANTO, RANDY      D.A.  S. DICK
CHARGES  F (001) PC290(G)(2)

| | |
|---|---|
| CASE NO. | CC241061 |
| CEN | 02505160 |
| DATE | 02/05/2003  9:00 AM  DEPT. 36 |
| | 01/04/1966  CAC0655444 |
| CLERK | JOSE OLIVAREZ |
| HEARING | COURT TRIAL/VERDICT   BGN149  M |
| AGENCY | SJ – 04313– 2836 – MARTINEZ |
| STATUS | I – SET – 100000      TW  N |
| | APO |

VIOLATION DATE
02/27/2002

NEXT APPEARANCE _____ **3-6-03  1:30PM  D-36**

☑ Defendant Present ☐ Not Present   ☑ Atty Present __R. DANTO__    AD ☑(PD) Legal Aide / Special App
☐ WFA ☐ Arr'd ☐ Amended complt   ☐ Arr ☐ Plea ☐ IDC ☑ Prob / Sent   ☐ Interp_____
☐ PC977 Waiver ☐ Filed ☐ On file   ☐ Bail/ OR/ SORP ☐ Rect Dr Rpt ☐ FAR   ☐ Pretrial Services to Contact Gateway for Assm't
☐ NG ☐ Entered by CRT ☐ NGBRI / Adv   ☐ PSet ☐ Prelim ☐ PTC ☐ S/B MTC   ☐ Bail Reinstated ☐ Bail Exonerated
☐ Priors / Allegations / Enhancements Denied   ☐ Further ☐ Jury ☐ CT ☐ Peo/Def Wav Jury   ☐ Forfeited   Bond # _____
☐ TW ☑ TNW ☐ TW / WD ☐ for Sent   ☐ Proof of _____   ☐ Reassumption Filed ☐ Forfeiture Set Aside
☐ Ref / Appt PD / ADO ☐ Conflict Decl   ☐ Ref'd _____   ☐ $_____ Costs Within 30 Days to Court
☐ Relieved _____ Appt'd   ☐ Crim Proc Susp ☐ Rein   SORP / OR ☐ Revoked ☐ Reinstated
☐ Hrg on Motion _____   ☐ Doubt Decl Pursuant PC 1368   ☐ BW Ordered $_____ ☐ Stayed
☐ Granted ☐ Den ☐ Subm ☐ OC   ☐ Subm on rept ☐ Found   ☐ BW Set Aside ☐ Recalled ☐ To Issue
☐ Drs. Appointed _____   ☐ Max Term _____ ☐ Committed _____   Other: _____
☐ Prelim Waived ☐ Certified to General Jurisdiction ☐ MDA / COM Amended to _____

**PLEA Conditions:** ☐ None ☐ No State Prison ☐ PC17 after 1 Yr Prob ☐ Includes VOP_____
☐ Jail / Prison Term of _____
☐ Dismissal / Striking _____   ☐ Subm time of sent
☐ Adv ☐ Max Pen ☐ Parole/Probation ☐ Appeal ☐ Immig ☐ Reg PC290/HS11590/PC457.1/PC186.30 ☐ Future serious felony prior ☐ PC12021 (gun)
☐ Waives Constit Rights ☐ Written Waiver filed ☐ PC17 REDUCTION ☐ Waives Arbuckle ☐ Harvey Stip
☐ COP PLEADS ☐ GUILTY ☐ NOLO CONTENDERE to charges & admits enhs/priors (see below) ☐ Factual Basis found ☐ Findings stated
☐ Notice of Eligibility Fil>d ☐ DEJ Granted ☐ Rpt to DADS ☐ DEJ Rein ☐ DEJ Term ☐ Guilty Plea Rendered
☐ Waives Referral ☐ Ref'd to APO Full Rpt ☐ PROBATION DENIED   FINES/FEES: PAY TO ☐ Ref to DOR ☐ COURT
☐ Sentenced to _____ State Prison/County Jail ☐ Sent Suspended   COUNT ___ $___ + PA $___ ☐ Purs HS11350d
**PROBATION** _____ ☐ Execution ☐ Imposition of sentence suspended for probation period   COUNT ___ $___ + PA $___
☐ COURT ☐ FORMAL PROBATION GRANTED for _____ Days / Mos / Yrs   DPF / AIDS $___ + PA $___
☐ Report to APO within _____ Days ☐ Upon Release ☐ Terminated   DRF / RF $___ Add'l RF$ _____ Susp'd PC1202.45
☐ Commun Altern Program ☐ Perform _____ hrs Volunteer Work   DEJ $___ CTS PC 2900.5 $_____
☐ Submit Search / Testing ☐ Educ / Voc Trng / Empl   AEF $___ **TOTAL DUE** $_____
☐ Not drive w/o valid DL & Ins ☐ DVPO issued / mod / term Exp _____   ADPA $___ ☐ Committed @ $_____ /Day
☐ Not own/possess deadly weapons ☐ Weapon ordered destroyed _____   LAB $___ ☐ Consec/Conc to _____
☐ No contact w/victim or family / co-defts unless appr by APO ☐ PC1202.05   NC $___ ☐ Payments Granted / Modified
☐ No alcohol / drugs or where sold ☐ Restitution _____   ASF / CPF $___ $___ / Mo beginning _____
☐ Substance abuse, Domestic Violence, Psychological, Parenting cnsl / prgm   AR $___ ☐ FINE STAYED _____
☐ PC296 (DNA) ☐ PC1202.1 (Aids Testing) ☐ Aids Education Program   SHELTER $___ ☐ Fine Deemed Satisfied ☐ Commuted
Other: _____   DV $___ ☐ Vol Wk _____ Hrs In Lieu of Fine
**VOP:** ☐ Arr'd VOP ☐ Admits/Denies Violation ☐ Court Finds VOP / No VOP   ATTY $___ ☐ DSA thru APO / DOR / CRT ☐ Filed
☐ Prob Rein / Mod / Term / Revoked / Remains Revoked / Ext to _____   P/INV $___ ☐ P/SUP $_____ /Mo _____
☐ Original Terms & Conditions Except as Amended Herein   CJAF $___ _____ to _____
☐ Coterminous with _____ ☐ No Further Penalties   ☐ Restitution $___ _____ to _____
**JAIL/PRISON** ☐ See Attachm't Pg for Add'l Orders, Charges, PC1365 Reasons   ☐ Referred to VWAC ☐ As Determined APO / CRT

| Count | F/M | Violation | Prison Term / Yrs | Enhancement / Priors | Yrs / Styd / Strkn | County Jail |
|---|---|---|---|---|---|---|
| 1 | F | PC 290(G)(2) – GUILTY | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| Enhancement | Yrs/S | Enhancement | Yrs/S | Enhancement | Yrs/S | Enhancement | Yrs/S | Enhancement | Yrs/S | Enhancement | Yrs/S | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PC 667.5(B) + TRUE | | | | | | | | | | | | / |

**61**

CTS = _____ ACT + _____ ☐ PC4019 ☐ PC2933.1 = _____ — **TOTAL DAYS** _____ **TOTAL TERM** _____
☐ Straight time ☐ WWP ☐ PC1209 Fees ☐ Waived ☐ Court Rec _____ ☐ Except ☐ EMP/PSP/WF/ERP/DRP/Co Parole/NP
☐ Sent Deemed Srvd ☐ Rpt to Local Parole ☐ Adv of _____ Yrs Parole/Appeal Rights ☐ Consec ☐ Conc to _____
☐ Bal CJ Susp ☐ All but _____ Days/Mos ☐ On Cond Complete Residential Treatment Prgm ☐ Serve Consec MO/TU/WE/TH/FR/SA/SU
☐ Pre-process _____ AM/PM ☐ Stay/Surrender Transport to _____ @ _____ AM/PM or Sooner

☑ REMANDED–BAIL $ __100,000__ ☐ NO BAIL ☐ COMMITTED   ☐ RELEASED ☐ OR ☐ SORP ☐ DOC TO CONTACT JAC FOR ASSM'T
☐ AS COND OF SORP ☐ BAIL INCREASED / REDUCED   ☐ TO PRGM AS REC BY JAC-DOC TO TRANSPORT FOR BALANCE OF JAIL

DISTRIBUTION:   BLACK- FILE COPY,   GREEN- DOC,   BLUE- CJIC,   PURPLE- DOR/PROBATION,   BROWN- DEFENDANT

SUPERIOR COURT
190 W HEDDING STREET
SAN JOSE CA 95110
PEOPLE VS STEVE BADUE
L.K.A.   TRANSIENT

COUNTY OF SANTA CLARA

| | | |
|---|---|---|
| | CASE NO. | CC241061 |
| | CEN | 02505160 |
| DATE | 02/05/2003   9:00 AM   DEPT.  36 | |
| | 01/04/1966   CAC0655444 | |
| CLERK | JOSE OLIVAREZ   BGN149   M | |
| HEARING | COURT TRIAL/VERDICT | |
| AGENCY | SJ – 04313– 2836 – MARTINEZ | |
| STATUS | I – SET –.100000   TW  N | |

JUDGE  HON RISE J. PICHON
REPORTER TRICIA NORRIS C. JOHNSON
DEF. ATTY.DANTO, RANDY          D.A.  S. DICK          APO
CHARGES  F (001) PC290(G)(2)

**AMENDED ORDER**          VIOLATION DATE  02/27/2002

2/18/03 ⊙          3-6-03  1:30PM   D-36

NEXT APPEARANCE

☑ Defendant Present ☐ Not Present    ☑ Atty Present  R. DANTO          AD ☐ PD ☐ Legal Aide / Special App
☑ WFA ☐ Arr'd ☐ Amended complt    ☐ Arr ☐ Plea ☐ IDC ☑ Prob / Sent    ☐ Interp.
☐ PC977 Waiver ☐ Filed ☐ On file    ☐ Bail/ OR/ SORP ☐ Rect Dr Rpt ☐ FAR    ☐ Pretrial Services to Contact Gateway for Assm't
☐ NG ☐ Entered by CRT ☐ NGBRI / Adv    ☐ PSet ☐ Prelim ☐ PTC ☐ S/B MTC    ☐ Bail Reinstated ☐ Bail Exonerated
☐ Priors / Allegations / Enhancements Denied    ☐ Further ☐ Jury ☐ CT ☐ Peo/Def Wav Jury    ☐ Forfeited     Bond #
☐ TW ☑ TNW ☐ TW / WD ☑ for Sent    ☐ Proof of    ☐ Reassumption Filed ☐ Forfeiture Set Aside
☐ Ref / Appt PD / ADO ☐ Conflict Decl    ☐ Ref'd    ☐ $_____ Costs Within 30 Days to Court
☐_____ Relieved _____ Appt'd    ☐ Crim Proc Susp ☐ Rein    SORP / OR ☐ Revoked ☐ Reinstated
☐ Hrg on Motion _____    ☐ Doubt Decl Pursuant PC 1368    ☐ BW Ordered $_____   ☐ Stayed
☐ Granted ☐ Den ☐ Subm ☐ OC    ☐ Subm on rept ☐ Found _____    ☐ BW Set Aside ☐ Recalled ☐ To Issue
☐ Drs. Appointed _____    ☐ Max Term _____ ☐ Committed _____    Other:_____
☐ Prelim Waived ☐ Certified to General Jurisdiction ☐ MDA / COM Amended to _____

PLEA Conditions: ☐ None ☐ No State Prison ☐ PC17 after 1 Yr Prob ☐ Includes VOP_____
☐ Jail / Prison Term of _____
☐ Dismissal / Striking _____          ☐ Subm time of sent
☐ Adv ☐ Max Pen ☐ Parole/Probation ☐ Appeal ☐ Immig ☐ Reg PC290/HS1159Q/PC457.1/PC186.30 ☐ Future serious felony prior ☐ PC12021 (gun)
☐ Waives Constit Rights ☐ Written Waiver filed ☐ PC17 REDUCTION ☐ Waives Arbuckle ☐ Harvey Stip _____
☐ COP PLEADS ☑ GUILTY ☐ NOLO CONTENDERE to charges & admits enhs/priors (see below) ☐ Factual Basis found ☐ Findings stated
☐ Notice of Eligibility Filed ☐ DEJ Granted ☐ Rpt to DADS ☐ DEJ Rein ☐ DEJ Term ☐ Guilty Plea Rendered
☐ Waives Referral ☐ Ref'd to APO Full Rpt ☑ PROBATION DENIED    FINES/FEES: PAY TO ☐ Ref to DOR ☐ COURT
☐ Sentenced to _____ ☑ State Prison/County Jail ☐ Sent Suspended    COUNT____ $_____ + PA $_____
PROBATION ☐ Execution ☐ Imposition of sentence suspended for probation period    COUNT____ $_____ + PA $_____ ☐ Purs HS11350d
☐ COURT ☐ FORMAL PROBATION GRANTED for _____ Days / Mos / Yrs    DPF / AIDS $_____
☐ Report to APO within _____ Days ☐ Upon Release ☐ Terminated    DRF / RF $_____ Add'l RF$_____ Susp'd PC1202.45
☐ Commun Altern Program ☐ Perform _____hrs Volunteer Work    DEJ $_____ CTS PC 2900.5 $_____
☐ Submit Search / Testing ☐ Educ / Voc Trng / Empt    AEF $_____ TOTAL DUE $_____
☐ Not drive w/o valid DL & Ins ☐ DVPO issued / mod / term Exp _____    ADPA $_____ ☐ Committed @ $_____ /Day
☐ Not own/possess deadly weapons ☐ Weapon ordered destroyed _____    LAB $_____ ☐ Consec/Conc to _____
☐ No contact w/victim or family / co-defts unless appr by APO ☐ PC1202.05    NC $_____ ☐ Payments Granted / Modified
☐ No alcohol / drugs or where sold ☐ Restitution _____    ASF / CPF $_____ $_____ / Mo beginning _____
☐ Substance abuse, Domestic Violence, Psychological, Parenting cnsl / prgm    AR $_____ ☐ FINE STAYED _____
☐ PC296 (DNA) ☐ PC1202.1 (Aids Testing) ☐ Aids Education Program    SHELTER $_____ ☐ Fine Deemed Satisfied ☐ Commuted
Other: _____    DV $_____ ☐ Vol Wk_____Hrs in Lieu of Fine
VOP: ☐ Arr'd VOP ☐ Admits/Denies Violation ☐ Court Finds VOP / No VOP    ATTY $_____ ☐ DSA thru APO / DOR / CRT ☐ Filed
☐ Prob Rein / Mod / Term / Revoked / Remains Revoked / Ext to _____    PINV $_____ ☐ P/SUP $_____ /Mo
☐ Original Terms & Conditions Except as Amended Herein    CJAF $_____ to _____
Coterminous with _____ ☐ No Further Penalties    ☐ Restitution $_____ ☐ AM/PM or Sooner
JAIL/PRISON ☐ See Attachm't Pg for Add'l Orders, Charges, PC1385 Reasons    ☐ Referred to VWAC ☐ As Determined APO / CRT

| Count | F/M | Violation | Prison Term / Yrs | Enhancement / Priors | Yrs / Styd / Strkn | County Jail |
|---|---|---|---|---|---|---|
| 1 | F | PC 290(G)(2) – GUILTY | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| Enhancement | Yrs/S | Enhancement | Yrs/S | Enhancement | Yrs/S | Enhancement | Yrs/S | Enhancement | Yrs/S | Enhancement | Yrs/S | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PC 667.5(B) + TRUE | | | | | | | | | | | | 1 |

CTS = _____ ACT + _____ ☐ PC4019 ☐ PC2933.1 = _____ TOTAL DAYS _____ TOTAL TERM _____ 62
☐ Straight time ☐ WWP ☐ PC1209 Fees ☐ Waived ☐ Court Rec._____ ☐ Except ☐ EMP/PSP/WF/ERP/DRP/Co Parole/NP
☐ Sent Deemed Srvd ☐ Rpt to Local Parole ☐ Adv of _____ Yrs Parole/Appeal Rights ☐ Consec ☐ Conc to _____
☐ Bail CJ Susp ☐ All but _____ Days/Mos ☐ On Cond Complete Residential Treatment Prgm ☐ Serve Consec MO/TU/WE/TH/FR/SA/SU
☐ Pre-process _____ AM/PM ☐ Stay/Surrender Transport to _____ @ _____ AM/PM or Sooner

☑ REMANDED-BAIL $ 100,000 ☐ NO BAIL ☐ COMMITTED    ☐ RELEASED ☐ OR ☐ SORP ☐ DOC TO CONTACT JAC FOR ASSM'T
☐ AS COND OF SORP ☐ BAIL INCREASED / REDUCED    ☐ TO PRGM AS REC BY JAC-DOC TO TRANSPORT FOR BALANCE OF JAIL

DISTRIBUTION:   BLACK - FILE COPY,   GREEN - DOC,   BLUE - CJIC,   PURPLE - DOR/PROBATION,   BROWN - DEFENDANT

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SANTA CLARA
HONORABLE RISE J. PICHON
HALL OF JUSTICE – EAST / DEPT 36

Date:  February 5, 2003                                          Case No:  CC241061
Deputy Court Clerk: Jose Olivarez
Court Reporter: Cindi Johnson                                    Deputy: Nathan Negosa

The People of the State of California           Deputy District Attorney: Steven Dick

vs.

