**EXHIBIT 2**

8/13/2003

H025695

IN THE COURT OF APPEAL OF THE STATE OF
CALIFORNIA
SIXTH APPELLATE DISTRICT

THE PEOPLE OF THE )
STATE OF CALIFORNIA, )
)
Plaintiff and Respondent, )
)
v. ) (Sup. Ct. No. CC241061)
)
STEVE KENT BADUE, )
)
Defendant and Appellant. )
_____ )

APPEAL FROM THE SUPERIOR COURT
OF SANTA CLARA COUNTY

Honorable Rise Pichon, Judge Presiding

APPELLANT'S OPENING BRIEF



78 PGS

DOCKETED
SAN FRANCISCO
AUG 1 4 2003
By P. MONTOYA
SF2003OA0485
5/1/03

ALEXANDER LAMBROUS (135612)
610 Anacapa Street, Suite 200
P.O. Box 20211
Santa Barbara, CA 93120
(805) 682-7179
Attorney for Appellant by
appointment of the Court of Appeal

H025695

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA
## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>STEVE KENT BADUE,<br><br>Defendant and Appellant. | )<br>)<br>)<br>)<br>)<br>)<br>)  (Sup. Ct. No. CC241061)<br>)<br>)<br>)<br>)<br>) |

### APPEAL FROM THE SUPERIOR COURT OF SANTA CLARA COUNTY

Honorable Rise Pichon, Judge Presiding

### APPELLANT'S OPENING BRIEF

ALEXANDER LAMBROUS (135612)
610 Anacapa Street, Suite 200
P.O. Box 20211
Santa Barbara, CA 93120
(805) 682-7179
Attorney for Appellant by
appointment of the Court of Appeal

## TABLE OF CONTENTS

| | |
|---|---|
| TABLE OF AUTHORITIES | i-ii |
| STATEMENT OF APPEALABILITY | 2 |
| STATEMENT OF THE CASE | 3 |
| STATEMENT OF FACTS | 4 |
| ARGUMENT | 5 |
| I. THE CONVICTIONS MUST BE REVERSED BECAUSE THE TRIAL COURT FAILED TO OBTAIN APPELLANT'S PERSONAL AND EXPRESS WAIVER OF HIS RIGHT TO A JURY BEFORE PROCEEDING WITH THE COURT TRIAL. | 5 |
| II. THE DEPUTY PUBLIC DEFENDER'S FAILURE TO SUBJECT THE PROSECUTION'S CASE TO ANY MEANINGFUL ADVERSARIAL TESTING CONSTITUTED INADEQUATE ASSISTANCE OF COUNSEL. | 7 |

## TABLE OF AUTHORITIES

Statutes

| | |
|---|---|
| Penal Code section 290, subdivision (g)(2) | 3, 4 |
| Penal Code section 667.5, subdivision (b) | 3 |
| Penal Code section 1237, subdivision (a) | 2 |
| Penal Code section 1385 | |

## Cases

| | |
|---|---|
| *Anders v. California* (1967) 386 U.S. 738 | 8 |
| *Brookhart v. Janis* (1968) 384 U.S. 1 | 9 |
| *Davis v. Alaska* (1974) 415 U.S. 308 | 9 |
| *Duncan v. Louisiana* (1968) 391 U.S. 145 | 7 |
| *Herrin v. New York* (1975) 422 U.S. 853 | 8 |
| *People v. Cahill* (1993) 5 Cal.4th 478 | 7 |
| *People v. Ernst* (1994) 8 Cal.4th 441 | 5, 7 |
| *People v. Flood* (1998) 18 Cal.4th 470 | 7 |
| *People v. Holmes* (1960) 54 Cal.2d 442 | 6 |
| *People v. Vera* (1994) 15 Cal.4th 269 | 5 |
| *Smith v. Illinois* (1968) 390 U.S. 129 | 9 |
| *U.S. v. Cronic* (1984) 466 U.S. 648 | 8-10 |

## Constitutional Provisions

| | |
|---|---|
| California Constitution, Article I, section 15 | 7 |
| California Constitution, Article I, section 16 | 5 |
| United States Constitution, Article VI | 7 |

H025695

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, | )<br>)<br>) |
| Plaintiff and Respondent, | ) |
| v. | ) (Sup. Ct. No. CC241061) |
| STEVE KENT BADUE, | ) |
| Defendant and Appellant. | ) |

## APPELLANT'S OPENING BRIEF

### STATEMENT OF APPEALABILITY

This appeal is from a final judgment following a court trial and is authorized by the provisions of Penal Code section 1237, subdivision (a).

2

## STATEMENT OF THE CASE

Appellant, Steve Kent Badue, was charged in a two-count felony complaint consisting of failing to register as a sex offender within five days of his birthday (Pen. Code, § 290, subd. (g)(2)), and for serving a prison sentence within five years of the present offense. (Pen. Code, § 667.5, subd. (b) (CT 18-19).

