**EXHIBIT 3**

ATTORNEY GENERAL--OFFICE COPY

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

**THE PEOPLE OF THE STATE OF CALIFORNIA,**

              Plaintiff and Respondent,

v.

**STEVE KENT BADUE,**

              Defendant and Appellant.

H025695

**FILED**

OCT 24 2003

Court of Appeal - Sixth App. Dist.
MICHAEL J. YERLY, Clerk
BY _____ DEPUTY

Santa Clara County Superior Court No. CC241061
The Honorable Rise Jones Pichon, Judge

AOB filed 8-13-03

DOCKETED
SAN FRANCISCO
OCT 28 2003
By D. VELASCO
No. SF2003PA0485

**RESPONDENT'S BRIEF**

BILL LOCKYER
Attorney General of the State of California

ROBERT R. ANDERSON
Chief Assistant Attorney General

GERALD A. ENGLER
Senior Assistant Attorney General

MARTIN S. KAYE
Supervising Deputy Attorney General

MICHAEL E. BANISTER
Deputy Attorney General
State Bar No. 152826

455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 703-5971
Fax: (415) 703-1234

Attorneys for Respondent

# TABLE OF CONTENTS

|  | Page |
|---|---|
| STATEMENT OF THE CASE | 1 |
| STATEMENT OF FACTS | 2 |
| APPELLANT'S CONTENTIONS | 4 |
| RESPONDENT'S ARGUMENT | 4 |
| ARGUMENT | 5 |
|    I. APPELLANT PERSONALLY AND EXPRESSLY WAIVED HIS RIGHT TO A JURY TRIAL | 5 |
|    II. DEFENSE COUNSEL WAS NOT INEFFECTIVE AND DID NOT ABANDON HER CLIENT | 6 |
| CONCLUSION | 11 |

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Bell v. Cone*
(2002) 535 U.S. 685            6, 7, 9, 10

*People v. Cunningham*
(2001) 25 Cal.4th 926            10

*People v. Davenport*
(1995) 11 Cal.4th 1171            10

*People v. Haskett*
(1990) 52 Cal.3d 210            10

*People v. Ledesma*
(1987) 43 Cal.3d 171            9

*People v. Mitcham*
(1992) 1 Cal.4th 1027            10

*Strickland v. Washington*
(1984) 466 U.S. 668            6, 9, 10

*United States v. Cronic*
(1984) 466 U.S. 648            6, 7, 9

**Constitutional Provisions**

United States Constitution
    Sixth Amendment            6

**Statutes**

Health and Safety Code
    § 11350, subd. (a)            2

## TABLE OF AUTHORITIES (continued)

|  | Page |
|---|---|
| Penal Code | |
| § 148.9, subd. (a) | 2 |
| § 290 | 2, 7, 9 |
| § 290, subd. (g)(2) | 1, 2 |
| § 314, subd. (1) | 2 |
| § 667.5, subd. (b) | 1 |

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>STEVE KENT BADUE,<br><br>        Defendant and Appellant. | H025695 |

**STATEMENT OF THE CASE**

By information filed October 15, 2002, the Santa Clara County District Attorney charged appellant with failing to update his sex-offender registration within five days of his birthday (Pen. Code, § 290, subd. (g)(2);[1] count one), and having suffered a prior prison term as a one-year sentence enhancement. (§ 667.5, subd. (b).) (CT 21-23.) Appellant denied the charge on October 15, 2002. (CT 25.)

On February 3, 2003, appellant waived his right to jury trial. (CT 60; Aug. RT 3-4.)

Trial before the court took place on February 5, 2003. The court found appellant guilty as charged, and found the enhancement allegation true. (CT 62-65; RT 75.)

On March 6, 2003, the court denied probation and sentenced appellant to the middle term of two years in prison. The court struck the prison prior in the interest of justice. Appellant's presentence custody credit totaled 216 days. (CT 90-91.)

---

1. All further statutory references are to the Penal Code unless otherwise indicated.

1

Appellant filed a timely notice of appeal on March 6, 2003. (CT 92.)

## STATEMENT OF FACTS

Certified copies of appellant's prior convictions admitted into evidence at trial showed the following pertinent facts: two convictions (on October 4, 1993, and September 25, 1995) for misdemeanor indecent exposure (§ 314, subd. (1)); and a felony conviction on November 2, 1998, for failure to register as a sex offender (§ 290, subd. (g)(2)). Appellant served county jail terms for those convictions. (Aug. CT 20, 24, 54; RT 47.) On October 25, 1999, appellant was held to answer on one felony count of indecent exposure, one felony count of possession of cocaine (Health & Saf. Code, § 11350, subd. (a)), and one misdemeanor count of being under the influence of cocaine. (Aug. CT 13-16.) A jury convicted appellant of the felony possession offense on January 6, 2000, and appellant was sentenced on February 18, 2000, to 16 months in prison. (Aug. CT 75.)

