**EXHIBIT 5**



NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 977(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 977(b). This opinion has not been certified for publication or ordered published for purposes of rule 977.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

FILED
APR 19 2004

| | |
|---|---|
| THE PEOPLE, | H025695 |
| Plaintiff and Respondent, | (Santa Clara County Superior Court No. CC241061) |
| v. | |
| STEVE KENT BADUE, | |
| Defendant and Appellant. | |

Defendant Steve Badue appeals from a judgment of conviction entered after the trial court found him guilty of failure to register as a sex offender within five days of his birthday (Pen. Code, § 290, subd. (g)(2)).[1] The trial court also found that defendant had suffered a prior prison term (§ 667.5, subd. (b)). The trial court sentenced defendant to the middle term of two years in prison. On appeal, defendant contends: (1) the trial court failed to obtain his waiver of his right to a jury trial; and (2) defense counsel rendered ineffective assistance by failing to subject the prosecution's case to any meaningful adversarial testing. For the reasons stated below, we affirm.

---

[1] All further statutory references are to the Penal Code.

## I. Statement of Facts

In October 1993 and September 1995, defendant was convicted of misdemeanor indecent exposure. (§ 314, subd. (1).) In November 1998, he was convicted of felony failure to register as a sex offender. (§ 290, subd. (g)(2).) Defendant served terms in county jail for these convictions. On January 6, 2000, defendant was convicted of possession of cocaine. (Health & Saf. Code, § 11350, subd. (a).) Following his release from prison, he registered as a sex offender on June 18, 2001.[2] Defendant violated the terms of his parole, and he was returned to prison. When defendant was released again, he did not report to his parole officer. Defendant also did not register after his birthday on January 4, 2002.

On March 6, 2002, a police officer stopped defendant in San Joaquin County and asked him his name. Defendant gave him a false name and birthday. After the officer was unable to obtain information in the computer system based on this name, he questioned defendant further. Defendant told the officer that his mother, who lived nearby, could verify his name. The officer went to defendant's mother's house. She told him defendant's correct name and birthday. The officer then arrested defendant.

## II. Discussion

### A. Waiver of Right to Jury Trial

Defendant contends that the trial court failed to obtain his waiver of his right to a jury trial. After defendant's opening brief was filed, the record was augmented with the reporter's transcript of the proceedings on February 3, 2003. The transcript establishes that the trial court obtained defendant's express waiver of a jury trial. Thus, this contention has no merit.

---

[2] Defendant had previously registered as a sex offender on September 16, 1999, and June 4, 1999. The sex-offender registration forms required defendant to sign the form, register within five days of his release from custody, and re-register annually on his birthday.

## B. Ineffective Assistance of Counsel

Defendant next contends that defense counsel failed to subject the prosecution's case to meaningful adversarial testing, thereby depriving him of his Sixth Amendment right to counsel.

"[T]he adversarial process protected by the Sixth Amendment requires that the accused have counsel acting in the role of an advocate. The right to the effective assistance is thus the right of the accused to require the prosecution's case to survive the crucible of meaningful adversarial testing. When a true adversarial criminal trial has been conducted – even if defense counsel may have made demonstrable errors – the kind of testing envisioned by the Sixth Amendment has occurred. But if the process loses its character as a confrontation between adversaries, the constitutional guarantee is violated." (*United States v. Cronic* (1984) 466 U.S. 648, 656-657, internal citation and quotation marks omitted.) The *Cronic* court identified three situations involving a breakdown of the adversarial process: (1) where there had been a "complete denial of counsel" (*id.* at p. 659); (2) where "counsel entirely fail[ed] to subject the prosecution's case to meaningful adversarial testing" (*ibid.*); and (3) where counsel was forced to represent a defendant under circumstances which a competent counsel could not do (*id.* at pp. 659-662). Under these circumstances, a defendant need not show prejudice. (*Id.* at pp. 658-659.)

Defendant contends the instant case falls within the second situation, because "[a]t every stage of the present proceedings, defense counsel abdicated her responsibilities as an advocate and effectively abandoned her client." He points out that defense counsel gave no opening statement, did not cross-examine prosecution witnesses, did not present any evidence on his behalf, did not make a closing argument, and did not make any arguments at sentencing.

