IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| STEVE BADUE,  )<br>         )<br>    Petitioner,   )<br>         )<br> vs.       )<br>         )<br>R WATKINS, Parole Agent,  )<br>         )<br>    Respondent.   )<br>_____ ) | No C 07-4612 VRW (PR)<br><br>ORDER GRANTING<br>MOTION TO DISMISS<br><br>(Doc # 16) |

Petitioner seeks a writ of habeas corpus under 28 USC § 2254. Per order filed on January 10, 2008, the court noted that the petition appears untimely and ordered respondent to move to dismiss the petition on the ground that it is untimely or otherwise inform the court that respondent is of the opinion that a motion to dismiss is unwarranted in this case. Respondent promptly filed a motion to dismiss the petition as untimely under 28 USC § 2244(d). Petitioner filed an opposition before respondent filed the motion to dismiss.

## BACKGROUND

Petitioner was convicted of failure to register as a sex offender after a court trial in Santa Clara County superior court. The trial court also found that petitioner had suffered a prior prison term and, on March 6, 2003, sentenced him to the middle term of two years in state prison.

|   |   |
|---|---|
| 1 | On April 19, 2004, the California Court of Appeal affirmed the judgment of the trial court. Petitioner did not seek review in the Supreme Court of California. |
| 4 | On July 23, 2007, petitioner filed a petition for a writ of habeas corpus in the Supreme Court of California. It was denied on August 15, 2007. |
| 6 | On September 6, 2007, petitioner filed the instant petition for a writ of habeas corpus under 28 USC § 2254. |

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996 and imposed for the first time a statute of limitation on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 USC § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. Id § 2244(d)(2).

A state prisoner with a conviction finalized after April 24, 1996, such as petitioner, ordinarily must file his federal habeas petition within one year of the date his process of direct review came to an end. See Calderon v United States

District Court (Beeler), 128 F3d 1283, 1286 (9th Cir 1997), overruled in part on other grounds by Calderon v United States District Court (Kelly), 163 F3d 530 (9th Cir 1998) (en banc). Here, because petitioner did not seek review from the Supreme Court of California after the California Court of Appeal affirmed the judgment of the trial court on April 19, 2004, petitioner's process of direct review came to an end on May 29, 2004, when the time allotted for seeking review from the state high court expired. The one-year limitation period accordingly began running against petitioner the next day, May 30, 2004. See Smith v Duncan, 297 F3d 809, 812-13 (9th Cir 2002) (limitation period began running day after time to seek discretionary review of California Court of Appeal's decision in the Supreme Court of California expired, which was 40 days after the Court of Appeal filed its opinion) (citing Cal Rules of Court 24(a), 28(b), 45(a); Cal Civ Proc Code § 12a). The instant petition was not filed until September 6, 2007, however.

Section 2244(d)(2) tolls the one-year limitation period for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 USC § 2244(d)(2). Unfortunately for petitioner, by the time he filed his first post-appeal state habeas petition on July 23, 2007, the one-year limitation period had already expired on May 30, 2005.[1] A state habeas petition filed after AEDPA's statute of limitation ended cannot toll the limitation period under § 2244(d)(2). See Ferguson v Palmateer, 321 F3d 820, 823 (9th Cir 2003); Jiminez v Rice, 276 F3d

---

[1] Although petitioner filed several pre-conviction habeas petitions in the state courts, he is not entitled to tolling under § 2244(d)(2) for the more than three years that transpired before he filed his final state habeas petition on July 23, 2007. See Evans v Chavis, 546 US 189, 197 (2006) (rejecting interval tolling for gaps of more than the 30 to 60 days that most states provide for filing an appeal to the next level of review).

478, 482 (9th Cir 2001). Section 2244(d)(2) cannot "revive" the limitation period once it has run (ie, restart the clock to zero); it can only serve to pause a clock that has not yet fully run. "Once the limitations period is expired, collateral petitions can no longer serve to avoid the statute of limitations." Rashid v Kuhlmann, 991 F Supp 254, 259 (SDNY 1998).

Petitioner is not entitled to equitable tolling either. He has set forth no basis whatsoever to justify that this "extraordinary exclusion" should apply to him. Miranda v Castro, 292 F3d 1063, 1065 (9th Cir 2002) (petitioner bears burden of showing that equitable tolling should apply to him). The federal petition filed on September 6, 2007 is untimely.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss the petition as untimely (doc # 16) is GRANTED.

The clerk shall enter judgment in favor of respondent, terminate all pending motions as moot, and close the file.

SO ORDERED.

_____
VAUGHN R WALKER
United States District Chief Judge

G:\PRO-SE\VRW\HC.07\Badue, S2.or2.wpd

4