Steve Badue                                     Counsel for Defendant: Randy Danto

NATURE OF PROCEEDINGS: Court Trial                                      Day Two

9:27 AM     The Court is called to order with all parties present.  Defendant is present and in-
            custody.  The Court takes judicial notice of the Court's file with regards to Defendant's
            identity.

9:29 AM     **People's Exhibit 1:** Nine page certified copy of Prior Conviction (Docket # SM223630)
            **– is marked for identification and admitted.**

            **People's Exhibit 2:** Thirteen page certified copy of Prior Conviction (Docket #
            C9947075) **– is marked for identification and admitted.**

            **People's Exhibit 3:** Ten page certified copy of Prior Conviction (Docket # 208774)
            **– is marked for identification and admitted.**

            **People's Exhibit 4:** Ten page certified copy of Prior Conviction (Docket # 182210)
            **– is marked for identification and admitted.**

            **People's Exhibit 5:** Twenty-two page certified copy of Prior Conviction (Docket #
            C9349405) **– is marked for identification and admitted.**

9:30 AM     The People call witness, **Teresa D. McDaniel,** who is sworn and examined on direct by
            Mr. Dick.

9:35 AM     The Court thanks and excuses the witness.

9:36 AM     The People call witness, **Francis Gallegos,** who is sworn and examined on direct by
            Mr. Dick.

9:37 AM     **People's Exhibit 6:** Seven page certified copy of Department of Corrections packet
            (03/14/2002) **– is marked for identification and admitted.**

63

9:40 AM      **People's Exhibit 11:** Two page certified copy of VCIN document (01/05/2003) – **is marked for identification and admitted.**

9:42 AM      **People's Exhibit 7:** One page Registration Change of Address/Annual Update form (06/18/2001)– **is marked for identification and admitted.**

               **People's Exhibit 8:** One page Registration Change of Address/Annual Update form (09/16/1999) – **is marked for identification and admitted.**

               **People's Exhibit 9:** One page Registration Change of Address/Annual Update form (06/14/1999) – **is marked for identification and admitted.**

9:46 AM      **People's Exhibit 10:** One page certified copy of California Sex Offenders printout (Steve Kent Badue)– **is marked for identification and admitted.**

9:47 AM      The Court thanks and excuses the witness.

9:49 AM      The People call witness, **Trak Keo,** who is sworn and examined on direct by Mr. Dick.

9:50 AM      Counsel stipulate to witness' in-court identification of Defendant. **The Court accepts stipulation.**

9:52 AM      The Court thanks and excuses the witness.

9:54 AM      The Court stands in recess.

10:10 AM     The Court reconvenes with all parties present. The Defendant is present and in-custody. The People call witness, **Richard Peretti,** who is sworn and examined on direct by Mr. Dick.

               **People's Exhibit 12:** One page request for certified copy of Booking Sheet and Photo (03/11/3002)– **is marked for identification and admitted.**

               **People's Exhibit 13:** Three page request for certified copy of Booking Sheet and Photo (03/11/2002)– **is marked for identification and admitted.**

10:11 AM     Counsel stipulate that witness is an expert in analyzing and comparing latent fingerprints. **The Court accepts the stipulation.**

10:15 AM     **People's Exhibit 14:** Five page packet of Booking Photos and Fingerprints with red cover page – **is marked for identification and admitted.**

**64**

Date: February 05, 2003                                                                    Page 3 of 3
The People vs. Steve Badue                                                                     CC241061

**People's Exhibit 15:** Two page request for certified copy of Prints (03/11/2002) – **is marked for identification and admitted.**

**People's Exhibit 16:** Three page request for certified copy of Ten Print Card (03/26/2002) – **is marked for identification and admitted.**

**People's Exhibit 17:** Four page Mugshot of Steve Kent Badue (03/26/2002) – **is marked for identification and admitted.**

**People's Exhibit 18:** One page Registration Change of Address/Annual Update (06/18/2001)– **is marked for identification and admitted.**

10:19 AM    The Court thanks and excuses the witness. **The Court takes judicial notice that the City of San Jose is in the County of Santa Clara.**

10:20 AM    **The People rest.**

10:24 AM    The Defense rests.

10:25 AM    The People give closing arguments.

10:26 AM    Defense counsel submits the matter. The Court takes a short recess to review all the evidence.

10:48 AM    The Court reconvenes with all parties present. Defendant is present and in-custody. The Court makes the following findings:

| Count | Charge | Verdict | Allegation | Finding |
|-------|--------|---------|------------|---------|
| 1 | PC290(g)(2) | Guilty | PC667.5(b) | True |

The matter is referred to Adult Probation for a full presentence report. Time is not waived for sentencing. The matter is set for **Thursday, March 6, 2003 at 1:30 p.m. in Department 36** for sentencing and probation.

10:50 AM    The Court stands in recess

**65**

# CONFIDENTIAL

## MAY NOT BE EXAMINED WITHOUT COURT ORDER

### THE PEOPLE

### VS

### STEVE KENT BADUE

**COURT OF APPEAL NUMBER:**

**CASE NUMBER:**    CC241061

PROBATION OFFICER'S REPORT

**SEALED PAGES** 66 **THRU** 89

IN THE SUPERIOR COURT OF THE
STATE OF CALIFORNIA
IN AND FOR THE COUNTY OF SANTA CLARA
THE PEOPLE OF THE STATE OF CALIFORNIA,



F I L E D

MAR 0 6 2003

FOR THE
OF THE COUNTY OF ... Clara
BY **JOSE OLIVAREZ** DEPUTY

|  |  |  |
|---|---|---|
| PLAINTIFF, | ) | REPORT OF |
|  | ) | PROBATION OFFICER |
| vs. | ) | No.: CC241061 |
|  | ) | March 6, 2003 |
| STEVE KENT BADUE, | ) | S. Dick, D.A. |
|  | ) | R. Danto, P.D. |
| DEFENDANT, | ) |  |
|  | ) |  |
|  | ) |  |

COURT DATA

SENTENCING COURT: Honorable Rise J. Pichon

CHARGE:　Count One, Section 290(g)(2) of the Penal Code
(Failing to Register at Birthdate, with a PC 290 Prior
Conviction or Juvenile Adjudication)

PRIORS:　One within the meaning of Section 667.5(b) of the Penal
Code Prison Prior - Adds One Year

　　　　　#1: Section 113550 of the Health and Safety Code (Santa
Clara Co. No. C9947075)

PROBATION ELIGIBILITY:　Eligible

DATE OF OFFENSE:　February 27, 2002

DATE OF ARREST:　October 14, 2002 (see Supplemental Information)

CONVICTION:　Found guilty Court Trial and the allegation of a
Prison Prior was found true on February 5, 2003.

CONDITIONS:　None

REMAINING CHARGES:　None

DAYS IN CUSTODY: 144 actual days, 72 days - 4019 PC, 216 total
days; (see Supplemental Information) presently
in custody

AGE & DATE OF BIRTH: 37; January 4, 1966; Mississippi

**66**

In the Case of STEVE KENT BADUE
Info. #: CC241061                                    March 6, 2003

SUPPLEMENTAL INFORMATION:

According to the CJIC minute order dated February 5, 2003, the
defendant's PFN is listed as BGN149; however, the defendant's
true PFN is BQN149.

The defendant was arrested on March 7, 2002, in Stockton and a
parole hold was placed.  The defendant had a hearing on April 15,
2001 and was sentenced to an 11-month sentence for absconding
parole, giving false identification to a peace officer, and
failure to register pursuant to Section 290 of the Penal Code.
He completed his sentence on October 13, 2002.  The defendant is
entitled to custody credits on the instant offense effective
October 14, 2002.

According to CJIC, the defendant has an "IN PROCESS" case, Docket
No. C8270848.  The defendant entered a conditional plea on April
15, 1982, after being convicted of violating Section 245(b) of
the Penal Code, (Assault with a Deadly Weapon other than a
Firearm Against a Peace Officer or Firearm) a felony, and Section
871 of the Welfare and Institutions Code (Escape from Juvenile
Facility), a misdemeanor.  As of the completion of this report,
efforts were being made to ascertain the disposition of this
matter.

SUMMARY OF OFFENSE:

On February 19, 2002, a San Jose Police Officer working in the
Sexual Registration Enforcement Team determined that the
defendant was out of compliance with his sexual registration
pursuant to Section 290 of the Penal Code.  The defendant last
registered with the San Jose Police Department on June 18, 2001,
at which time he identified himself as a transient.

The defendant was in custody in a California Department of
Corrections Institution in Tracy, serving an 11-month parole
violation sentence for absconding from parole when he was
transferred from Santa Clara County Jail on September 17, 2002.
According to parole records, the defendant was out of custody
from October 11, 2001 and was not arrested again until March 7,
2002.

The defendant missed his registration within five days after his
release from prison in October 2001.  Also, he did not register
60 days thereafter as required of transients, and he did not
register in January on his birthday annual registration.

2

In the Case of STEVE KENT BADUE
Info. #: CC241061                                      March 6, 2003

DEFENDANT'S STATEMENT:

The undersigned officer attempted to interview the defendant on
February 20, 2003, at the Santa Clara County Main Jail.  The
defendant declined to make any statements or give any social
data.

INTERESTED PARTIES:

Indecent Exposure convictions

On September 27, 1993, the defendant was convicted of misdemeanor
Indecent Exposure on Docket No. C9349405 and sentenced to 90 days
County Jail and probation to terminate upon release from custody.
He was also ordered to register pursuant to Section 290 of the
Penal Code.

On September 25, 1995, the defendant was convicted of misdemeanor
Indecent Exposure on Docket No. 182210, and sentenced to 91 days
County Jail with 91 days credit for time served.  The defendant
was granted formal probation for 91 days.

In reference to Case #SF072508A, according to Stockton Police
Report No. 97-56699, dated October 30, 1997; the defendant walked
into a laundry mat where the 16-year-old victim was.  He went to
the restroom.  The victim felt uneasy and went to the store
adjacent to the laundry mat.  As she was talking to his clerk,
the defendant entered the store and exposed his penis in his
hand.  The defendant requested an adult magazine from the store
clerk.  As the clerk was getting the magazine, the defendant
bumped the victim from behind with his abdomen area.  The victim
thought that the defendant bumped against her with his exposed
penis.

The victim called her father then called police.  The victim's
father confronted the defendant in the restroom in the laundry
mat.  When the defendant opened the restroom door, the victim's
father saw the defendant's exposed penis in his hand.  When
police officers arrived, they located the defendant in the
bathroom sitting on the toilet with his pants to his ankles but
his underwear on.  Officers found two pornographic magazines on
the bathroom floor.  The defendant was arrested.

Later, officers found the defendant had hidden three torn out
pages from the pornographic magazine in his underwear and a role
of matches in his anus.

According to CII, on October 30, 1997, the defendant was
sentenced to five years probation with a six month County Jail
sentence for violating Section 314.1 of the Penal Code, a felony.

In the Case of STEVE KENT BADUE
Info. #: CC241061                                        March 6, 2003

Attempts to contact San Joaquin County Probation Department
regarding the status of this matter have been unsuccessful.  If
contact is made prior to sentencing, that information will be
forwarded to the Court.

According to Parole Unit Supervisor, P. Torda, the defendant was
first released from custody on January 22, 2001.  Since that
date, the defendant has had three separate parole violations for
absconding from parole and other violations.  He has served three
separate parole violation sentences, which included a three-
month, a six-month, and his most recent 11-month sentence, which
was completed on October 13, 2002, while he was in custody in
Santa Clara County.  Supervising Parole Agent Torda, believes the
defendant deserves a prison commitment and does not believe there
are any mitigating circumstances to warrant a mitigated prison
commitment, given the defendant has never reported to parole
since his initial release from prison, thus indicating an
unwillingness to comply with parole or supervision.

(Docket #C9947045)

A presentence report was prepared by the Adult Probation
Department dated February 18, 2000 for Docket No. C9947075.  In
the defendant's section the probation officer wrote, "the
defendant … does not want probation involved in his life and
would not be willing to report on a monthly basis."  In the case
evaluation section, the probation officer wrote, "At the time of
the verdict the defendant expressed to the Court he did not want
to accept the terms and conditions of probation.  He continues to
maintain that position."  "Though the defendant feels he is not
harming anyone else with his behavior, the undersigned is
concerned that the continuing exposure behavior, and engaging in
passerby with inappropriate comments indicates an escalation of
the seriousness of that behavior."

JUDICIAL COUNCIL RULES 4.414, 4.421 & 4.423: (Attached)

CASE EVALUATION:

Steven Badue is 37 years old and appearing before the Court for
sentencing after being found guilty by Court trial of one count
of Failing to Register at Birth Date with a PC 290 Prior
Conviction or Juvenile Adjudication and the allegation of a
Prison Prior found true.  The defendant was out on parole with a
warrant for failure to report to his parole agent when it was
determined the defendant had failed to register with San Jose
Police Department since June 18, 2001.

The defendant's criminal history consists of three prior felony
convictions, one for felony Indecent Exposure in Stockton, one
for failing to register pursuant to Section 290 PC and Section
11350(a) of the Health and Safety Code.  The defendant also has

4

**69**

In the Case of STEVE KENT BADUE
Info. #: CC241061                                    March 6, 2003

13 misdemeanor convictions, which include various types of
behavior including two for Indecent Exposure, drug-related
offenses, and assaultive behavior in Santa Clara County..

The defendant has made it clear both by his statements to the
Court and the investigating probation officer on previous
matters, as well as his behavior while on parole, he has no
intention of complying with either registering as a sex offender
or reporting to his parole agent.  In this officer's opinion the
defendant is an unsuitable candidate for probation.  The
defendant's behavior indicates a lack of respect for the criminal
justice system as evidenced in his unwillingness to comply with
the Court and Parole orders.  The defendant is deserving of a
prison commitment given he has been previously convicted of not
complying with sex registration requirements.