It was anticipated that the matter would be decided by a jury (RT 16) and the reporter's transcript does not show that appellant waived his right to a jury trial, prior to the court trial (RT 3-41).

Prior to trial, defense counsel did not know that a misdemeanor crime of moral turpitude could be used to impeach appellant (RT 3-5). During trial, defense counsel did not give an opening statement (RT 46). Defense counsel did not cross-examine any prosecution witnesses, who included the parole officer (RT 52), the custodian of police records (RT 61), the officer who arrested appellant (RT 66), and a fingerprint examiner (RT 72). Defense counsel presented no evidence on appellant's behalf (RT 73). Defense counsel did not give a closing argument at trial (RT 75), and made no arguments at the sentencing hearing (RT 84).

Appellant was found guilty as charged and the prison prior was

3

found to be true (CT 62, RT 75). The court struck the punishment for the prison prior under Penal Code section 1385, and sentenced appellant to the midterm of two years for violating Penal Code section 290 (CT 90-91, RT 84). The court granted a total of 216 pre-sentence custody credits and imposed a $400 restitution fine (CT 90-91, RT 84-85). Appellant filed a timely notice of appeal (CT 92, RT 85).

## STATEMENT OF FACTS

Appellant registered as a sex offender on June 18, 2001 (RT 57-58). After that, he was imprisoned due to a parole violation. He was released on October 10, 2001 (RT 51). Subsequently, he did not register as a sex offender at any time (RT 56).

On March 6, 2002, a police officer contacted appellant and asked him his name. Appellant told the officer his name was James Pierce with a birth date of March 15, 1961. The officer checked this name for warrants, and came up with nothing (RT 63).

Appellant then told the officer where his mother lived, and that she could verify his name (RT 64). The officer visited appellant's mother's house, and she told the officer appellant's true name (RT

4

64-65). Appellant was then booked into custody (RT 65).

## ARGUMENT

### I. THE CONVICTIONS MUST BE REVERSED BECAUSE THE TRIAL COURT FAILED TO OBTAIN APPELLANT'S PERSONAL AND EXPRESS WAIVER OF HIS RIGHT TO A JURY BEFORE PROCEEDING WITH THE COURT TRIAL.

Appellant contends that the trial court violated his right to a jury trial. Specifically, the trial court as the trier of fact, adjudicated appellant's guilt or innocence without ever obtaining from appellant his express personal waiver of his right to a jury trial. Article I, Section 16 of the California Constitution states, in relevant part, "a jury may be waived in a criminal cause by the consent of both parties expressed in open court by the defendant and the defendant's counsel." Trial of the charges by the court, without an express waiver by a defendant of his right to have the case tried by a jury, denies a defendant his right to a jury trial in violation of the state constitutional mandate. (*People v. Ernst* (1994) 8 Cal.4th 441, 448; *People v. Vera* (1997) 15 Cal.4th 269, 277.) The California Supreme Court has applied this requirement literally to mean that waiver by counsel, even in the presence of defendant, is not sufficient. (*People*

*v. Holmes* (1960) 54 Cal.2d 442, 444.)

In *Holmes*, defendant was asked whether he understood that he had a right to have a jury determine his guilt or innocence of the charged offense and also whether he understood that he had a right to have a jury determine the truth of an alleged prior felony conviction. The defendant Holmes answered "yes." Counsel for Holmes then stated "I join in the waiver." (*Holmes, supra*, 54 Cal.2d at p. 443.) At no time, however, was defendant Holmes asked whether he waived his right to a jury trial. The Supreme Court reversed Holmes' subsequent conviction, stating: "Defendant did not express in words a waiver of his right to a jury trial, and it has been uniformly held that the waiver must be so expressed and will not be implied from a defendant's conduct . . . [citations omitted]" (*Id.*, 54 Cal.2d at pp. 443-444.)

Applying *Holmes* to the instant case, the record reflects that a jury trial was anticipated by the parties (RT 16). It is clear that appellant never waived his right to a jury trial and that the court trial was consequently a patent violation of this most fundamental of all rights available to a criminal defendant.

The United States Supreme Court has held that the denial of the

6

right to a jury trial constitutes reversible error *per se*. (*Duncan v. Louisiana* (1968) 391 U.S. 145.) The California Supreme Court has held that the denial of the right to a jury trial constitutes a structural defect in the judicial proceedings that, by its nature, results in a miscarriage of justice. (*People v. Cahill* (1993) 5 Cal.4th 478, 493, 501.)

Moreover, the failure to obtain an effective waiver of the defendant's jury trial right always results in reversal regardless of whether the defendant can show prejudice. Where a court trial is held without an express waiver of the right to a jury trial, the judgment must be reversed regardless of the strength of the evidence. (*Id.*, at p. 490; *People v.Ernst, supra,* 8 Cal.4th at p. 449; see also, *People v. Flood* (1998) 18 Cal.4th 470, 489.) This Court should reverse the judgment.