After appellant was released from prison, he violated parole and was reimprisoned. When released again, on October 10, 2001, he did not report to his parole agent as required by law. (RT 50-52.)

Appellant was stopped by the police in Stockton on March 6, 2002, and gave a false name and birthday to the police officer. When told that his information was not in the computer system, appellant told the officer that he could verify the information with his mother. Appellant was then driven to the house of his mother, who identified him and provided his correct name and birthday. Appellant was taken into custody. (RT 63-65.)[2]

---

2. Although not discussed at trial, as a result of that March 6 arrest in Stockton, appellant pled guilty to the misdemeanor offense of providing false identification to a peace officer (§ 148.9, subd. (a)). (Aug. CT 4-9; see RT 8-10 [pretrial discussion of appellant's double jeopardy claim based on erroneous belief that he had been charged with violation of section 290 as a result of

2

The sex-offender registration records in the statewide Violent Crime Information Network ("VCIN") showed that appellant had not updated his registration information between his release from prison on October 10, 2001, and his arrest in Stockton on March 6, 2002. Appellant had thus missed his required annual update after his January 4 birthday. (RT 54-56, 62, 65.) Appellant's most recent sex-offender registration form on file was dated June 18, 2001, and the two previous forms were dated September 16, 1999, and June 4, 1999. Each form required the registrant to sign the form, register within five days of the release from custody, and re-register annually on his or her birthday. (RT 57-59.) The fingerprints in appellant's prior conviction file matched those in his sex-offender registration file. (RT 69-72.)

Stockton arrest].)

## APPELLANT'S CONTENTIONS

1. Appellant's convictions must be reversed because the trial court failed to obtain his personal and express waiver of jury trial.

2. Defense counsel provided ineffective assistance by failing to subject the prosecution's case to meaningful adversarial testing.

## RESPONDENT'S ARGUMENT

1. Appellant personally and expressly waived his right to a jury trial.

2. Defense counsel was not ineffective and did not abandon her client.

# ARGUMENT

## I.

## APPELLANT PERSONALLY AND EXPRESSLY WAIVED HIS RIGHT TO A JURY TRIAL

Appellant contends that the trial court violated his right to a jury trial "without ever obtaining from appellant his express personal waiver of his right to a jury trial." (AOB 5.) However, after appellant's brief was filed, the record was augmented with a reporter's transcript of the proceedings of February 3, 2003. That transcript shows that, contrary to appellant's contention, the trial court *did* obtain appellant's express, personal waiver of a jury. (Aug. RT 3-4.) Because the record demonstrates that appellant waived his right to a jury trial, his contention must be rejected.

## II.

## DEFENSE COUNSEL WAS NOT INEFFECTIVE AND DID NOT ABANDON HER CLIENT

Appellant contends: "At every stage of the present proceedings, defense counsel abdicated her responsibilities as an advocate and effectively abandoned her client." (AOB 8, relying on *United States v. Cronic* (1984) 466 U.S. 648.) Appellant thus contends not that counsel was ineffective under the traditional test set forth in *Strickland v. Washington* (1984) 466 U.S. 668, 688, 694 -- which places the burden on the defendant to show not only incompetent performance but also prejudice – but that counsel's conduct amounted to a complete denial of his Sixth Amendment right such that he need not show prejudice. We disagree.

In *Cronic*, which was decided the same day as *Strickland*, the United States Supreme Court remanded the case to allow the Court of Appeals to apply the *Strickland* test for ineffective assistance, but acknowledged an exception to the *Strickland* rule requiring a showing of prejudice. Subsequently, in *Bell v. Cone* (2002) 535 U.S. 685, the Supreme Court explained that the *Cronic* exception *only* applies in three limited circumstances: where there was a complete denial of counsel; where counsel entirely failed to subject the prosecution's case to meaningful adversarial testing; or where counsel was called upon to render assistance under circumstances where competent counsel very likely could not. (*Id.* at pp. 695-696; see also *id.* at pp. 697-698 [reaffirming that *Strickland* standard applies to an assessment of *Bell* counsel's "failure to adduce mitigating evidence and the waiver of closing argument"].) *Bell* emphasized that the failure to "subject the prosecution's case to meaningful adversarial testing" must be *complete* for the exception to apply: "When we spoke in *Cronic* of the possibility of presuming prejudice based on an attorney's failure to test the prosecutor's case, we indicated that the

attorney's failure must be complete. We said 'if counsel *entirely* fails to subject the prosecution's case to meaningful adversarial testing.'" (*Bell v. Cone, supra*, 535 U.S. at pp. 696-697, citing *Cronic, supra*, 466 U.S. at p. 659; emphasis added by *Bell*.)