After carefully reviewing the record, we cannot conclude that defense counsel "entirely fail[ed] to subject the prosecution's case to meaningful adversarial testing."

(*Cronic, supra*, at p. 659.) As the court explained in *Bell v. Cone* (2002) 535 U.S. 685, 696-697, "[w]hen we spoke in *Cronic* of the possibility of presuming prejudice based on an attorney's failure to test the prosecutor's case, we indicated that the attorney's failure must be complete." Here the record of the hearing on pretrial motions places defense counsel's conduct at trial in context.

Defense counsel's efforts were severely limited by defendant's mistaken belief that his conviction in San Joaquin County for providing false identification, and his parole violation in Santa Clara County for failing to register as a sex offender, precluded his being tried and convicted in Santa Clara County for failing to register. Defense counsel stated that she had explained repeatedly to defendant that she had investigated the matter and verified that he had not been convicted of failing to register in San Joaquin County, and that his parole violation did not constitute a conviction, and thus the instant prosecution was not barred by double jeopardy. Defendant was unable to accept counsel's explanations.

Defendant also mistakenly believed that he should be allowed to argue to the jury that his failure to register was a misdemeanor rather than a felony. Defense counsel stated that she had already explained the law to defendant.

Defense counsel intended to request that defendant be allowed to admit that he had previously been convicted of failing to register, thereby preventing the prosecutor from introducing evidence on that issue. Defendant, however, insisted that the jury hear the basis for his registration requirement. Defense counsel clarified for defendant that she was not requesting that he admit his prior conviction for indecent exposure, but that he admit that he "had previously been convicted of a prior failing to register." When defendant refused to admit the prior conviction, defense counsel noted that it was contrary to her recommendation.

Defendant agreed with defense counsel's statement that he had neither a legal nor a factual defense as a result of the trial court's rulings. However, he continued to

claim that his only defense was based on double jeopardy, and thus his only strategy was an appeal. As he explained, "I do not have a double jeopardy defense, there is no other defense. Let's have the jury have all the prosecution's statements and prior convictions and everything else and let the jury decide, then I can appeal, and that sounds realistic."

Defense counsel then successfully argued her motion to bifurcate the trial on the prior prison term allegation. However, defendant objected to the bifurcation. When defense counsel noted that the question of bifurcation was not defendant's decision, the trial court reserved its ruling. Defense counsel also pointed out that she had recommended that defendant wear street clothes for trial and had offered to obtain them. Defendant, however, wanted to wear jail clothes at trial.

As the court noted in *Cronic, supra*, 466 U.S. at p. 657, fn. 19, "the Sixth Amendment does not require that counsel do what is impossible or unethical. If there is no bona fide defense to the charge, counsel cannot create one and may disserve the interests of his client by attempting a useless charade." Since the record reflects that defense counsel made repeated attempts to protect defendant's interests and to ensure that the prosecution met its burden of proof, defendant's Sixth Amendment right to counsel was not violated.

### III. Disposition

The judgment is affirmed.

_____
Mihara, J.

WE CONCUR:

_____
Bamattre-Manoukian, Acting P.J.

_____
Wunderlich, J.

*People v. Badue*
H025695

ORAL ARGUMENT CALENDAR

COURT OF APPEAL, SIXTH APPELLATE DISTRICT
333 WEST SANTA CLARA, #1060
SAN JOSE, CA 95113

THURSDAY, MARCH 18, 2004                                                01:30 PM

| CASE NO | TITLE | | ATTORNEY |
|---|---|---|---|
| 1  H025695 | THE PEOPLE, Plaintiff and Respondent, v. STEVE KENT BADUE, Defendant and Appellant. | 00:00 [T] 00:03 | Banister, Michael E., Deputy A.G. Lambrous, Alexander * Phone: 805-682-7179 |
| 2  H025792 | THE PEOPLE, Plaintiff and Respondent, v. RUSTY DAVID SCOTT, Defendant and Appellant. | [T] 00:05 00:10 | Chacon, Rene A., Deputy A.G. Phone: 415-703-5957 Martin, David D. * |
| 3  H025582 | THE PEOPLE, Plaintiff and Respondent, v. ANTHONY LEE SMITH, Defendant and Appellant. | 00:00 00:10 | Pirozzi, Michelle J., Deputy A.G. Janecki, Andrew C. * |