Given the defendant violated parole three times in the first year
after being released from prison, having served additional prison
terms for his inappropriate behavior and noting this has not
discouraged the defendant from persisting in similar behavior,
this officer believes that a mid-term prison commitment and
imposition of the additional punishment for his prison prior of
one year be imposed for a total sentence of three years in the
Department of Corrections.

SUGGESTED TERM:

| CHARGE | MIT | AGG | RANGE | ENHANCEMENTS | TOTAL TERM |
|---|---|---|---|---|---|
| Ct. 1, 290(g)(2) PC | No | No | 16 mos, 2, 3, yrs | None | 2 Years |
| | | | | 1 yr (667.5(b) PC) | 1 Year |
| | | | | TOTAL TERM: | 3 Years |

*Credits*
144 + 72 = 216
(4019)

5                                                70

In the Case of STEVE KENT BADUE
Info. #: CC241061                                      March 6, 2003

RECOMMENDATION:

1.   Probation be denied.

2.   The defendant be committed to the California Department of
     Corrections for ~~three~~ (2) years.

3.   The defendant be advised of a subsequent three (3) year
     period of Parole Supervision.

4.   A General Fund Fine and Penalty Assessment be imposed.

5.   The defendant shall not possess a firearm pursuant to
     Section 12021 of the Penal Code.

6.   A Restitution Fine of $400.00 be imposed under the formula
     permitted by Penal Code Section 1202.4(b).

(Continued)

6

71

In the Case of STEVE KENT BADUE
Info. #: CC241061                                    March 6, 2003

RECOMMENDATION: (Continued)

7.  An additional Restitution Fine of an amount equal to that
    imposed under Penal Code Section 1202.4 be imposed and
    suspended pursuant to Section 1202.45 of the Penal Code.


NOTE: Attorney fees if appropriate.

                              Respectfully submitted,

                              JOHN CAVALLI
                              Chief Probation Officer


                              Edward H. Mattson
                              Deputy Probation Officer
                              408/435-2173

EHM/jm
Attachments

Reviewed by:


Joseph Mensah
Supervising Probation Officer
408/435-2139

The above report has been read and considered by the Court.


                              RISE J. PICHON
                              Judge of the Superior Court
                              Santa Clara County, California


                              7                    **72**

SOCIAL DATA

NAME: Steve Badue        DATE: 3/6/03              INFO #: CC241061

AGE:  37      DOB: 1/4/66    PLACE: Mississippi      INS #:

ADDRESS:
PHONE #: HOME: (     )                WORK: (     )

LENGTH OF RESIDENCE IN COUNTY:        STATE:        USA:

COHABITANTS:

EMERGENCY CONTACT:                    HOME: (     )
ADDRESS:                              WORK: (     )

        NAME              CITY & STATE         TELEPHONE #
FATHER:
MOTHER:

MARITAL STATUS:           SPOUSE:

NUMBER OF CHILDREN:       AGE(S):
LIVES WITH:

EMPLOYMENT HISTORY:
CURRENT/LAST EMPLOYER:              DATES:
CITY & STATE:                       NET PAY: $
REASON FOR LEAVING:                 OCCUPATION:

LONGEST EMPLOYER:                   DATES:
CITY & STATE:                       SALARY: $
REASON FOR LEAVING:                 OCCUPATION:

EDUCATION:                          SPECIAL ED:

TRAINING PROGRAMS:
PROGRAM:                     DATES:        COMPLETED:


HEALTH PROBLEMS/HANDICAPS:

PRESENT TREATMENT PROGRAM:

PREVIOUS TREATMENT PROGRAMS:
NAME & ADDRESS:              DATES:        COMPLETED:


PRIOR CONVICTIONS:  FELONY:   2      MISDEMEANOR: 13
                    JUVENILE: n/a

NOTE: Unless indicated (v), information on this form has **not** been
verified.

**73**

Badue
CC241061

## RULE 4.414: CRITERIA AFFECTING PROBATION

Criteria affecting the decision to grant or deny probation include:

Favorable    Unfavorable

☐         ☑         (a)       Facts relating to the crime, including:

                    (a) (1)   The nature, seriousness, and circumstances of the crime as compared
                              to other instances of the same crime.
                              Comment: *Def. continues the same behavior in choosing*
                              *not to register or follow his requirements*

☐   N/A   ☐         (a) (2)   Whether the defendant was armed with or used a weapon.
                              Comment:

☐   N/A   ☐         (a) (3)   The vulnerability of the victim.
                              Comment:

☐   N/A   ☐         (a) (4)   Whether the defendant inflicted physical or emotional injury.
                              Comment:

☐   N/A   ☐         (a) (5)   The degree of monetary loss to the victim.
                              Comment:

☐         ☑         (a) (6)   Whether the defendant was an <u>active</u> or passive participant.
                              Comment:

☐         ☑         (a) (7)   Whether the crime was committed because of an unusual circumstance,
                              such as great provocation, which is unlikely to recur.
                              Comment:

☑         ☐         (a) (8)   Whether the manner in which the crime was carried out demonstrated
                              criminal sophistication or professionalism on the part of the defendant.
                              Comment:

☐   N/A   ☐         (a) (9)   Whether the defendant took advantage of a position of trust or
                              confidence to commit the crime.
                              Comment:

**74**

Badue
CC241061

## RULE 4.414: CRITERIA AFFECTING PROBATION: (Continued)

| Favorable | Unfavorable | | |
|-----------|-------------|---|---|
| ☐ | ☑ | (b) | Facts relating to the defendant, including: |
| ☐ | ☑ | (b) (1) | Prior record of criminal conduct; whether as an adult or a juvenile, including the recency and frequency of prior crimes; and whether the prior record indicates a pattern of regular or increasingly serious criminal conduct.<br>Comment: *Fails to register* |
| ☐ | ☑ | (b) (2) | Prior performance on probation or parole and present probation or parole status.<br>Comment: *Three parole violation within one year after being released* |
| ☐ | ☑ | (b) (3) | Willingness to comply with the terms of probation.<br>Comment: *Previously stated doesn't want probation* |
| ☐ | ☑ | (b) (4) | Ability to comply with reasonable terms of probation as indicated by the defendant's age, education, health, mental faculties, history of alcohol or other substance abuse, family background and ties, employment and military service history, and other relevant factors.<br>Comment: |
| ☐ | ☑ | (b) (5) | The likely effect of imprisonment on the defendant and his or her dependants.<br>Comment: |
| ☐ | ☑ | (b) (6) | The adverse collateral consequences on the defendant's life resulting from the felony conviction.<br>Comment: |
| ☐ | unknown ☐ | (b) (7) | Whether the defendant is remorseful.<br>Comment: |
| ☐ | ☑ | (b) (8) | The likelihood that if not imprisoned the defendant will be a danger to others.<br>Comment: *The defendant cannot be tracked if he fails to register* |

2

75

Badue
CC214061

## CIRCUMSTANCES IN AGGRAVATION

Applicable Factors are marked:

### CRIME RELATED FACTORS/RULE 4.421

☐   (a) (1)   The crime involved great violence, great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness.

☐   (a) (2)   The defendant was armed with or used a weapon at the time of the commission of the crime.

☐   (a) (3)   The victim was particularly vulnerable.

☐   (a) (4)   The defendant induced others to participate in the commission of the crime or occupied a position of leadership or dominance of other participants in its commission.

☐   (a) (5)   The defendant induced a minor to commit or assist in the commission of the crime.

☐   (a) (6)   The defendant threatened witnesses, unlawfully prevented or dissuaded witnesses from testifying, suborned perjury, or in any other way illegally interfered with the judicial process.

☐   (a) (7)   The defendant was convicted of other crimes for which consecutive sentences could have been imposed but for which concurrent sentences are being imposed.

☐   (a) (8)   The manner in which the crime was carried out indicates planning, sophistication, or professionalism.

☐   (a) (9)   The crime involved an attempted or actual taking or damage of great monetary value.

☐   (a) (10)   The crime involved a large quantity of contraband.

☐   (a) (11)   The defendant took advantage of a position of trust or confidence to commit the offense.

### DEFENDANT RELATED FACTORS/RULE 4.421

☐   (b) (1)   The defendant has engaged in violent conduct, which indicates a serious danger to society.

☑   (b) (2)   The defendant's prior convictions as an adult or sustained petitions in juvenile delinquency proceedings are <u>numerous</u> or of increasing seriousness. *For same offense*

☑   (b) (3)   The defendant has served a prior prison term. [ Used to Enhance ]

☑   (b) (4)   The defendant was on probation or <u>parole</u> when the crime was committed.

☑   (b) (5)   The defendant's prior performance on probation or <u>parole</u> was unsatisfactory.

**76**

- 1 -

Badue
CC214061

STATUTORY AGGRAVATORS:

☐    136.1(f) PC  -    Use of Force to Intimidate Witness

☐    186.22(b)(2) -    Criminal Street Gang Activity that is Committed on the Grounds or Within 1,000 Feet of a School During Hours It is Open or Minors Using the Facility

☐    243.4 PC    -    Sexual Battery of Employee by Employer

☐    502.9 PC    -    Larceny (Theft) of Elder or Dependent Adult

☐    515 PC    -    Embezzlement of Elder or Dependent Adult

☐    525 PC    -    Extortion of Elder or Dependent Adult

☐    1170.7 PC  -    Robbery or Attempted Robbery for Controlled Substances of Pharmacist, Employee, Person with Legal Possession of Same.

☐    1170.71 PC -    288 With Use of Obscene/Harmful Matter.

☐    1170.72 PC -    Controlled Substance Offenses Involving Minors 11 Years Old or Younger.

☐    1170.73 PC -    Quantity, Sections 11377, 11378 or 11378.5 H&SC

☐    1170.74 PC -    Crystalline Form, Sections 11377, 11378, 11379, 11379.6 H&SC

☐    1170.75 PC -    Felony Committed Due to Victim's Race, Color, Religion, Nationality, Ancestry, Disability, Gender, Sexual Orientation or Country of Origin.

☐    1170.76 PC -    Commit 243.4, 245, 273.5 or 273.55 PC by Member of Household or Relative.

☐    1170.78 PC -    451 (Arson) in Retaliation Against Owner/Occupant.

☐    1170.8 PC  -    (a) Robbery or Assault with Deadly Weapon In House of Worship.

    (b) 451 or 453 to Church, Synagogue, Place of Worship or Place Owned by Religious, Educational Worship.

☐    1170.81 PC -    Victim of Attempted Life Term Crime Was a Peace Officer.

☐    1170.82 PC -    Providing Controlled Substance to Person Who is Pregnant, Has Prior Violent Felony Conviction, or is in Psychological Treatment.

☐    1170.84 PC -    Serious Felony – Defendant Engaged in Tying, Binding or Confining Victim.

☐    1170.85 PC -    (a) PC – Felony Assault/Battery to Prevent or Dissuade a Witness or Against One Who Gives Information to Authorities.

    (b) PC – Victim Vulnerable or Unable to Defend Him or Herself Due to Age or Significant Disability.

-2-

77

Badue
CC214061

STATUTORY AGGRAVATORS: (con't)

☐   1170.86 PC -  Felony Conviction of 220, 261, 261.5 266j or 269 Within Safe School Zone With Student Victim.

☐   1170.89 PC -  Firearm Related to Possession, Use, Furnishing or Supplying Firearm Enhancement was Stolen.

☐   11373(b) HS-  Commit 11353, 11354, 11380 After Failure to Complete Court Ordered Education or Treatment Program.

☐   No Aggravators

## CIRCUMSTANCES IN MITIGATION

Applicable Factors are marked:

CRIME RELATED FACTORS/RULE 4.423:

☐   (a) (1)   The defendant was a passive participant or played a minor role in the crime.

☐   (a) (2)   The victim was an initiator of, willing participant in, or aggressor or provoker of the incident.

☐   (a) (3)   The crime was committed because of an unusual circumstance, such as great provocation, which is unlikely to recur.

☐   (a) (4)   The defendant participated in the crime under circumstances of coercion or duress, or the criminal conduct was partially excusable for some other reason not amounting to a defense.

☐   (a) (5)   The defendant, with no apparent predisposition to do so, was induced by others to participate in the crime.

☐   (a) (6)   The defendant exercised caution to avoid harm to persons or damage to property, or the amounts of money or property taken were deliberately small, or no harm was done or threatened against the victim.

☐   (a) (7)   The defendant believed that he or she had a claim or right to the property taken, or for other reasons mistakenly believed that the conduct was legal.

☐   (a) (8)   The defendant was motivated by a desire to provide necessities for his or her family or self.

☐   (a) (9)   The defendant suffered from repeated or continuous physical, sexual, or psychological abuse inflicted by the victim of the crime; and the victim of the crime, who inflicted the abuse, was the defendant's spouse, intimate cohabitant, or parent of the defendant's child; and the facts concerning the abuse do not amount to a defense.

**78**

Badue
CC214061

<u>DEFENDANT RELATED FACTORS/RULE 4.423</u>:

☐    (b) (1)    The defendant has no prior record, or an insignificant record of criminal conduct, considering the recency and frequency of prior crimes.

☐    (b) (2)    The defendant was suffering from a mental or physical condition that significantly reduced culpability for the crime.

☐    (b) (3)    The defendant voluntarily acknowledged wrongdoing prior to arrest or at an early stage of the criminal process.

☐    (b) (4)    The defendant is ineligible for probation and, but for that ineligibility, would have been granted probation.

☐    (b) (5)    The defendant made restitution to the victim.

☐    (b) (6)    The defendant's prior performance on probation or parole was satisfactory.