II. THE DEPUTY PUBLIC DEFENDER'S FAILURE TO SUBJECT THE PROSECUTION'S CASE TO ANY MEANINGFUL ADVERSARIAL TESTING CONSTITUTED INADEQUATE ASSISTANCE OF COUNSEL.

The Sixth Amendment of the United States Constitution and article I, section 15 of the California Constitution guarantee criminal

7

defendants the effective assistance of counsel. "The very premise of our adversary system of criminal justice is that partisan advocacy on both sides of a case will best promote the ultimate objective that the guilty be convicted and the innocent go free." (*Herrin v. New York* (1975) 422 U.S. 853, 862.) "[T]he adversary process protected by the Sixth Amendment requires that the accused 'have counsel acting in the role of an advocate.' The right to the effective assistance of counsel is thus the right of the accused to require the prosecution's case to survive the crucible of meaningful adversarial testing." (*U.S. v. Cronic* (1984) 466 U.S. 648, 656 quoting *Anders v. California* (1967) 386 U.S. 738, 743.)

At every stage of the present proceedings, defense counsel abdicated her responsibilities as an advocate and effectively abandoned her client.[1] Prior to trial, defense counsel did not know that a misdemeanor crime of moral turpitude could be used to impeach appellant (RT 3-5). During trial, defense counsel did not give an opening statement (RT 46). Defense counsel did not cross-examine any prosecution witnesses, who included the parole officer

---

1. "While a criminal trial is not a game in which the participants are expected to enter the ring with a near match in skills, neither is it a sacrifice of unarmed prisoners to gladiators." (*U.S. v. Cronic, supra*, 466 U.S. at p. 657.)

8

(RT 52), the custodian of police records (RT 61), the officer who arrested appellant (RT 66), and the fingerprint examiner (RT 72). Defense counsel presented no evidence on appellant's behalf (RT 73). Defense counsel did not give a closing argument at trial (RT 75), and made no arguments at the sentencing hearing (RT 84).

Defense counsel's failure to subject the prosecution's case to meaningful adversarial testing denied appellant of his Sixth Amendment constitutional rights to effective counsel. Such ineffective representation by counsel makes the adversary process itself presumptively unreliable, and no specific showing of prejudice is required. "No specific showing of prejudice was required in *Davis v. Alaska*, 415 U.S. 308 (1974), because the petitioner had been 'denied the right of effective cross-examination' which 'would be constitutional error of the first magnitude, and no amount of showing of want of prejudice would cure it.' *Id.* at 318 (citing *Smith v. Illinois*, 390 U.S. 129, 131 (1968), and *Brookhart v. Janis*, 384 U.S. 1, 3 (1966))." (*United States v. Cronic, supra,* 466 U.S. at p. 659.)

In the present case, as in *Davis*, defense counsel failed to cross-examine witnesses. Moreover, appellant's trial counsel did little more than occupy space in the courtroom at trial -- she was

9

uninformed about the law, made no opening or closing arguments, offered no evidence, and shockingly did nothing to advocate for appellant at his sentencing hearing. Defense counsel's many omissions amounted to the complete denial of counsel, and no specific showing of prejudice is required for this Court to reverse the judgment. (*United States v. Cronic, supra*, 466 U.S. at p. 659.)

Dated: August 12, 2003

Respectfully submitted,

*/s/ Alexander Lambrous*
Alexander Lambrous
Attorney for Appellant by
appointment of the Court of
Appeal

## PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA, COUNTY OF SANTA BARBARA

I am over eighteen years of age, and not a party to this action. My business address, in the County of Santa Barbara, in the State of California, is 610 Anacapa Street, P.O. Box 20211, Santa Barbara, CA 93120-0211.

On August 12, 2003 I served the APPELLANT'S OPENING BRIEF, in case no. H025695, on the parties legally entitled to service, by placing true copies thereof enclosed in sealed envelopes addressed as follows:

Attorney Lori A. Quick
Sixth District Appellate Program
100 No. Winchester Blvd., Suite 310
Santa Clara, CA 95050

Steve Kent Badue (P-70520)
California Correctional Center (Legal Mail)
P.O. Box 2210
Susanville, CA 96127-2210

Office of the Attorney General
455 Golden Gate Avenue
Room 11000
San Francisco, CA 94102

Clerk of the Superior Court
191 N. First Street
San Jose, CA 95113

Office of the Public Defender
120 W. Mission Street
San Jose, CA 95110

Office of the District Attorney
70 W. Hedding Street, West Wing
San Jose, CA 95110

I caused such envelopes with postage thereon fully prepaid to be placed in the United States Mail at Santa Barbara, California. I declare under the penalty of perjury under the laws of the State of California that the above is true and correct. Executed this 12th day of August 2003, at Santa Barbara, California.

_____
Alexander Lambrous