Appellant has not presented any persuasive authority for his contention that the *Cronic* exception should apply under the instant circumstances. Appellant cites defense counsel's decision to defer an opening statement (RT 46), her lack of any cross-examination of the parole officer (RT 52), the custodian of records (RT 61), the arresting officer (RT 66), or the fingerprint examiner (RT 72), as well as the fact that she did not present any evidence on appellant's behalf (RT 73), make a closing argument (RT 75), or make any arguments at sentencing (RT 84). However, as explained by *Cronic* and *Bell*, unless defense counsel did *nothing* for appellant, the claim of ineffective assistance requires a showing of prejudice to succeed.

Here, during the hearing on pretrial motions two days before trial (at the end of which hearing, appellant entered his waiver of jury trial), defense counsel mounted a spirited effort designed to help appellant understand the nature of this prosecution and the benefit of keeping from the jury any evidence of appellant's prior conviction for failure to register under section 290. As we mentioned in footnote two of our Statement of Facts, the record of that hearing shows an obstinate defendant obsessed with misunderstandings of double jeopardy and collateral estoppel. Appellant could not let go of the mistaken idea that his conviction in San Joaquin County for providing false identification, and his parole violation in Santa Clara County for failing to register as a sex offender, amounted to the same thing as being tried and convicted of failing to register as a sex offender. Therefore, in appellant's reasoning, his subsequent prosecution for failure to register in Santa Clara County was barred by double jeopardy. (See RT 10-16.)

7

Defense counsel explained to the court that she had tried to enlighten appellant on this subject, but appellant would not be swayed and insisted on presenting his "defense" at trial:

> Your Honor, my client raised that issue with me the first time that I met him and every time after that that I've met him, and I have investigated myself, personally, the Stockton case to verify whether, in fact, he had been convicted or charged with the failing to register, and I satisfied myself, based upon seeing, I think, the docket as well as having a conversation with the clerk in Stockton that, in fact, he had not been charged with the crime of failing to register but was only charged with the giving the false name.
>
> I had a conversation with his parole officer who indicated to me that it was a violation. I'm unclear if it was based on parole violation or probation violation, but the circumstances substantiating the violation included the failing to register, but I do know that that is not the same as having been convicted of the failing to register. So I have personally satisfied myself that there is not a legal defense to be made, that prosecution is not barred by double jeopardy, notwithstanding that my client has consistently insisted that the defense has to be raised, and, in fact, has today presented a substantial package of written materials that he wants filed with the court basing his objection on the double jeopardy argument.

(RT 9-10.)

The next area of misunderstanding concerned appellant's belief that he should be allowed to argue to the jury that his failure to register was a misdemeanor rather than a felony. (RT 18-23.) Defense counsel again pointed out that she had explained the law to appellant to no avail. (RT 18:13-19.)

Appellant's next disagreement with his attorney concerned her recommendation that he "be permitted to admit [to the court] that he had previously been convicted of the prior 290 thereby eliminating the D.A.'s opportunity to introduce that into evidence, kind of like a 666, and that is based on my assumption that my client is going to be willing to admit that he had previously been convicted of a 290." (RT 25:14-19.) Appellant adamantly insisted that he wanted the jury to hear the basis of his registration requirement.

8

(RT 25-27.) Defense counsel pointed out that she was not suggesting that appellant admit the underlying conviction for indecent exposure, only that he "had previously been convicted of a prior failing to register." (RT 28:12-17.) Appellant again stated his disagreement with that strategy, and counsel stated that appellant's refusal to admit the prior 290 violation was contrary to her recommendation. (RT 28-30.)

When defense counsel then pointed out that, as a result of the court's rulings on the various motion, appellant had neither a legal nor a factual defense, appellant agreed, and again insisted that the only defense he would consider mounting was a "legal" defense based on his misunderstanding of double jeopardy. (RT 30-31.)