☑    No Mitigators

**79**

```
JPQH          V39  QUERY SINGLE CEN HISTORY        02/20/2003  11:58 PAGE:  1
               SANTA CLARA COUNTY ARREST AND DISPOSITION HISTORY
PFN: BQN149 LNAM: BADUE           FNAM: STEVE       MNAM: NMN         GEN:
CASE#/PURPOSE: PSI/MATTSON HISTORY NOT REC'D WRONG PFN ON JSGD BGN149
                                                    CONTROLLED DOCUMENT
HAS COMPLIED WITH PC296 ON 09/04/2001
                             PERSON DATA           Released by SCCAPD to:
ALIASES: BADUE         STEVE          KENT     DA: ___✓___ Date _3-3-3_ By: _JM_
         BADUE         STEVE
         BADUE         STEVE               ATT: __✓__ Date __✓__ By: __✓__
         BADUE         STEVE
         BADUE         STEVEN       NMN         Other: __✓__ Date ___✓___ By: __✓__
         BADUE         STEVEN       KENT             3 MORE ALIASES

    ID: 05/01/1998        PHOTO: 09/17/2002       DECEASED:

SEX RACE/TRANSL      DOB        POB    HGHT    WGHT    HAIR       EYES
M  B BLACK       01/04/1966     MS     600     200     BLACK      BROWN

CII:          FBI#:              DANO: 060988      SUPO:
SSN: 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    2 MORE SSNS  DLN: CAC6555444   1 MORE DLNS
CDC: NONE
     S   N   A   G
REG: Y   Y    NEXP: 05/23/2009 AEXP:          GEXP:
TREATMENT CT:
*******************************************************************************
                         ORIGINATING CENS
*******************************************************************************
ORIG CEN    BOOK DATE    BOOK TYPE                  RELEASE       STATUS
02505160    03/04/2002   ARREST WARRANT ISSUANCE
    STAY DT/CD:                     VER IND: NONE
    AAG               ARR OFFCR              OFCN          DASN
    SAN JOSE PD       2836  - MARTINEZ
                           IN PROCESS
----------------------------------------------------------------------------
  CRT-DOCKET: SJ 43470-CC241061    FILED: 03/04/2002   DA CASE #: 020305786
----------------------------------------------------------------------------
  ** ARREST WARRANT ISSUED   03/04/2002 BY SJ 43470-CC241061 CEN: 02505160 **
----------------------------------------------------------------------------
----------------------------------------------------------------------------
            BOOK DATE      BOOK TYPE             RELEASE        STATUS
            09/17/2002     LOCAL ARREST WARRANT                 HELD
 * ARREST WARRANT SERVICE BOOKING SJ 43470-CC241061 CEN: 02505160  09/17/2002
    BOOKING CEN: 02054769        STAY DT/CD:             VER IND: VERIF
    AAG               ARR OFFCR              OFCN      DASN
    SAN JOSE PD       - GOULD               WARRANT
----------------------------------------------------------------------------
  CRT-DOCKET: SU 43100-CC241061    FILED: 10/15/2002   DA CASE #: 020305786
*******************************************************************************
ORIG CEN    BOOK DATE    BOOK TYPE                  RELEASE       STATUS
01034787    06/18/2001   ENROUTE               06/22/2001 06:30  CDC
    STAY DT/CD:                     VER IND: VERIF
    AAG               ARR OFFCR              OFCN          DASN
    CDC - PAROLE      - DAVIS
                           IN PROCESS  Transfered to CDC parole violation
*******************************************************************************
```

80

```
JPQH        V39  QUERY SINGLE CEN HISTORY      02/20/2003  11:58 PAGE:  2
            SANTA CLARA COUNTY ARREST AND DISPOSITION HISTORY
PFN: BGN149 LNAM: BADUE        FNAM: STEVE       MNAM: NMN        GEN:
CASE#/PURPOSE: PSI/MATTSON HISTORY NOT REC'D WRONG PFN ON JSQD BGN149

ORIG CEN    BOOK DATE   BOOK TYPE                      RELEASE      STATUS
01007976    02/09/2001  ENROUTE                        02/16/2001 07:03  CDC
   STAY DT/CD:                            VER IND: VERIF
   AAG                  ARR OFFCR                  OFCN        DASN
   CDC - PAROLE           - T.B.DAVIS
                       IN PROCESS    transferred to CDC parole violation
******************************************************************************
ORIG CEN    BOOK DATE   BOOK TYPE                      RELEASE      STATUS
99056618    10/01/1999  ONVIEW                         02/25/2000 05:56  SANQ
   STAY DT/CD:                            VER IND: VERIF
   AAG                  ARR OFFCR                  OFCN        DASN
   SAN JOSE PD            - MARTINEZ             992741271
   BOOKING CHARGES:           M/F            DSP              DDSP
   HS 11350                    F      CMBND OTHER COUNT/CASE  10/07/1999
   HS 11550                    M      CMBND OTHER COUNT/CASE  10/07/1999
   PC 314.1                    F      TRANSFER PROSECUTION    10/22/1999
   VC 21955                    I      TRAFFIC-NONREPORT DISP  12/09/1999
   VC 40508(A)                 I      TRAFFIC-NONREPORT DISP  12/09/1999
------------------------------------------------------------------------------
   CRT-DOCKET: SJ 43470-H2171746    FILED: 07/13/1999   DA CASE #:
   CHARGE               M/F    PRS    ENHC
   VC 21955              I
   DISPOSITION: DSMSD/INT OF JU PC1385    DDSP: 12/09/1999
   CHARGE               M/F    PRS    ENHC
   VC 40508(A)           M
   DISPOSITION: DSMSD/INT OF JU PC1385    DDSP: 12/09/1999
------------------------------------------------------------------------------
   CRT-DOCKET: SJ 43470-C9947075    FILED: 10/06/1999   DA CASE #: 991028159
   CHARGE               M/F    PRS    ENHC
   PC 314.1              F
   DISPOSITION: HELD TO ANSWER            DDSP: 10/25/1999
   CHARGE               M/F    PRS    ENHC
   HS 11350(A)           F
   DISPOSITION: HELD TO ANSWER            DDSP: 10/25/1999
   CHARGE               M/F    PRS    ENHC
   HS 11550(A)           M      2
   DISPOSITION: CERTIFIED TO SUP CT       DDSP: 10/25/1999
------------------------------------------------------------------------------
   CRT-DOCKET: SU 43100-C9947075    FILED: 11/08/1999   DA CASE #: 991028159
   CHARGE               M/F    PRS    ENHC
   PC 314.1              F
   DISPOSITION: DISMISSED                 DDSP: 01/06/2000
   CHARGE               M/F    PRS    ENHC
   HS 11350(A)           2
   DISPOSITION: CONVICTED                 DDSP: 01/06/2000
      SENTENCE:    02/18/2000
      FEES:        $100.00 DA CRIM LAB FEE
                   $200.00 RESTITUTION FINE
      MISC:        PAY TO DEPT OF REVENUE
      PRISON:      16 MONTHS CALIFORNIA DEPT CORRECTIONS, LOWER TERM,
                   TOTAL CREDIT: 211 DAYS
```

81

```
JPQH          V39  QUERY SINGLE CEN HISTORY        02/20/2003  11:58 PAGE:  3
                 SANTA CLARA COUNTY ARREST AND DISPOSITION HISTORY
PFN: BGN149 LNAM: BADUE            FNAM: STEVE        MNAM: NMN        GEN:
CASE#/PURPOSE: PSI/MATTSON HISTORY NOT REC'D WRONG PFN ON JSQD BGN149

        PRISON ENH:
        NOTE:               ADV 3YRS PAROLE. TOTAL CDC TERM 16MOS.  TRANSPORT
                            FORTHWITH.
        CHARGE              M/F    PRS    ENHC
        HS 11550(A)          M      2
        DISPOSITION: CONVICTED                    DDSP: 01/06/2000
          SENTENCE:         02/18/2000
          JAIL:             211 DAYS COUNTY JAIL CONCURR, TOTAL CREDIT: 211 DAYS
*******************************************************************************
ORIG CEN    BOOK DATE    BOOK TYPE                     RELEASE      STATUS
```

[portions of text redacted/blacked out]

```
*******************************************************************************
ORIG CEN    BOOK DATE    BOOK TYPE                     RELEASE      STATUS
98322292    09/14/1998   ONVIEW                      04/22/1999 23:53  RAC
     STAY DT/CD:                        VER IND: VERIF
     AAG              ARR OFFCR               OFCN         DASN
     SAN JOSE PD       - JIMENEZ            982570197
     BOOKING CHARGES:           M/F       DSP                  DDSP
     PC 290(G)(1)                M       849B-OTHER UNSPECIFIED 09/14/1998
     PC 314.1                    F       TRANSFER PROSECUTION   09/30/1998
     ----------------------------------------------------------------
     CRT-DOCKET: SJ 43470-C9801201    FILED: 09/16/1998   DA CASE #: 980922763
     CHARGE              M/F    PRS    ENHC
     PC 290(G)(2)         F
     DISPOSITION: HELD TO ANSWER              DDSP: 10/05/1998
     CHARGE              M/F    PRS    ENHC
     PC 290(G)(2)         F
     DISPOSITION: HOLDING DENIED              DDSP: 10/05/1998
     CHARGE              M/F    PRS    ENHC
     HS 11350(A)          F
     DISPOSITION: DSMSD/INSUF EVIDENCE        DDSP: 10/05/1998
     ----------------------------------------------------------------
```

**82**

```
JPQH          V39  QUERY SINGLE CEN HISTORY        02/20/2003  11:58 PAGE:  4
                 SANTA CLARA COUNTY ARREST AND DISPOSITION HISTORY
PFN: BQN149 LNAM: BADUE          FNAM: STEVE         MNAM: NMN          GEN:
CASE#/PURPOSE: PSI/MATTSON HISTORY NOT REC'D WRONG PFN ON JSQD BGN149

      CRT-DOCKET: SU 43100-208774    FILED: 10/19/1998    DA CASE #: 980922763
      CHARGE                  M/F    PRS    ENHC
      PC 290(G)(2)                (F) I
      DISPOSITION: CONVICTED               DDSP: 11/02/1998
           SENTENCE:       11/02/1998
           JAIL:           90 DAYS COUNTY JAIL, TOTAL CREDIT: 25 DAYS
           FEES:           $200.00 RESTITUTION FINE
           CJAF FEES:      $141.00
           MISC:           PAY TO DEPT OF REVENUE, SEX REGISTRATION
           PROBATION:      90 DAYS FORMAL PROB TERMINATES ON RLSE
           NOTE:           CJAF/SAN JOSE.
      CHARGE                  M/F    PRS    ENHC
      PC 290(G)(2)                F
      DISPOSITION: DSMSD/VIEW OF PLEA       DDSP: 11/02/1998
****************************************************************************
ORIG CEN     BOOK CEN     BOOK TYPE                  RELEASE       STATUS
98526306     08/18/1998   CRIMINAL CITATION
STAY DT/CD:                        VER IND: NONE
AAG               ARR OFFCR              OFCN        DASN
SJS UNIV PD       W7107 - WONG           981637
BOOKING CHARGES:             M/F         DSP                    DDSP
HS 11550(A)                  M           FILED
--------------------------------------------------------------------------
      CRT-DOCKET: SJ 43470-C9898023    FILED: 08/24/1998    DA CASE #: 980922663
      CHARGE                  M/F    PRS    ENHC
      HS 11550(A)                M
      DISPOSITION: AMENDED MISCELLANEOUS     DDSP: 09/18/1998
      CHARGE                  M/F    PRS    ENHC
      HS 11550(A)                (M) I3   4
      DISPOSITION: CONVICTED               DDSP: 10/27/1998
           SENTENCE:       10/27/1998, IMPOSITION SENT SUSPENDED
                           3 DAYS COUNTY JAIL, ACTUAL CREDIT: 28 DAYS
           FEES:           $100.00 RESTITUTION FINE
           MISC:           NARCOTIC REGISTRATION
           PROBATION:      3 YEARS COURT PROBATION
           PROBATION FINE: $0.00 FINE CONCURRENT
           ORDER CODE:     OBEY ALL LAWS
                           SEARCH   SEARCH/SEIZURE
                           TESTING
           NOTE:           /RV
--------------------------------------------------------------------------
      BOOK DATE      BOOK TYPE              RELEASE          STATUS
      09/14/1998     ONVIEW                 04/22/1999 23:53  RAC
* REMAND BOOKING        * 43470-C9898023 CEN:  98526306
 BOOKING CEN: 98322292       STAY DT/CD:              VER IND: VERIF
AAG               ARR OFFCR              OFCN        DASN
SAN JOSE PD       - JIMENEZ              982570197
****************************************************************************
                   CASES CONVERTED FROM CJIC
****************************************************************************
```

83

```
JPQH        V39  QUERY SINGLE CEN HISTORY        02/20/2003  11:58 PAGE:  5
                SANTA CLARA COUNTY ARREST AND DISPOSITION HISTORY
PFN: BGN149 LNAM: BADUE            FNAM: STEVE        MNAM: NMN          GEN:
CASE#/PURPOSE: PSI/MATTSON HISTORY NOT REC'D WRONG PFN ON JSQD BGN149

  CEN      BOOK DATE    BOOK TYPE                      RELEASE      STATUS
9437632   09/26/1994   ONVIEW                        09/26/1994 22:40  SCIT
   STAY DT/CD:                          VER IND: UNKNOWN
   AAG               ARR OFFCR                 OFCN           DASN
   SAN JOSE PD    2006  -                 942690772
   BOOKING CHARGES:            M/F         DSP                     DDSP
   HS 11364                    M     849B-OTHER UNSPECIFIED   09/26/1994
   HS 11550                    M     CMBND OTHER COUNT/CASE   10/05/1994
   PC 314                      M     CMBND OTHER COUNT/CASE   10/05/1994
------------------------------------------------------------------------
   CRT-DOCKET: SJ 43470-C9411043    FILED: 10/05/1994   DA CASE #:
   CHARGE              M/F    PRS    ENHC
   PC 314.1             F
   DISPOSITION: HELD TO ANSWER            DDSP: 07/25/1995
   CHARGE              M/F    PRS    ENHC
   HS 11550(A)          M
   DISPOSITION: AMENDED PER PC17         DDSP: 11/21/1994
   CHARGE              M/F    PRS    ENHC
   HS 11550(A)          M      3
   DISPOSITION: CERTIFIED TO SUP CT      DDSP: 07/25/1995
------------------------------------------------------------------------

          BOOK DATE    BOOK TYPE              RELEASE          STATUS
         06/27/1995   LOCAL BENCH WARRANT   09/25/1995 20:40  SREL
 *  BENCH WARRANT SERVICE BOOKING SJ 43470-C9411043 CEN: 9437632  06/27/1995
   BOOKING CEN: 95024967      STAY DT/CD:                VER IND: NONE
   AAG               ARR OFFCR                 OFCN           DASN
   SAN JOSE PD    1454  - PORTER
------------------------------------------------------------------------
   CRT-DOCKET: SU 43100-182210    FILED: 08/07/1995   DA CASE #:
   CHARGE              M/F    PRS    ENHC
   PC 314.1           (M) 12
   DISPOSITION: CONVICTED                DDSP: 09/25/1995
      SENTENCE:       09/25/1995
      JAIL:           91 DAYS COUNTY JAIL, TOTAL CREDIT: 91 DAYS
      FEES:           $100.00 RESTITUTION FINE
      MISC:           PAY TO DEPT OF REVENUE
      PROBATION:      91 DAYS FORMAL PROBATION
   CHARGE              M/F    PRS    ENHC
   HS 11550(A)        (M) 11   3
   DISPOSITION: CONVICTED                DDSP: 09/25/1995
      SENTENCE:       09/25/1995
      JAIL:           91 DAYS COUNTY JAIL, TOTAL CREDIT: 91 DAYS
      PROBATION:      91 DAYS FORMAL PROBATION
************************************************************************
  CEN      BOOK DATE    BOOK TYPE                      RELEASE      STATUS
9419755   05/20/1994   ONVIEW                        09/23/1994 23:30  SREL
   STAY DT/CD:                          VER IND: UNKNOWN
   AAG               ARR OFFCR                 OFCN           DASN
   SJS UNIV PD    J7503  -                941400864
```

**84**

```
JPGH          V39  QUERY SINGLE CEN HISTORY        02/20/2003  11:58 PAGE:  6
                  SANTA CLARA COUNTY ARREST AND DISPOSITION HISTORY
PFN: BGN149 LNAM: BADUE            FNAM: STEVE         MNAM: NNN        GEN:
CASE#/PURPOSE: PSI/MATTSON HISTORY NOT REC'D WRONG PFN ON JSQD BGN149
```

```
      BOOKING CHARGES:            M/F            DSP                      DDSP
      PC 243(B)                    M             849B-OTHER UNSPECIFIED  05/20/1994
      PC 647(C)                    M             PRIOR BOOKING          05/20/1994
      HS 11550(A)                  M             PRIOR BOOKING          05/20/1994
      MC 13.44.140                 M             TRAFFIC-NONREPORT DISP 05/20/1994
      PC 647(C)                    M             FILED
```
--------------------------------------------------------------------
```
  CRT-DOCKET: SJ 43470-H1234713    FILED: 08/24/1993   DA CASE #:
  CHARGE              M/F   PRS   ENHC
  MC 13.44.140         I
  DISPOSITION: CONVICTED                    DDSP: 05/24/1994
      SENTENCE:     05/24/1994, SENTENCE SUSPENDED
```
--------------------------------------------------------------------
```
  CRT-DOCKET: SJ 43470-C9483381    FILED: 03/24/1994   DA CASE #:
  CHARGE              M/F   PRS   ENHC
  PC 647(C)            M
  DISPOSITION: DISMISSED                    DDSP: 05/24/1994
```
--------------------------------------------------------------------
```
  CRT-DOCKET: SJ 43470-C9492377    FILED: 05/23/1994   DA CASE #:
  CHARGE              M/F   PRS   ENHC
  PC 243.1            (M)/o
  DISPOSITION: CONVICTED                    DDSP: 05/31/1994
      SENTENCE:     05/31/1994
      JAIL:         30 DAYS COUNTY JAIL CONSECTV
      NOTE:         CTS 12D,CNS/ANY & C9481487,COMMITTED.. KH
```
*****************************************************************