Defense counsel then successfully argued her motion to bifurcate the trial on the prior prison term allegation. (RT 32-34.) Appellant interjected that he objected to the bifurcation. (RT 34-36.) Defense counsel responded that the question of bifurcation was not appellant's to decide, but the court reserved its ruling. (RT 36.) Defense counsel also advised the court that appellant was refusing her advice to dress in street clothes. (RT 39.)

In light of defense counsel's extensive efforts to advocate for a client who repeatedly attempted to sabotage those efforts, and the conceded lack of any legal or factual defense to the charge, it cannot be said that counsel abandoned appellant within the meaning of *Bell v. Cone, supra*, 535 U.S. at pp. 696-697, and *United States v. Cronic, supra*, 466 U.S. at p. 659. Accordingly, in order to meet his burden of proving ineffectiveness of counsel, appellant must not only prove counsel's performance fell below an objective standard of reasonableness under prevailing professional norms, but he must show prejudice as well. (*Strickland v. Washington, supra*, 466 U.S. at pp. 688, 694.) Prejudice must be affirmatively shown as a demonstrable reality. Speculation will not suffice. (*People v. Ledesma* (1987) 43 Cal.3d 171, 217.)

There was no ineffectiveness of counsel under the test of *Strickland*. The decision not to give an opening statement does not constitute ineffectiveness. (*People v. Davenport* (1995) 11 Cal.4th 1171, 1237; *People v. Mitcham* (1992) 1 Cal.4th 1027, 1059.) Nor does the decision not to present mitigating evidence, closing argument, or argument at sentencing. (*Bell v. Cone, supra*, 535 U.S. at pp. 697-698.) Appellant has not shown that refraining from cross-examining prosecution witnesses was either incompetent or prejudicial. That decision could well have been appellant's, since, as shown in the pretrial motions hearing two days earlier, he was clearly averse to presenting *any* type of defense if he could not present his double jeopardy defense. "When a defendant makes an ineffectiveness claim on appeal, the appellate court must look to see if the record contains any explanation for the challenged aspects of representation. If the record sheds no light on why counsel acted or failed to act in the manner challenged, 'unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation' [citation], the contention must be rejected." (*People v. Haskett* (1990) 52 Cal.3d 210, 248; citation omitted; accord *People v. Cunningham* (2001) 25 Cal.4th 926, 1003.) Nor has appellant shown prejudice. The case against appellant was straightforward and uncomplicated. Appellant was already in violation of his parole for failing to report to his parole officer, and therefore he was avoiding his registration requirement in order to avoid being arrested for that parole violation; hence the reason for giving a false name to the Stockton police officer who stopped him. Appellant has not met his burden of showing a reasonable probability that cross-examination of the parole officer, the arresting officer, the custodian of records, and the fingerprint examiner would have altered the outcome of this case. Appellant's ineffective assistance claim fails.

# CONCLUSION

Accordingly, respondent respectfully requests that the judgment be affirmed.

Dated: October 24, 2003

                          Respectfully submitted,

                          BILL LOCKYER
                          Attorney General of the State of California

                          ROBERT R. ANDERSON
                          Chief Assistant Attorney General

                          GERALD A. ENGLER
                          Senior Assistant Attorney General

                          MARTIN S. KAYE
                          Supervising Deputy Attorney General

                          */s/ Michael E. Banister*

                          MICHAEL E. BANISTER
                          Deputy Attorney General

                          Attorneys for Respondent

MEB:jkh
SF2003DA0485

DECLARATION OF SERVICE

Case Name: PEOPLE v. STEVE KENT BADUE
Case No.: H025695

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the Bar of this Court at which member's direction this service is made. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On  October 24, 2003 , I placed the attached

RESPONDENT'S BRIEF

in the internal mail collection system at the Office of the Attorney General, 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, for deposit in the United States Postal Service that same day in the ordinary course of business, in a sealed envelope, postage fully prepaid, addressed as follows:

Honorable George Kennedy
District Attorney
Santa Clara County
70 West Hedding Street, West Wing
San Jose, CA 95110

Clerk, Superior Court
Santa Clara County
190 West Hedding Street
San Jose, CA 95110

Alexander Lambrous
Attorney at Law
610 Anacapa Street, Suite 200
P.O. Box 20211
Santa Barbara, CA 93120
(2 copies)

Sixth District Appellate Program
100 N. Winchester Blvd.
Suite 310
Santa Clara, CA 95050

I declare under penalty of perjury the foregoing is true and correct and that this declaration was executed on  October 24, 2003 , at San Francisco, California.

J. HUM