███████████████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████████████

*****████████████████████████████████████████████*

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

*****************************************************************
```
CEN        BOOK DATE     BOOK TYPE                                STATUS
9351040    12/27/1993    ONVIEW                 RELEASE           SCIT
STAY DT/CD:                                     12/27/1993 09:00
                                        VER IND: UNKNOWN
AAG               ARR OFFCR             OFCN          DASN
SAN JOSE PD       2938  -               933610180
   BOOKING CHARGES:          M/F        DSP                      DDSP
   HS 11550(A)                M          FILED
```
--------------------------------------------------------------------

85

```
JPQH        V39  QUERY SINGLE CEN HISTORY    02/20/2003  11:58 PAGE:  7
              SANTA CLARA COUNTY ARREST AND DISPOSITION HISTORY
PFN: BQN149 LNAM: BADUE          FNAM: STEVE       MNAM: NMN         GEN:
CASE#/PURPOSE: PSI/MATTSON HISTORY NOT REC'D WRONG PFN ON JSQD BGN149

   CRT-DOCKET: SJ 43470-C9481487    FILED: 02/22/1994  DA CASE #:
   CHARGE              M/F     PRS    ENHC
   HS 11550(A)          M  9    2
   DISPOSITION: CONVICTED               DDSP: 05/31/1994
       SENTENCE:     05/31/1994
       JAIL:         180 DAYS COUNTY JAIL CONSECTV
       NOTE:         CTS 12D,CNS/ANY & OTHER,REG PURS 11590HS,NO PROG. KH
*****************************************************************************
 CEN       BOOK DATE   BOOK TYPE                    RELEASE      STATUS
9350292    12/20/1993   LOCAL BENCH WARRANT         12/21/1993 01:34 ·SCIT
   STAY DT/CD:                    VER IND: UNKNOWN
   AAG            ARR OFFCR             OFCN        DASN
   SJS UNIV PD    L7171 -               933542230
   BOOKING CHARGES:         M/F        DSP                     DDSP
   MC 13.44.140            M           TRAFFIC-NONREPORT DISP 12/20/1994
*****************************************************************************
 CEN       BOOK DATE   BOOK TYPE                    RELEASE      STATUS
9339588    09/25/1993   LOCAL BENCH WARRANT         11/22/1993 06:50  SREL
   STAY DT/CD:                    VER IND: UNKNOWN
   AAG            ARR OFFCR             OFCN        DASN
   SJS UNIV PD    D819 -                932681633
   BOOKING CHARGES:         M/F        DSP                     DDSP
   MC 10.20.140D           M           PRIOR BOOKING           09/25/1993
   HS 11550                M           PRIOR BOOKING           09/25/1993
   PC 242/243(C)           M           COURT FILED CHARGE      09/25/1993
   PC 135                  M           COURT FILED CHARGE      09/25/1993
   HS 11550(A)             M           COURT FILED CHARGE      09/25/1993
   HS 11364                M           COURT FILED CHARGE      09/25/1993
   PC 242/243(C)           M           FILED
   HS 11550(A)             M           FILED
   HS 11364                M           FILED
   PC 135                  M           FILED
   PC 647(B)               M           COMMITMENT ·            10/04/1993
   PC 314.1                M           COMMITMENT              10/04/1993
---------------------------------------------------------------------------
   CRT-DOCKET: SJ 43470-C9348487    FILED: 08/25/1993  DA CASE #:
   CHARGE              M/F     PRS    ENHC
   PC 242/243(C)        M   8
   DISPOSITION: CONVICTED               DDSP: 09/27/1993
       SENTENCE:     09/27/1993
       JAIL:         90 DAYS COUNTY JAIL
       NOTE:         CTS 3 DAYS;REG PURS HS11590. JP
   CHARGE              M/F     PRS    ENHC
   HS 11550(A)          M   7
   DISPOSITION: CONVICTED               DDSP: 09/27/1993
       SENTENCE:     09/27/1993
       JAIL:         90 DAYS COUNTY JAIL CONCURR
       NOTE:         CTS 3 DAYS.
   CHARGE              M/F     PRS    ENHC
   HS 11364             M   6
```

86

```
JPGH        V39  QUERY SINGLE CEN HISTORY        02/20/2003  11:58 PAGE:  8
                SANTA CLARA COUNTY ARREST AND DISPOSITION HISTORY
PFN: BGN149 LNAM: BADUE              FNAM: STEVE      MNAM: NMN          GEN:
CASE#/PURPOSE: PSI/MATTSON HISTORY NOT REC'D WRONG PFN ON JSGD BGN149

      DISPOSITION: CONVICTED                   DDSP: 09/27/1993
         SENTENCE:        09/27/1993
         JAIL:            10 DAYS COUNTY JAIL CONCURR
         NOTE:            CTS 3 DAYS C/C W/CT 1.JP
      CHARGE              M/F    PRS    ENHC
      PC 135               (M)  5
      DISPOSITION: CONVICTED                   DDSP: 09/27/1993
         SENTENCE:        09/27/1993
         JAIL:            10 DAYS COUNTY JAIL CONCURR
         NOTE:            CTS 3DAYS C/C W/CT1.JP
**********************************************************************
  CEN        BOOK DATE    BOOK TYPE                  RELEASE       STATUS
9331181      08/04/1993   ONVIEW                      08/04/1993 17:00  SCIT
   STAY DT/CD:                          VER IND: UNKNOWN
   AAG                                       OFCN          DASN
   SAN JOSE PD        ARR OFCR  I3054 -      932160398
   BOOKING CHARGES:               M/F       DSP                   DDSP
      PC 314                       M         CMBND OTHER COUNT/CASE  08/19/1993
      PC 647(B)                    M         FILED
---------------------------------------------------------------------
   CRT-DOCKET: SJ 43470-C9349405    FILED: 08/19/1993   DA CASE #:
   CHARGE              M/F    PRS    ENHC
   PC 314.1             (M)  4
   DISPOSITION: CONVICTED                   DDSP: 10/04/1993
      SENTENCE:        10/04/1993
      JAIL:            120 DAYS COUNTY JAIL
      NOTE:            HIV TESTING & CSLG WHILE IN CUSTODY;REG PURS PC290;COMM
   CHARGE              M/F    PRS    ENHC
   PC 647(B)            (M)  3
   DISPOSITION: CONVICTED                   DDSP: 10/04/1993
      SENTENCE:        10/04/1993
      JAIL:            120 DAYS COUNTY JAIL CONCURR
      NOTE:            JT CONC W/CT1;COMMITTED.  AB
**********************************************************************
  CEN        BOOK DATE    BOOK TYPE                  RELEASE       STATUS
```

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

```
**********************************************************************
  CEN        BOOK DATE    BOOK TYPE                  RELEASE       STATUS
4324218      07/22/1993   CRIMINAL CITATION
   STAY DT/CD:                          VER IND: UNKNOWN
   AAG                                       OFCN          DASN
   SAN JOSE PD        ARR OFCR  2728 -       931961313
```

87

```
JPQH        V39  QUERY SINGLE CEN HISTORY        02/20/2003  11:58 PAGE:  9
                SANTA CLARA COUNTY ARREST AND DISPOSITION HISTORY
PFN: BGN149 LNAM: BADUE            FNAM: STEVE        MNAM: NMN        GEN:
CASE#/PURPOSE: PSI/MATTSON HISTORY NOT REC'D WRONG PFN ON JSQD BGN149

   BOOKING CHARGES:            M/F            DSP                   DDSP
   HS 11550                    M            FILED
---------------------------------------------------------------------------
    CRT-DOCKET: SJ 43470-C9352084    FILED: 07/28/1993    DA CASE #:
    CHARGE                  M/F    PRS    ENHC
    HS 11550                 (M)
    DISPOSITION: CONVICTED                  DDSP: 09/27/1993
        SENTENCE:            09/27/1993
        JAIL:               90 DAYS COUNTY JAIL CONCURR
        NOTE:               CTS 3 DAYS  C/C W/ANY;REG  HS11590; JP
*************************************************************************
CEN       BOOK DATE    BOOK TYPE                   RELEASE      STATUS
4320390   06/19/1993   CRIMINAL CITATION
   STAY DT/CD:                        VER IND: UNKNOWN
   AAG                   ARR OFFCR          OFCN        DASN
   SAN JOSE PD     2645  -
   BOOKING CHARGES:            M/F            DSP                   DDSP
   MC 10.20.140               M            CMBND OTHER COUNT/CASE 06/22/1993
---------------------------------------------------------------------------
    CRT-DOCKET: SJ 43470-C9346600    FILED: 06/22/1993    DA CASE #:
    CHARGE                  M/F    PRS    ENHC
    MC 10.20.140D            (M) 2
    DISPOSITION: CONVICTED                  DDSP: 09/27/1993
        SENTENCE:            09/27/1993, SENTENCE SUSPENDED
*************************************************************************
CEN       BOOK DATE    BOOK TYPE                   RELEASE      STATUS
9316519   04/23/1993   LOCAL BENCH WARRANT        04/26/1993 23:00  SREL
   STAY DT/CD:                        VER IND: VERIF
   AAG                   ARR OFFCR          OFCN        DASN
   SJS UNIV PD     V4365 -                  931130771
   BOOKING CHARGES:            M/F            DSP                   DDSP
   PC 374.3(A)                I            PRIOR BOOKING        04/23/1993
   PC 148(A)                  M            PRIOR BOOKING        04/23/1993
   VC 21456(B)                I            PRIOR BOOKING        04/23/1993
*************************************************************************
CEN       BOOK DATE    BOOK TYPE                   RELEASE      STATUS
9066968   12/10/1990   ONVIEW                     12/10/1990 21:50  SCIT
   STAY DT/CD:                        VER IND: UNKNOWN
   AAG                   ARR OFFCR          OFCN        DASN
   SAN JOSE PD     2342  -                  903440611
   BOOKING CHARGES:            M/F            DSP                   DDSP
   PC 148(A)                  M            FILED
   VC 21456(B)                I            FILED
---------------------------------------------------------------------------
    CRT-DOCKET: SJ 43470-C9131927    FILED: 02/19/1991    DA CASE #:
    CHARGE                  M/F    PRS    ENHC
    PC 148(A)                (M) 1
    DISPOSITION: CONVICTED                  DDSP: 04/26/1993
        SENTENCE:            04/26/1993
        JAIL:               4 DAYS COUNTY JAIL
        NOTE:               CTS. 4 DYS.
```

88

```
JPGH        V39  QUERY SINGLE CEN HISTORY        02/20/2003  11:58 PAGE: 10
                SANTA CLARA COUNTY ARREST AND DISPOSITION HISTORY
PFN: BGN149 LNAM: BADUE           FNAM: STEVE      MNAM: NMN         GEN:
CASE#/PURPOSE: PSI/MATTSON HISTORY NOT REC'D WRONG PFN ON JSGD BGN149

    CHARGE .              M/F     PRS   ENHC
    VC 21456(B)            I
    DISPOSITION: CONVICTED                  DDSP: 04/26/1993
       SENTENCE:     04/26/1993, SENTENCE SUSPENDED
**************************************************************************
  CEN      BOOK DATE    BOOK TYPE                       RELEASE     STATUS
8557428    11/07/1985   LOCAL ARREST WARRANT           11/26/1985 10:30  A
    STAY DT/CD:                          VER IND: UNKNOWN
    AAG              ARR OFFCR               OFCN           DASN
    OTHER            T4369 -                 CYA HOLD
    BOOKING CHARGES:          M/F            DSP                     DDSP
    WI 1767.3                 F              TRANSFER PROSECUTION   11/07/1985
**************************************************************************
```



```
                                                                   DDSP
**************************************************************************
  CEN      BOOK DATE    BOOK TYPE                       RELEASE     STATUS
8253003    03/17/1982   ONVIEW                         04/17/1982 15:00  A
    STAY DT/CD:                          VER IND: UNKNOWN
    AAG              ARR OFFCR               OFCN           DASN
    OTHER            B1210 -                 NONE
                        IN PROCESS
----------------------------------------------------------------------
  ·  CRT-DOCKET: SJ 43470-C8270848    FILED: 04/02/1982   DA CASE #:
**************************************************************************
      THIS INFORMATION IS CONFIDENTIAL AND FOR OFFICIAL USE ONLY
                       DO NOT DUPLICATE

*** END OF LIST ***
```

10/30/97   San Joaquin County
           docket # 97-21844 or SC062423A
           314.1 PC felony
           5 yrs probation, 6 mos. jail

**89**

```
                                                              CASE NO.      CC241061
          SUPERIOR COURT                                      CEN           02505160
          190 WEST HEDDING STREET
          SAN JOSE, CA 95110           DATE    03/06/2003  1:30 PM  DEPT.   36
PEOPLE VS.  STEVE BADUE                         01/04/1966 CAC0655444
L.K.A.                     TRANSIENT  CLERK   J.OLIVAREZ              BGN149 M
                                      HEARING  PROBATION AND SENTENCING
JUDGE     HON. RISE J. PICHON         AGENCY   SJ-04313-2836 -MARTINEZ
REPORTER  T. NORRIS J. ROCHA          STATUS   I-SET -100000           TW    ?
DEF. ATTY. DANTO, PANDY    D.A. S. DICK        APO    D-SALAS
CHARGES   F(C01) PC290(G)(2)
                                                            VIOLATION DATE
                                                            02/27/2002
```

**NEXT APPEARANCE**

| | |
|---|---|
| ☑ Defendant Present ☐ Not Present | ☑ Atty Present  R·DANTO     AD ☑(PD) Legal Aide / Special App |
| ☐ WFA ☐ Arr'd ☐ Amended complt | ☐ Arr ☐ Plea ☐ IDC ☐ Prob / Sent    ☐ Interp___ |
| ☐ PC977 Waiver ☐ Filed ☐ On file | ☐ Bail/ OR/ SORP ☐ Rect Dr Rpt ☐ FAR  ☐ Pretrial Services to Contact Gateway for Assm't |
| ☐ NG ☐ Entered by CRT ☐ NGBRI / Adv | ☐ PSet ☐ Prelim ☐ PTC ☐ S/B MTC  ☐ Bail Reinstated ☐ Bail Exonerated |
| ☐ Priors / Allegations / Enhancements Denied | ☐ Further ☐ Jury ☐ CT ☐ Peo/Del Wav Jury  ☐ Forfeited    Bond #___ |
| ☐ TW ☐ TNW ☐ TW / WD ☐ for Sent | ☐ Proof of___  ☐ Reassumption Filed ☐ Forfeiture Set Aside |
| ☐ Ref / Appt PD / ADO ☐ Conflict Decl | ☐ Ref'd___  ☐ $___  Costs Within 30 Days to Court |
| ☐___ Relieved___ Appt'd | ☐ Crim Proc Susp ☐ Rein  SORP / OR ☐ Revoked ☐ Reinstated |
| ☐ Hrg on Motion___ | ☐ Doubt Decl Pursuant PC 1368  ☐ BW Ordered $___ ☐ Stayed |
| ☐ Granted ☐ Den ☐ Subm ☐ OC | ☐ Subm on rept ☐ Found  ☐ BW Set Aside ☐ Recalled ☐ To Issue |
| ☐ Drs. Appointed___ | ☐ Max Term___ ☐ Committed___  Other:___ |
| ☐ Prelim Waived ☐ Certified to General Jurisdiction ☐ MDA / COM Amended to___  ATTORNEY FEES WAIVED |

**PLEA Conditions:** ☐ None ☐ No State Prison ☐ PC17 after 1 Yr Prob ☐ Includes VOP___
☐ Jail / Prison Term of___
☐ Dismissal / Striking___    ☐ Subm time of sent
☐ Adv ☐ Max Pen ☐ Parole/Probation ☐ Appeal ☐ Immig ☐ Reg PC290/HS11590/PC457.1/PC186.30 ☐ Future serious felony prior ☑ PC12021 (gun)
☐ Waives Constit Rights ☐ Written Waiver filed ☑ PC17 REDUCTION ☐ Waives Arbuckle ☐ Harvey Stip___
☐ COP PLEADS ☐ GUILTY ☐ NOLO CONTENDERE to charges & admits enhs/priors (see below) ☐ Factual Basis found ☐ Findings stated
☐ Notice of Eligibility Filed ☐ DEJ Granted ☐ Rpt to DADS ☐ DEJ Rein ☐ DEJ Term ☐ Guilty Plea Rendered
☐ Waives Referral ☐ Ref'd to APO Full Rpt ☑ PROBATION DENIED   **FINES/FEES:** PAY TO ☐ Ref to DOR ☐ COURT
☐ Sentenced to___ State Prison/County Jail ☐ Sent Suspended   COUNT___ $___ + PA $___ ☐ Purs HS11350d
**PROBATION** ☐ Execution ☐ Imposition of sentence suspended for probation period   COUNT___ $___ + PA $___
☐ COURT ☐ FORMAL PROBATION GRANTED for___ Days / Mos / Yrs   DPF / AIDS $___ + PA $___
☐ Report to APO within___ Days ☐ Upon Release ☐ Terminated   DRF /☑GP $ 400 Add'l RFS 400 Susp'd PC1202.45
☐ Commun Altern Program ☐ Perform___ hrs Volunteer Work   DEJ $___ CTS PC 2900.5___
☐ Submit Search / Testing ☐ Educ / Voc Tmg / Empl   AEF $___ **TOTAL DUE** $___
☐ Not drive w/o valid DL & Ins ☐ DVPO issued / mod / term Exp___   ADPA $___ ☐ Committed @ $___/Day
☑ Not own/possess deadly weapons ☑ Weapon ordered destroyed   LAB $___ ☐ Consec/Conc to___
☐ No contact w/victim or family / co-defts unless appr by APO ☐ PC1202.05   NC $___ ☐ Payments Granted / Modified
☐ No alcohol / drugs or where sold ☐ Restitution___   ASF / CPF $___ $___ / Mo beginning___
☐ PC296 (DNA) ☐ PC1202.1 (Aids Testing) ☐ Aids Education Program   AR $___ ☐ FINE STAYED___
Other:  NOTICE OF APPEAL FILED   SHELTER $___ ☐ Fine Deemed Satisfied ☐ Commuted
**VOP:** ☐ Arr'd VOP ☐ Admits/Denies Violation ☐ Court Finds VOP / No VOP   DV $___ ☐ Vol Wk___ Hrs in Lieu of Fine
☐ Prob Rein / Mod / Term / Revoked / Remains Revoked / Ext to___   ATTY $___ ☐ DSA thru APO / DOR / CRT ☐ Filed
☐ Original Terms & Conditions Except as Amended Herein   P/INV $___ ☐ P/SUP $___ /Mo
Coterminous with___ ☐ No Further Penalties   CJAF $___ ___ to___
**JAIL/PRISON** ☐ See Attachm't Pg for Add'l Orders, Charges, PC1385 Reasons   ☐ Restitution $___
                                        ☐ Referred to VWAC ☐ As Determined APO / CRT

| Count | F/M | Prison Term / Yrs | Enhancement / Priors | Yrs / Styd / Strkn | County Jail |
|---|---|---|---|---|---|
| I | F | PC290(G)(2) (M) 2 YR. | | | |
| | | | | | |
| | | | | | |
| | | | | | |

| Enhancement | Yrs/S | Enhancement | Yrs/S | Enhancement | Yrs/S | Enhancement | Yrs/S | Enhancement | Yrs/S | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| PC667.5(b) 1 YR → STRICKEN PURSUANT TO PC1385 | | | | | | | | (90) | | / |

CTS = **144**  ACT + **72**  ☐ PC4019 ☐ PC2933.1 = **216**  **TOTAL DAYS**___  **TOTAL TERM** **2 YEARS**
☑ Straight time ☐ WWP ☐ PC1209 Fees ☐ Waived ☐ Court Rec___  ☐ Except ☑ EMP/PSP/WF/ERP/DRP/Co Parole/NP
☐ Sent Deemed Srvd ☐ Rpt to Local Parole ☐ Adv of **3** Yrs Parole/Appeal Rights ☐ Consec ☐ Conc to___
☐ Bal CJ Susp ☐ All but___ Days/Mos ☐ On Cond Complete Residential Treatment Prgm ☐ Serve Consec MO/TU/WE/TH/FR/SA/SU
☐ Pre-process___ AM/PM ☐ Stay/Surrender Transport to___ @___ AM/PM or Sooner

☐ REMANDED-BAIL $___ ☐ NO BAIL ☐ COMMITTED   ☐ RELEASED ☐ OR ☐ SORP ☐ DOC TO CONTACT JAC FOR ASSM'T
☐ AS COND OF SORP ☐ BAIL INCREASED / REDUCED   ☐ TO PRGM AS REC BY JAC-DOC TO TRANSPORT FOR BALANCE OF JAIL

DISTRIBUTION:   BLACK - FILE COPY,   GREEN - DOC,   BLUE - CJIC,   PURPLE - DOR/PROBATION,   BROWN - DEFENDANT

**ABSTRACT OF JUDGMENT – PRISON COMMITMENT – DETERMINATE
SINGLE, CONCURRENT OR FULL-TERM CONSECUTIVE COUNT FORM**
[Not to be used for multiple count convictions or for 1/3 consecutive sentences.]                CR-290.1

| | |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA | |
| BRANCH OR JUDICIAL DISTRICT    HOJ | |
| PEOPLE OF THE STATE OF CALIFORNIA vs. | |
| DEFENDANT: STEVE BADUE    DOB: 01-04-66 | CASE NUMBER |
| AKA: STEVE KENT BADUE | CC241061 |
| CII#: | |
| BOOKING INFORMATION: PFN BQN149  CEN: 02505160 | |
| ☐ NOT PRESENT | |
| COMMITMENT TO STATE PRISON  ☐ AMENDED ABSTRACT | |
| ABSTRACT OF JUDGMENT | |

| DATE OF HEARING | DEPT. NO. | JUDGE |
|---|---|---|
| 03-06-03 | 36 | RISE J. PICHON |

| CLERK | REPORTER | PROBATION NUMBER OR PROBATION OFFICER |
|---|---|---|
| J. OLIVAREZ | J. ROCHA | D. SALAS |

| COUNSEL FOR PEOPLE | | COUNSEL FOR DEFENDANT | |
|---|---|---|---|
| S. DICK | ☐ State Attorney General | R. DANTO | ☒ APPTD. |

1. Defendant was convicted of the commission of the following felony:

| CNT. | CODE | SECTION NO. | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION (Month/Date/Year) | CONVICTED BY Jury | Court | Plea | TERM L, M, U | TIME IMPOSED YRS. | MOS. |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | PC | 290(G)(2) | FAIL TO REGISTER AT DOB W/ PRIOR CONVICTION | 2002 | 10-14-02 | | | X | M | 2 | 0 |

2. ENHANCEMENTS charged and found to be true TIED TO SPECIFIC COUNTS (mainly in the PC 12022 series). List each count enhancement horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST ANY STRICKEN ENHANCEMENTS.

| COUNT | ENHANCEMENT | YS | ENHANCEMENT | YS | ENHANCEMENT | YS | ENHANCEMENT | YS | TOTAL |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |

3. ENHANCEMENTS charged and found to be true FOR PRIOR CONVICTION OR PRISON TERMS (mainly in the PC 667 series). List all enhancements horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST ANY STRICKEN ENHANCEMENTS.

| ENHANCEMENT | YS | ENHANCEMENT | YS | ENHANCEMENT | YS | ENHANCEMENT | YS | TOTAL |
|---|---|---|---|---|---|---|---|---|
| PC667.5(B) | **S | | | | | | | |

4. ☐ Defendant was sentenced pursuant to PC 667 (b)-(i) or PC 1170.12 (two-strikes).
5. FINANCIAL OBLIGATIONS (including any applicable penalty assessments):
   Restitution Fine of: **$400** per PC 1202.4(b) or PC 2085.5; **$400** per PC 1202.45 suspended unless parole is revoked.
   Restitution per PC 1202.4(f): ☐_____ / ☐ Amount to be determined   to: ☐ victim(s)*  ☐ Restitution Fund
   (*List victim name(s) if known and amount breakdown in item 7, below.)
   Fine(s) [PA included]: $_____ per PC 1202.5.  $_____ per VC 23550 or _____ days ☐ county jail ☐ prison in lieu of fine ☐ CC ☐ CS
   Lab Fee $_____ per HS 11372.5(a) for counts _____ ☐ Drug Program Fee of $150 + PA _____ per HS 11372.7(a).
6. TESTING:  a. ☐ AIDS pursuant to PC 1202.1   b. ☐ DNA pursuant to PC 296   c. ☐ other (specify):
7. Other orders (specify): ATTY FEES WAIVED; PC12021(GUN); PROB DENIED; NOT OWN/POSSESS DEALY WEAPONS; NOTICE OF APPEAL FILED
   **PUNISHMENT STRICKEN PURS PC1385; ADV 3YRS PAROLE.

| 8. | TOTAL TIME IMPOSED excluding county jail term: | 2 | 0 |
|---|---|---|---|

9. ☐ This sentence is to run concurrent with (specify):
10. Execution of sentence imposed
    a. ☒ at initial sentencing hearing.                    d. ☐ at resentencing per recall of commitment. (PC 1170(d).)
    b. ☐ at resentencing per decision on appeal.           e. ☐ other (specify):
    c. ☐ after revocation of probation.

| 11. | DATE SENTENCE PRONOUNCED | CREDIT FOR TIME SPENT IN CUSTODY | TOTAL DAYS: INCLUDING: | ACTUAL LOCAL TIME 144 | LOCAL CONDUCT CREDITS 72 | ☒ 4019 ☐ 2933.1 | SERVED TIME IN STATE INSTITUTION (number of days) ☐ DMH  ☐ CDC  ☐ CRC |
|---|---|---|---|---|---|---|---|
| | 03-06-03 | 216 | | | | | |

12. The defendant is remanded to the custody of the sheriff  ☒ forthwith  ☐ after 48 hours excluding Saturdays, Sundays, and holidays.
To be delivered to: ☒ reception center designated by Director, California Department of Corrections.
                    ☐ Other (specify):

CLERK OF THE COURT: I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

| DEPUTY'S SIGNATURE | DATE |
|---|---|
| TERESA TRAN    *Teesa Tran* | 03-07-03 |

This form is prescribed under PC 1213.5 to satisfy the requirements of PC 1213 for determinate sentences. Attachments may be used but must be referred to in this document.

| Form Adopted for Mandatory Use | ABSTRACT OF JUDGMENT – PRISON COMMITMENT – DETERMINATE | Penal Code |
|---|---|---|
| Judicial Council of California | SINGLE, CONCURRENT, OR FULL-TERM CONSECUTIVE COUNT FORM | §§ 1170, 1213, 1213.5 |
| CR-290.1 [Rev. January 1, 2003] | | |

**91**

Criminal Case No. 241061

1
2
3
4
5
6
7
8    Superior Court Of California
9    County Of Santa Clara
10
11   People of the State
12      of California,                    No. CC 241061
13   Plaintiff,
14          vs.                           Notice Of Appeal
15   Steve Badue ,
16   Defendant.
17
18   Notice of appeal
19       Notice of appeal, is hereby gave in the above entitled court,
20   from the court's judgment entered in on  February 3, 2003 and
21   March 6, 2003 .
22
23   I declare by penalty of perjury, and by the laws of the State of
24   California, that the above statement is true and correct.
25   Signature of declarant: Steve Badue
26   Date of signature: March 6, 2003
                                                     92
27

         Notice Of Appeal                              Page 1 of 1

FILED

MAR 0 6 2003

JOSE OLIVAREZ     DEPUTY

Criminal Case No. 241061.

1
2
3
4
5
6
7

FILED

MAR 0 6 2003

KIRI DOGGS
CHIEF TRIAL CLERK
Superior Court of California County of Santa Clara
BY ___JOSE OLIVAREZ___ DEPUTY

8   Superior Court Of California
9   County Of ___Santa Clara___
10
11  People of the State
12      of California,                    No,_____
13  Plaintiff,
14          vs.                           Motion To Appoint Counsel
15  Steve Badure ,                        (GC 15421)
16  Defendant.
17
18  Motion to appoint counsel
19      Motion is hereby made for the appointment of counsel, in
20  the above entitled court, on appeal because defendant is indigent
21  and unable to retain private counsel, see, Douglas v. California (1963)
22  372 U.S. 353, 354-355 (83 S.Ct. 814, 9 L.Ed.2d 811).
23
24  I declare by penalty of perjury, and by the laws of the State of
25  California, that the above statement is true and correct.
26  Signature of declarant: Steve Badure
27  Date of signature: March 6, 2003                      **93**

    Motion To Appoint Counsel (GC 15421)              Page 2 of 2

*Cal Gov Code § 15421*
DEERING'S CALIFORNIA CODES ANNOTATED
Copyright (c) 2003 by Matthew Bender & Company, Inc.
a member of the LexisNexis Group.
All rights reserved.
*** THIS SECTION IS CURRENT THROUGH THE 2003 SUPPLEMENT ***
(2001-2002 SESSION)
GOVERNMENT CODE
TITLE 2. Government of the State of California
DIVISION 3. Executive Department
PART 7. State Public Defender
CHAPTER 2. Duties and Powers

GO TO CODE ARCHIVE DIRECTORY FOR THIS JURISDICTION
Cal Gov Code § 15421 (2003)
§ 15421. Authorized representation

Upon appointment by the court or upon the request of the person involved the State Public Defender is authorized to represent any person who is not financially able to employ counsel in the following matters:

(a) An automatic appeal to the Supreme Court under Section 11 of Article VI of the California Constitution and subdivision (b) of Section 1239 of the Penal Code.

(b) A petition for a writ of certiorari to the United States Supreme Court with respect to a judgment on the automatic appeal to the Supreme Court under Section 11 of Article VI of the California Constitution and subdivision (b) of Section 1239 of the Penal Code.

(c) An appeal in a noncapital, criminal case as long as the State Public Defender is fulfilling the responsibilities to provide representation imposed pursuant to subdivisions (a) and (b), or the State Public Defender determines that taking a limited number of those cases is necessary for staff training.

*372 U.S. 353, \*; 83 S. Ct. 814, \*\*;*
*9 L. Ed. 2d 811, \*\*\*; 1963 U.S. LEXIS 1943*
DOUGLAS ET AL. v. CALIFORNIA
No. 34
SUPREME COURT OF THE UNITED STATES
372 U.S. 353; 83 S. Ct. 814; 9 L. Ed. 2d 811; 1963 U.S. LEXIS 1943

April 17, 1962, Argued
March 18, 1963, Decided
**SUBSEQUENT HISTORY:**

Restored to the calendar for reargument June 25, 1962. Reargued January 16, 1963.

**PRIOR HISTORY:** CERTIORARI TO THE DISTRICT COURT OF APPEAL OF CALIFORNIA, SECOND APPELLATE DISTRICT.

**DISPOSITION:** 187 Cal. App. 2d 802, 10 Cal. Rptr. 188, judgment vacated and cause remanded.

**CASE SUMMARY**



**LexisNexis(TM) HEADNOTES - Core Concepts - Show Concepts**
Show Lawyers' Edition Display

**SYLLABUS:** In a California State Court, petitioners were tried jointly, convicted of 13 felonies and sentenced to imprisonment. Exercising their only right to appeal as of right, they appealed to an intermediate Court of Appeals, and, being indigent, applied to it for appointment of counsel to assist them on appeal. In accordance with a state rule of criminal procedure, that Court made an *ex parte* examination of the record, determined that appointment of counsel for petitioners would not be "of advantage to the defendant or helpful to the appellate court" and denied appointment of counsel. Their appeal was heard without assistance of counsel and their convictions were affirmed. The State Supreme Court denied a discretionary review. *Held*: Where the merits of the one and only appeal an indigent has as of right are decided without benefit of counsel in a state criminal case, there has been a discrimination between the rich and the poor which violates the Fourteenth Amendment. Pp. 353-358.

**COUNSEL:** Marvin M. Mitchelson and Burton Marks reargued the cause for petitioners. With them on the briefs were A. L. Wirin, Fred Okrand and Nanette Dembitz.

William E. James, Assistant Attorney General of California, and Jack E. Goertzen, Deputy Attorney General, argued the cause for respondent. With them on the briefs was Stanley Mosk, Attorney General.

**JUDGES:** Warren, Black, Douglas, Clark, Harlan, Brennan, Stewart, White, Goldberg

1

OPINIONBY: DOUGLAS

OPINION: [*353] [***812] [**815] MR. JUSTICE DOUGLAS delivered the opinion of the Court.

Petitioners, Bennie Will Meyes and William Douglas, were jointly tried and convicted in a California court on an information charging them with 13 felonies. A single [*354] public defender was appointed to represent them. At the commencement of the trial, the defender moved for a continuance, stating that the case was very complicated, [***813] that he was not as prepared as he felt he should be because he was handling a different defense every day, and that there was a conflict of interest between the petitioners requiring the appointment of separate counsel for each of them. This motion was denied. Thereafter, petitioners dismissed the defender, claiming he was unprepared, and again renewed motions for separate counsel and for a continuance. These motions also were denied, and petitioners were ultimately convicted by a jury of all 13 felonies, which included robbery, assault with a deadly weapon, and assault with intent to commit murder. Both were given prison terms. Both appealed as of right to the California District Court of Appeal. That court affirmed their convictions. 187 Cal. App. 2d 802, 10 Cal. Rptr. 188. Both Meyes and Douglas then petitioned for further discretionary review in the California Supreme Court, but their petitions were denied without a hearing. n1 187 Cal. App. 2d, at 813, 10 Cal. Rptr., at 195. We granted certiorari. 368 U.S. 815.

- - - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - - -

n1 While the notation of a denial of hearing by the California Supreme Court indicates that only Meyes petitioned that Court for a hearing, and is silent as to Douglas' attempts at further review, the record shows that the petition for review was expressly filed on behalf of Douglas as well. Both Meyes and Douglas, therefore, have exhausted their state remedies and both cases are properly before us. 28 U. S. C. § 1257 (3).

- - - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - - -

Although several questions are presented in the petition for certiorari, we address ourselves to only one of them. The record shows that petitioners requested, and were denied, the assistance of counsel on appeal, even though it plainly appeared they were indigents. In denying petitioners' requests, the California District Court of Appeal stated that it had "gone through" the record [*355] and had come to the conclusion that "no good whatever could be served by appointment of counsel." 187 Cal. App. 2d 802, 812, 10 Cal. Rptr. 188, 195. The District Court of Appeal was acting in accordance with a California rule of criminal procedure which provides that state appellate courts, upon the request of an indigent for counsel, may make "an independent investigation of the record and determine whether it would be of advantage to the defendant or helpful to the appellate court to have counsel appointed. . . . After such investigation, appellate courts should appoint counsel if in their opinion it would be helpful to the defendant or the court, and should deny the appointment of counsel only if in their judgment such appointment would be of no value to either the defendant or the court." *People* v. *Hyde*, 51 Cal. 2d 152, 154, 331 P. 2d 42, 43.

[***HR1] [1]

We agree, however, with Justice Traynor of the California Supreme Court, who said that the "denial of counsel on appeal [to an indigent] would seem to be a discrimination at least as invidious as that condemned in *Griffin* v. *Illinois* . . . ." *People* v. *Brown*, 55 Cal. 2d 64, 71, 357 P. 2d 1072, 1076 (concurring opinion). In *Griffin* v. *Illinois*, 351 U.S. 12, we held that a State may not grant appellate review in such a way as to discriminate against some convicted defendants on account of their poverty. There, as in *Draper* v. *Washington, post,* p. 487, the right to a free transcript on appeal was in issue. Here the issue is whether or not an indigent shall be [***814] denied the assistance of counsel on appeal. [**816] In either case the evil is the same: discrimination against the indigent. For there can be no equal justice where the kind of an appeal a man enjoys "depends on the amount of money he has." *Griffin* v. *Illinois, supra,* at p. 19.

In spite of California's forward treatment of indigents, under its present practice the type of an appeal a person is afforded in the District Court of Appeal hinges [*356] upon whether or not he can pay for the assistance of counsel. If he can the appellate court passes on the merits of his case only after having the full benefit of written briefs and oral argument by counsel. If he cannot the appellate court is forced to prejudge the merits before it can even

2

determine whether counsel should be provided. At this stage in the proceedings only the barren record speaks for the indigent, and, unless the printed pages show that an injustice has been committed, he is forced to go without a champion on appeal. Any real chance he may have had of showing that his appeal has hidden merit is deprived him when the court decides on an *ex parte* examination of the record that the assistance of counsel is not required.

[***HR2] [2]

We are not here concerned with problems that might arise from the denial of counsel for the preparation of a petition for discretionary or mandatory review beyond the stage in the appellate process at which the claims have once been presented by a lawyer and passed upon by an appellate court. We are dealing only with the *first appeal*, granted as a matter of right to rich and poor alike (Cal. Penal Code §§ 1235, 1237), from a criminal conviction. We need not now decide whether California would have to provide counsel for an indigent seeking a discretionary hearing from the California Supreme Court after the District Court of Appeal had sustained his conviction (see Cal. Const., Art. VI, § 4c; Cal. Rules on Appeal, Rules 28, 29), or whether counsel must be appointed for an indigent seeking review of an appellate affirmance of his conviction in this Court by appeal as of right or by petition for a writ of certiorari which lies within the Court's discretion. But it is appropriate to observe that a State can, consistently with the Fourteenth Amendment, provide for differences so long as the result does not amount to a denial of due process or an "invidious discrimination." *Williamson* v. *Lee Optical Co.*, 348 U.S. 483, 489; [*357] *Griffin* v. *Illinois, supra*, p. 18. Absolute equality is not required; lines can be and are drawn and we often sustain them. See *Tigner* v. *Texas*, 310 U.S. 141; *Goesaert* v. *Cleary*, 335 U.S. 464. But where the merits of *the one and only appeal* an indigent has as of right are decided without benefit of counsel, we think an unconstitutional line has been drawn between rich and poor.

[***HR3] [3]
[***HR4] [4]

When an indigent is forced to run this gantlet of a preliminary showing of merit, the right to appeal does not comport with fair procedure. In the federal courts, on the other hand, an indigent must be afforded counsel on appeal whenever he challenges a certification that the appeal is not taken in good faith. *Johnson* v. *United States*, 352 U.S. 565. The federal courts must honor his request for counsel regardless of [***815] what they think the merits of the case may be; and "representation in the role of an advocate is required." *Ellis* v. *United States*, 356 U.S. 674, 675. n2

In California, however, once the court has "gone through" the record and denied counsel, the indigent has no recourse but to prosecute his appeal on [**817] his own, as best he can, no matter how meritorious his case may turn out to be. The present case, where counsel was denied petitioners on appeal, shows that the discrimination is not between "possibly good and obviously bad cases," but between cases where the rich man can require the court to listen to argument of counsel before deciding on the merits, but a poor man cannot. There is lacking [*358] that equality demanded by the Fourteenth Amendment where the rich man, who appeals as of right, enjoys the benefit of counsel's examination into the record, research of the law, and marshalling of arguments on his behalf, while the indigent, already burdened by a preliminary determination that his case is without merit, is forced to shift for himself. The indigent, where the record is unclear or the errors are hidden, has only the right to a meaningless ritual, while the rich man has a meaningful appeal.

- - - - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - - -

n2 "When society acts to deprive one of its members of his life, liberty or property, it takes its most awesome steps. No general respect for, nor adherence to, the law as a whole can well be expected without judicial recognition of the paramount need for prompt, eminently fair and sober criminal law procedures. The methods we employ in the enforcement of our criminal law have aptly been called the measures by which the quality of our civilization may be judged." *Coppedge* v. *United States*, 369 U.S. 438, 449.

- - - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - - -

We vacate the judgment of the District Court of Appeal and remand the case to that court for further proceedings not inconsistent with this opinion.

*It is so ordered.*

**DISSENTBY: CLARK; HARLAN**

3

DISSENT: MR. JUSTICE CLARK, dissenting.

I adhere to my vote in *Griffin* v. *Illinois*, 351 U.S. 12 (1956), but, as I have always understood that case, it does not control here. It had to do with the State's obligation to furnish a record to an indigent on appeal. There we took pains to point out that the State was free to "find other means of affording adequate and effective appellate review to indigent defendants." *Id.*, at 20. Here California has done just that in its procedure for furnishing attorneys for indigents on appeal. We all know that the overwhelming percentage of *in forma pauperis* appeals are frivolous. Statistics of this Court show that over 96% of the petitions filed here are of this variety. n1 California, in the light of a like experience, has provided that upon the filing of an application for the appointment of counsel the District Court of Appeal shall make "an independent investigation of the record [*359] and determine whether it would be of advantage to the defendant or helpful to the appellate court to have counsel appointed." *People* v. *Hyde*, 51 Cal. 2d 152, 154, 331 P. 2d 42, 43 (1958). California's courts did that here and after examining the [***816] record certified that such an appointment would be neither advantageous to the petitioners nor helpful to the court. It, therefore, refused to go through the useless gesture of appointing an attorney. In my view neither the Equal Protection Clause nor the Due Process Clause requires more. I cannot understand why the Court says that this procedure afforded petitioners "a meaningless ritual." To appoint an attorney would not only have been utter extravagance and a waste of the State's funds but as surely "meaningless" to petitioners.

- - - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - - -

n1 Statistics from the office of the Clerk of this Court reveal that in the 1961 Term only 38 of 1,093 *in forma pauperis* petitions for certiorari were granted (3.4%). Of 44 *in forma pauperis* appeals, all but one were summarily dismissed (2.3%).

- - - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - -

With this new fetish for indigency the Court piles an intolerable burden on the State's judicial machinery. Indeed, if the Court is correct it may be that we should first clean up our own house. We have afforded indigent litigants much less protection than has California. Last Term we received over 1,200 *in forma pauperis* applications in none of which had we appointed attorneys or required a record. Some were appeals of right. Still we denied the petitions or dismissed the appeals on the moving papers alone. At the same time we had hundreds of [**818] paid cases in which we permitted petitions or appeals to be filed with not only records but briefs by counsel, after which they were disposed of in due course. On the other hand, California furnishes the indigent a complete record and if counsel is requested requires its appellate courts either to (1) appoint counsel or (2) make an independent investigation of that record and determine whether it would be of advantage to the defendant or helpful to the court to have counsel appointed. Unlike *Lane* v. *Brown*, decided today, *post*, p. 477, decision in these matters is not placed in the unreviewable discretion [*360] of the Public Defender or appointed counsel but is made by the appellate court itself. n2

- - - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - - -

n2 The crucial question here is, of course, the *effectiveness* of the appellate review which was unquestionably provided. In *Lane* v. *Brown*, *post*, p. 477, the unreviewable decision of the Public Defender precluded any appellate review under Indiana law. As to the fairness and effectiveness of the appellate review here as compared with *Griffin* v. *Illinois*, 351 U.S. 12 (1956), the State conceded the necessity of a transcript for adequate review of the alleged trial errors in that case. *Id.*, at 16. Compare the statement of the District Court of Appeal in affirming here: "Further, the briefs filed by Meyes [which Douglas adopted] conform to the rules in all respects, are well written, present all possible points clearly and ably with abundant citation of pertinent authorities, and were no doubt prepared by one well versed in criminal law and procedure and in brief writing. There was no prejudicial error in not appointing counsel for defendants on the appeal." 187 Cal. App. 2d 802, 812, 10 Cal. Rptr. 188, 195.

- - - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - -

California's concern for the rights of indigents is clearly revealed in *People* v. *Hyde*, *supra*. There, although the

4

Public Defender had not undertaken the prosecution of the appeal, the District Court of Appeal nevertheless referred the application for counsel and the record to the Los Angeles Bar Association. One of its members reviewed these papers, after which he certified that no meritorious ground for appeal was disclosed. Despite this the California District Court of Appeal made its own independent examination of the record.

There is an old adage which my good Mother used to quote to me, i. e., "People who live in glass houses had best not throw stones." I dissent.

[***817] MR. JUSTICE HARLAN, whom MR. JUSTICE STEWART joins, dissenting.

In holding that an indigent has an absolute right to appointed counsel on appeal of a state criminal conviction, the Court appears to rely both on the Equal Protection [*361] Clause and on the guarantees of fair procedure inherent in the Due Process Clause of the Fourteenth Amendment, with obvious emphasis on "equal protection." In my view the Equal Protection Clause is not apposite, and its application to cases like the present one can lead only to mischievous results. This case should be judged solely under the Due Process Clause, and I do not believe that the California procedure violates that provision.

EQUAL PROTECTION.

To approach the present problem in terms of the Equal Protection Clause is, I submit, but to substitute resounding phrases for analysis. I dissented from this approach in *Griffin v. Illinois*, 351 U.S. 12, 29, 34-36, n1 and I am constrained to dissent from the implicit extension of the equal protection approach here -- to a case in which the State denies no one an appeal, but seeks only to keep within reasonable bounds the instances in which appellate counsel will be assigned to indigents.

- - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n1 The majority in *Griffin* appeared to rely, as here, on a blend of the Equal Protection and Due Process Clauses in arriving at the result. So far as the result in that case rested on due process grounds, I fully accept the authority of *Griffin*.

- - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - -

The States, of course, are prohibited by the Equal Protection Clause from discriminating [**819] between "rich" and "poor" *as such* in the formulation and application of their laws. But it is a far different thing to suggest that this provision prevents the State from adopting a law of general applicability that may affect the poor more harshly than it does the rich, or, on the other hand, from making some effort to redress economic imbalances while not eliminating them entirely.

Every financial exaction which the State imposes on a uniform basis is more easily satisfied by the well-to-do than by the indigent. Yet I take it that no one would dispute the constitutional power of the State to levy a [*362] uniform sales tax, to charge tuition at a state university, to fix rates for the purchase of water from a municipal corporation, to impose a standard fine for criminal violations, or to establish minimum bail for various categories of offenses. Nor could it be contended that the State may not classify as crimes acts which the poor are more likely to commit than are the rich. And surely, there would be no basis for attacking a state law which provided benefits for the needy simply because those benefits fell short of the goods or services that others could purchase for themselves.

Laws such as these do not deny equal protection to the less fortunate for one essential reason: the Equal Protection Clause does not impose on the States "an affirmative duty to lift the handicaps flowing from differences in economic circumstances." n2 To so construe it would be to read into the Constitution a philosophy of leveling that would be foreign to many of our basic concepts of the proper relations between government and society. The State may have a moral obligation to [***818] eliminate the evils of poverty, but it is not required by the Equal Protection Clause to give to some whatever others can afford.

- - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n2 *Griffin* v. *Illinois, supra,* at 34 (dissenting opinion of this writer).

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - - -

Thus it should be apparent that the present case, as with *Draper* v. *Washington, post,* p. 487, and *Lane* v. *Brown, post,* p. 477, both decided today, is not one properly regarded as arising under this clause. California does not discriminate between rich and poor in having a uniform policy permitting everyone to appeal and to retain counsel, and in having a separate rule dealing *only* with the standards for the appointment of counsel for those unable to retain their own attorneys. The sole classification established by this rule is between those cases that are believed to have merit and those regarded as frivolous. And, of course, no matter how far the state rule might go [*363] in providing counsel for indigents, it could never be expected to satisfy an affirmative duty -- if one existed -- to place the poor on the same level as those who can afford the best legal talent available.

Parenthetically, it should be noted that if the present problem may be viewed as one of equal protection, so may the question of the right to appointed counsel at trial, and the Court's analysis of that right in *Gideon* v. *Wainwright, ante,* p. 335, decided today, is wholly unnecessary. The short way to dispose of *Gideon* v. *Wainwright,* in other words, would be simply to say that the State deprives the indigent of equal protection whenever it fails to furnish him with legal services, and perhaps with other services as well, equivalent to those that the affluent defendant can obtain.

The real question in this case, I submit, and the only one that permits of satisfactory analysis, is whether or not the state rule, as applied in this case, is consistent with the requirements of fair procedure guaranteed by the Due Process Clause. Of course, in considering this question, it must not be lost sight of that the State's responsibility under the Due Process Clause is to provide justice for all. Refusal to furnish criminal indigents with some things that others can afford may fall short of constitutional [**820] standards of fairness. The problem before us is whether this is such a case.

DUE PROCESS.

It bears reiteration that California's procedure of screening its criminal appeals to determine whether or not counsel ought to be appointed denies to no one the right to appeal. This is not a case, like *Burns* v. *Ohio,* 360 U.S. 252, in which a court rule or statute bars all consideration of the merits of an appeal unless docketing fees are prepaid. Nor is it like *Griffin* v. *Illinois, supra,* in which the State conceded that "petitioners needed a transcript [*364] in order to get adequate appellate review of their alleged trial errors." 351 U.S., at 16. Here it is *this* Court which finds, notwithstanding California's assertions to the contrary, that as a matter of constitutional law "adequate appellate review" is impossible unless counsel has been appointed. And while *Griffin* left it open to the States to devise "other means of affording adequate and effective appellate review to indigent defendants," 351 U.S., at 20, the present decision establishes what is seemingly an absolute [***819] rule under which the State may be left without any means of protecting itself against the employment of counsel in frivolous appeals. n3

- - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n3 California law provides that if counsel is appointed on appeal, the court shall fix a reasonable fee to be paid by the State. California Penal Code § 1241. It is of course clear that this Court may not require the State to compel its attorneys to donate their services.

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - - -

It was precisely towards providing adequate appellate review -- as part of what the Court concedes to be "California's forward treatment of indigents" -- that the State formulated the system which the Court today strikes down. That system requires the state appellate courts to appoint counsel on appeal for any indigent defendant except "if in their judgment such appointment would be of no value to either the defendant or the court." *People* v. *Hyde,* 51 Cal. 2d 152, 154, 331 P. 2d 42, 43. This judgment can be reached only after an independent investigation of the trial record by the reviewing court. And even if counsel is denied, a full appeal on the merits is accorded to the

6

indigent appellant, together with a statement of the reasons why counsel was not assigned. There is nothing in the present case, or in any other case that has been cited to us, to indicate that the system has resulted in injustice. Quite the contrary, there is every reason to believe that California appellate courts have made a painstaking effort to apply the rule fairly and to live up to the State Supreme Court's mandate. See, *e. g.*, the discussion [*365] in *People* v. *Vigil*, 189 Cal. App. 2d 478, 480-482, 11 Cal. Rptr. 319, 321-322.

We have today held that in a case such as the one before us, there is an absolute right to the services of counsel at trial. *Gideon* v. *Wainwright*, *ante*, p. 335. But the appellate procedures involved here stand on an entirely different constitutional footing. *First*, appellate review is in itself not required by the Fourteenth Amendment, *McKane* v. *Durston*, 153 U.S. 684; see *Griffin* v. *Illinois*, *supra*, at 18, and thus the question presented is the narrow one whether the State's rules with respect to the appointment of counsel are so arbitrary or unreasonable, *in the context of the particular appellate procedure that it has established*, as to require their invalidation. *Second*, the kinds of questions that may arise on appeal are circumscribed by the record of the proceedings that led to the conviction; they do not encompass the large variety of tactical and strategic problems that must be resolved at the trial. *Third*, as California applies its rule, the indigent appellant receives the benefit of expert and conscientious legal appraisal of the merits of his case on the basis of the trial record, [**821] and whether or not he is assigned counsel, is guaranteed full consideration of his appeal. It would be painting with too broad a brush to conclude that under these circumstances an appeal is just like a trial.

What the Court finds constitutionally offensive in California's procedure bears a striking resemblance to the rules of this Court and many state courts of last resort on petitions for certiorari or for leave to appeal filed by indigent defendants *pro se*. Under the practice of this Court, only if it appears from the petition for certiorari that a case merits review is leave to proceed *in forma pauperis* granted, the case transferred to the Appellate Docket, and counsel appointed. Since our [***820] review is generally discretionary, and since we are often not even given the benefit of a record in the proceedings below, the disadvantages [*366] to the indigent petitioner might be regarded as more substantial than in California. But as conscientiously committed as this Court is to the great principle of "Equal Justice Under Law," it has never deemed itself constitutionally required to appoint counsel to assist in the preparation of each of the more than 1,000 *pro se* petitions for certiorari currently being filed each Term. We should know from our own experience that appellate courts generally go out of their way to give fair consideration to those who are unrepresented.

The Court distinguishes our review from the present case on the grounds that the California rule relates to "the *first appeal*, granted as a matter of right." *Ante*, p. 356. But I fail to see the significance of this difference. Surely, it cannot be contended that the requirements of fair procedure are exhausted once an indigent has been given one appellate review. Cf. *Lane* v. *Brown*, *post*, p. 477. Nor can it well be suggested that having appointed counsel is more necessary to the fair administration of justice in an initial appeal taken as a matter of right, which the reviewing court on the full record has already determined to be frivolous, than in a petition asking a higher appellate court to exercise its discretion to consider what may be a substantial constitutional claim.

Further, there is no indication in this record, or in the state cases cited to us, that the California procedure differs in any material respect from the screening of appeals in federal criminal cases that is prescribed by 28 U. S. C. § 1915. As recently as last Term, in *Coppedge* v. *United States*, 369 U.S. 438, we had occasion to pass upon the application of this statute. Although that decision established stringent restrictions on the power of federal courts to reject an application for leave to appeal *in forma pauperis*, it nonetheless recognized that the federal courts could prevent the needless expenditure of public funds by summarily disposing of frivolous appeals. Indeed in some [*367] respects, California has outdone the federal system, since it provides a transcript and an appeal on the merits in *all* cases, no matter how frivolous.

I cannot agree that the Constitution prohibits a State, in seeking to redress economic imbalances at its bar of justice and to provide indigents with full review, from taking reasonable steps to guard against needless expense. This is all that California has done. Accordingly, I would affirm the state judgment. n4

- - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

[***HR5] [5]

n4 Petitioners also contend that they were denied the effective assistance of counsel at trial. This claim, in my view, is without merit. A reading of the record leaves little doubt that petitioners' dismissal of their appointed counsel and their efforts to obtain a continuance were designed to delay the proceedings and, in all likelihood, to manufacture an appealable issue. Moreover, the trial court acted well within constitutional bounds in denying the claim that there was a conflict of interest between Douglas and Meyes that required a separate appointed attorney for each.

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - -

**102** [8]

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SANTA CLARA F I L E D

MAR 1 1 2003

KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of CA, County of Santa Clara
By _____ Deputy

The People of the State Of California
Plaintiff

Vs.   _Steven Badue_

_____
Defendant(s)

Case Number: _CC241061_

### NOTICE TO COURT REPORTERS RE: APPEALS

A Notice of Appeal was filed in this office on _3/6/03_ (copy of Notice attached).  The following proceedings are to be transcribed:

| Date | Proceeding | Reporter | Judge | Page Allotment |
|------|-----------|----------|-------|----------------|
| 2-3-03 | Motions In Limine | T. Norris | Pichon | |
| 2-5-03 | Court Trial | C. Johnson | " | |
| 3-6-03 | Probation/Sentencing | J. Rocha | " | |
| - - | | | | |
| - - | | | | |
| - - | | | | |
| - - | | | | |
| - - | | | | |
| - - | | | | |
| - - | | | | |
| - - | | | | |
| - - | | | | |
| - - | | | | |
| - - | | | | |

\* Indicates Lead Reporter

You are to transcribe the proceedings, opinions or arguments as listed in CRC 33(a)(2) **excluding** voir dire examination and opening statement unless otherwise specified.

You are directed to prepare and file with the Appeals Division an original and _2_ copy (ies) of the transcript on appeal within 20 days from the filing of the Notice of Appeal or as ordered, unless the time is extended as provided by CRC 35(d).   \*\*\*If you have already prepared 0 & 2 for the co-defendant _Ø_ ,make one more copy only.\*\*\*

Copy of this Notice is mailed or delivered to the above-named Reporter(s) on this date: _3-10-03_

cc: [ ✓]DA,   [ ✓]CJIC,   [✓]Exh. Rm.   [✓]SDAP

KIRI TORRE, Chief Executive Officer,

By _____
Legal Process Clerk

Page 1 of _1_

**103**

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
IN AND FOR THE COUNTY OF SANTA CLARA

PLAINTIFF:    THE PEOPLE OF THE STATE OF CALIFORNIA

DEFENDANT:    STEVE KENT BADUE

NOTICE OF FILING NOTICE OF APPEAL

# FILED

MAR 1 1 2003

KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of CA, County of Santa Clara

By _____ Deputy
MANUEL M.

CASE NUMBER:    CC241061

PLEASE TAKE NOTICE THAT A NOTICE OF APPEAL FROM THE ___JUDGMENT ENTERED 03-06-2003___ .

IN THE ABOVE-ENTITLED ACTION WAS FILED IN THIS OFFICE ON ___MARCH 06, 2003___ .

**CLERK'S CERTIFICATE OF MAILING**

I CERTIFY THAT I AM NOT A PARTY TO THIS CAUSE AND THAT A TRUE COPY
OF THIS DOCUMENT WAS MAILED FIRST CLASS POSTAGE FULLY PREPAID
IN A SEALED ENVELOPE ADDRESSED AS SHOWN BELOW AND THE
DOCUMENT WAS MAILED AT

SAN JOSE, CALIFORNIA ON ___MARCH 11, 2003___ .

**KIRI TORRE, COUNTY CLERK**

BY: _____

M. MALLABO       DEPUTY CLERK

COURT OF APPEAL
SIXTH APPELLATE DISTRICT
333 W. SANTA CLARA ST. STE. 1060
SAN JOSE, CA 95113

ATTORNEY GENERAL
455 GOLDEN GATE AVENUE
ROOM 11000
SAN FRANCISCO, CA 94102

DISTRICT ATTORNEY
70 WEST HEDDING STREET, WEST WING
SAN JOSE, CA 95110

SIXTH DISTRICT APPELLATE PROGRAM
100 NORTH WINCHESTER BLVD, SUITE 310
SANTA CLARA, CA 95050

**104**

# IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
## IN AND FOR THE COUNTY OF SANTA CLARA

PLAINTIFF:    **THE PEOPLE OF THE STATE OF CALIFORNIA**

DEFENDANT:    **STEVE KENT BADUE**

## NOTICE OF COMPLETION OF:

☒ CLERK'S TRANSCRIPT        ☒ REPORTER'S TRANSCRIPT
☐ CORRECTIONS/ADDITIONS   ☐ AUGMENTATION

CASE NUMBER:   CC241061

YOU ARE HEREBY NOTIFIED THAT THE TRANSCRIPT(S) ON APPEAL IN THE ABOVE-ENTITLED ACTION HAVE BEEN COMPLETED.

**CLERK'S CERTIFICATE OF MAILING**

I CERTIFY THAT I AM NOT A PARTY TO THIS CAUSE AND THAT A TRUE COPY OF THIS DOCUMENT WAS MAILED FIRST CLASS POSTAGE FULLY PREPAID IN A SEALED ENVELOPE ADDRESSED AS SHOWN BELOW AND THE DOCUMENT WAS MAILED AT

SAN JOSE, CALIFORNIA ON _____ APR 2 5 2003 _____

**KIRI TORRE, COURT CLERK**

BY: _Laura J. Osman_
for    M. MALLABO        DEPUTY CLERK

COURT OF APPEAL
SIXTH APPELLATE DISTRICT
333 W. SANTA CLARA ST. STE. 1060
SAN JOSE, CA 95113

ATTORNEY GENERAL
455 GOLDEN GATE AVENUE
ROOM 11000
SAN FRANCISCO, CA 94102

SIXTH DISTRICT APPELLATE PROGRAM
100 NORTH WINCHESTER BLVD, SUITE 310
SANTA CLARA, CA 95050

**105**

I,    M. MALLABO    , Deputy County Clerk of the County of Santa Clara, State of California, hereby

certify that I have compared the foregoing copies, and each of them, respectively, with the original

documents as listed on the "Index to Clerk's Transcript" herein, as the same respectively remain on file and

of record in my office, and that all of the foregoing copies are, and each of them is, a full, true, and correct

transcript of such originals and of the whole thereof.

I further certify that I have complied with CCP 237 (a) (2) in that all personal juror identifying information

has been redacted if applicable.

In witness, I have hereunto set my hand and the seal of said Superior Court, this   March 13, 2003          .



KIRI TORRE,
CHIEF EXECUTIVE OFFICER/CLERK

BY: _____
for   M. MALLABO        DEPUTY CLERK

THE PEOPLE VS.  STEVE KENT BADUE          CASE NUMBER:        CC241061

106